```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA
     - - - - - - - - - - - - - - - - x
     THE UNITED STATES OF AMERICA,
                                              Criminal Action No.
                    Plaintiff,                1:21-cr-00038-CRC-1

                                              Thursday, March 4, 2021
     vs.                                      10:06 a.m.

     RICHARD BARNETT,

                    Defendant.
     - - - - - - - - - - - - - - - - x
     _____
                       TRANSCRIPT OF STATUS HEARING
          HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                       UNITED STATES DISTRICT JUDGE
     _____
     APPEARANCES:
     For the United States:       **NICOLE E. MCCLAIN, ESQ.**
                                  **MARY LYLE DOHRMANN, ESQ.**
                                  U.S. ATTORNEY'S OFFICE FOR D.C.
                                  555 Fourth Street, NW
                                  Washington, DC 20530
                                  (202) 252-7848
                                  nicole.mcclain@usdoj.gov

     For the Defendant:           **ANTHONY J. SIANO, ESQ.**
                                  333 Westchester Avenue
                                  Suite 302s
                                  White Plains, NY 10604
                                  914-997-0100
                                  tonysiano@aol.com

                                  **JOSEPH McBRIDE ESQ.**
                                  **STEVEN METCALF, ESQ.**
                                  **MARTIN TANKLEFF, ESQ.**

     Court Reporter:              Lisa A. Moreira, RDR, CRR
                                  Official Court Reporter
                                  U.S. Courthouse, Room 6718
                                  333 Constitution Avenue, NW
                                  Washington, DC  20001
                                  202-354-3187


     Proceedings recorded by mechanical stenography; transcript
     produced by computer-aided transcription
```

```
 1                    P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  Your Honor, we're on the
 3   record for Criminal Case 21-38, United States of America vs.
 4   Richard Barnett.
 5              Counsel, identify yourselves for the record.
 6              MS. McCLAIN:  Good morning, Your Honor; Nicole
 7   McClain for the United States.
 8              THE COURT:  Good morning, Ms. McClain.
 9              MS. DOHRMANN:  And good morning, Your Honor; Mary
10   Dohrmann on behalf of the United States.
11              THE COURT:  Good morning.
12              MR. SIANO:  Good morning, Your Honor; Anthony
13   Siano.
14              MR. McBRIDE:  Good morning, Your Honor; my name is
15   Joseph McBride of the McBride Law Firm.  Nice to meet you.
16              MR. TANKLEFF:  Good morning, Judge Cooper; Martin
17   Tankleff, Metcalf & Metcalf in Manhattan, New York.
18              MR. METCALF:  Good morning, Your Honor; Steven
19   Metcalf from Metcalf & Metcalf.
20              Good morning, Counsel.  Good morning, Your Honor.
21              THE COURT:  So I have the full corps press this
22   morning, I see.
23              Mr. Tankleff?
24              MR. TANKLEFF:  Yes, Your Honor.
25              THE COURT:  Are you familiar with the Miller
```

1    Cassidy firm?
2             MR. TANKLEFF:  I am.  I am, yes, Miller, Cassidy,
3    Larocca & Lewin, yes, Your Honor.
4             THE COURT:  So I was a former member of that firm,
5    and I recall your name.  I didn't do any work with you, but
6    you were legendary at that place.
7             MR. TANKLEFF:  Thank you.  I'm still friends with
8    Steve Braga, Barry Pollack, Jennifer O'Connor, I think all
9    attorneys that you probably worked with at Miller Cassidy
10   and maybe even Baker Botts.
11            THE COURT:  Good.  Well, good to meet all of you
12   folks.
13            And Mr. Barnett, are you with us?
14            You may be muted, Mr. Barnett.
15            We may have lost Mr. Barnett, who is obviously the
16   reason we're all here this morning.
17            (Pause)
18            THE COURTROOM DEPUTY:  Mr. Barnett?
19            THE DEFENDANT:  Yes.
20            THE COURT:  Thank you for joining us again.
21            Good morning, Mr. Barnett.  This is Judge Cooper.
22   Can you hear me?
23            THE DEFENDANT:  Good morning.  Yes, I can hear
24   you.
25            THE COURT:  Okay.  Just like last time, we would

1    obviously usually do this in person, but due to the pandemic
2    we are proceeding remotely.  Are you okay with proceeding
3    via telephone this morning?
4            THE DEFENDANT:  Yes.  That's fine.
5            THE COURT:  Okay.  Very well.  If you could mute
6    your phone unless we need to hear from you, that would be
7    very helpful.
8            THE DEFENDANT:  Okay.  I'll mute now.
9            THE COURT:  Thank you, sir.
10           All right.  Before I hear from the government on
11   the status, there are some representational issues.  I
12   understand that I should expect at least two, maybe more,
13   pro hac motions; is that correct?
14           MR. McBRIDE:  Yes, Judge.  Good morning.  So
15   Martin Tankleff and myself both have our actual full
16   applications pending before the Court.  We can petition the
17   Court for -- you know, for pro hac vice admission at this
18   time, if it pleases Your Honor.  I figured I'd defer to you
19   regarding that matter.
20           THE COURT:  So, I'm sorry, you have applications
21   pending to join the bar on a -- this court's bar on a
22   permanent basis, or you have pro hac applications pending?
23           MR. McBRIDE:  Mr. Tankleff and myself have
24   applications for permanency with regard to the bar, Your
25   Honor.

1    THE COURT:  Okay.  And what about you,
2    Mr. McBride?
3        MR. McBRIDE:  This is Joseph McBride, Judge.
4        THE COURT:  And are you intending to join the bar
5    of the court either on a pro hac basis or a permanent basis?
6        MR. McBRIDE:  Yes, Judge, I am intending to join
7    the bar on a permanent bases.  My application -- my entire
8    application for permanent admission is pending at this time.
9        THE COURT:  So that's true for all three of you
10   then?
11       MR. McBRIDE:  It's true for myself and
12   Mr. Tankleff.
13       THE COURT:  Okay.  And Mr. Metcalf, what about
14   you?
15       MR. METCALF:  My application is not complete, Your
16   Honor.  I was awaiting a sponsorship application.  There's
17   an affidavit that I have not been able to secure at this
18   time; so my application is not completed at this time, Your
19   Honor.
20       THE COURT:  Okay.  But all three of you intend on
21   representing the defendant in this matter?
22       MR. McBRIDE:  Correct.
23       MR. METCALF:  Yes, Your Honor --
24       MR. TANKLEFF:  Yes, Your Honor.
25       MR. METCALF:  -- with Mr. McBride taking the lead.

1         MR. TANKLEFF:  And for the record, Your Honor, my
2  application has been in since the second week of February.
3         THE COURT:  All right.  I will inquire with the
4  clerk's office and see if we can expedite matters, but I
5  will permit you to appear today on a provisional basis,
6  okay?
7         MR. McBRIDE:  Thank you, Your Honor.
8         THE COURT:  All right.  Ms. Dohrmann or
9  Ms. McClain, where are we?
10        MS. McCLAIN:  Yes, Your Honor.  And so at this
11 time I believe there is going to be a change in counsel in
12 this case, and so I have communicated with Mr. McBride about
13 the status of things, namely the status of discovery.  I had
14 sent over to Mr. Siano a proposed protective order in this
15 case for discovery that he was going to share with his
16 client and speak to his client about entry of that order.  I
17 imagine now Mr. McBride and Mr. Tankleff and Mr. Metcalf
18 will want to review that protective order and speak about it
19 with Mr. Barnett.
20        We have provided some discovery informally in this
21 case, specifically through the U.S. Attorney's Office in
22 Arkansas.  The government is still undertaking this massive
23 effort to gather discovery in this and all of the Capitol
24 riot cases.
25        What the government is going to ask for today is

1       for a continuance of 60 days to gather discovery, discuss
2       the protective order, and for the new attorneys in the case
3       to get up to speed on what has been done in the case and
4       turned over so far in Mr. Siano's file.
5                    THE COURT:  Okay.  Just a couple of questions.
6                    On the protective order, I have not seen one
7       entered in any of the January 6th cases that I'm presiding
8       over.  Where is the government on finalizing a protective
9       order?  Because it seems to me that that's potentially
10      holding up the provision of discovery.
11                   MS. McCLAIN:  So we have a finalized order now,
12      which we have provided to counsel.  We have sent that order
13      over to the federal public defender's office, who has
14      commented and has disagreed with some of the provisions of
15      the order, and so our supervisors are working with the
16      federal public defender's office to hopefully get an order
17      that the federal public defender's office will agree to.
18                   But we do have a finalized order.  If Mr. McBride
19      and Mr. Tankleff and Mr. Metcalf don't have any objection to
20      the order that we have, we have one that we can put into
21      place.
22                   THE COURT:  Okay.  Well, I will leave that to you
23      all or to the defense to decide.  Obviously, without a
24      protective order, you can't get the discovery, and that
25      slows things up.  I trust that the U.S. Attorney's Office

1    and the federal public defender's office are working as
2    cooperatively and as efficiently as they can.
3               And the last time we were here no plea offer had
4    been extended.  Is that still the case?
5               MS. McCLAIN:  That is still the case, Your Honor,
6    and that is still the case in all January 6th cases.
7               THE COURT:  Okay.  Just out of curiosity, what is
8    the government's estimate of the guidelines range for the
9    dangerous weapons charge here, assuming no criminal history;
10   or have you done that calculation?
11              MS. McCLAIN:  I have not done that calculation.  I
12   know that Mr. Barnett here does not have a criminal history,
13   but I can, if you give me one second, give you that
14   information.
15              THE COURT:  Okay.  That charge will drive the bus
16   here, I take it.
17              MS. McCLAIN:  I think, Your Honor, the highest
18   guidelines charge is the 1512(c) here.
19              (Pause)
20              MS. McCLAIN:  And my colleague is telling me, as I
21   pull this up, that she believes that the 1512(c) is a Base
22   Offense Level 14.  I'm just -- we do have some guidance on
23   that that I'm just trying to pull up.  I don't think that
24   probation has dealt with these particular sets of charges
25   yet.

1         THE COURT: But Base 14 is what you believe?
2         MS. McCLAIN: Yes.
3         So for the -- yes, for the 1512, it's going to be
4    the highest offense level here. It, I believe, is going to
5    be a base offense level of 14. The maximum sentence on the
6    1512 is a 20-year term of imprisonment and $250,000 fine.
7         THE COURT: Okay. But 14, Level 1.
8         MS. McCLAIN: Yes.
9         THE COURT: Okay.
10        MS. McCLAIN: There's plus eight levels if the
11   offense involved -- if the offense involved threatening to
12   cause physical injury.
13        THE COURT: And is the government in a position to
14   anticipate whether it would seek enhancements based on
15   specific offense characteristics?
16        MS. McCLAIN: I'm not in a position to say that
17   now, Your Honor. But this case does involve the carrying of
18   a weapon, and so the government also has to look at how that
19   plays into the guidelines here.
20        I'm looking at the guidelines for 18 USC
21   1752(a)(1). The base offense level on that appears to be a
22   6, but that is only -- that is without the enhancement that
23   is charged here for carrying a dangerous weapon, so that is
24   not going to be the base offense level in our --
25        THE COURT: All right. So it's a misdemeanor but

```
1    for the dangerous weapon?
2              MS. McCLAIN:  Exactly, Your Honor.
3              THE COURT:  Okay.  All right.  Just trying to
4    figure out what we got.
5              Ms. Jenkins, 60 days?
6              THE COURTROOM DEPUTY:  May 4th at 11:00 a.m.?
7              THE COURT:  Counsel, May 4th at 11:00 a.m.?  Does
8    that work for you?
9              MR. McBRIDE:  One moment.  That works for me, yes.
10             THE DEFENDANT:  I'm sorry, I need a sidebar with
11   my counsel.  That doesn't work for me.  I need a sidebar.
12             MR. METCALF:  Richard, this is Steven Metcalf.
13             THE DEFENDANT:  I need a sidebar.  I need a
14   sidebar.
15             MR. METCALF:  Listen, this is a date wholly
16   separate from any application for bail, so just hang tight.
17   We're going to hash out everything that we need to with the
18   Court right now.  There are a couple of other issues that we
19   need to address, and we will speak to you as soon as you
20   give us a call back today.  Did you hear me?
21             THE DEFENDANT:  Yes, I understand, but I've been
22   here a long time.  I've been here a month, and they're going
23   to set it for another month, and everybody else is getting
24   out.
25             MR. METCALF:  Richard --
```

1        THE COURT: Okay.
2        MR. METCALF: -- I'm asking you to just hang
3    tight. We're going to address a couple of other matters.
4        THE DEFENDANT: I don't agree with this date.
5    It's not fair.
6        MR. McBRIDE: So, Mr. Barnett --
7        THE COURT: All right. Counsel, let me cut this
8    short, okay?
9        THE DEFENDANT: I'm on the phone. I can't have a
10   sidebar with my attorney. It's not fair.
11       THE COURT: Counsel, why don't we take five.
12       THE DEFENDANT: We need to start doing this in
13   person.
14       THE COURT: Mr. Barnett, hold on, sir. We're
15   going to take five, and one of you can step into another
16   room and contact Mr. Barnett. Is that possible?
17       MR. METCALF: I don't know if that's possible,
18   Your Honor.
19       THE COURT: All right. Since --
20       THE DEFENDANT: It is possible. We've done it
21   before.
22       THE COURT: Hold on, sir. Sir, hold on. Hold on.
23   Here's what we're going to do. Since we can't connect you
24   to your attorneys for an ex parte conversation right now,
25   the Court will set a date for a further status on May 4th at

```
 1    11:00 a.m.
 2              THE DEFENDANT:  Oh, no, sir.
 3              THE COURT:  In the meantime, sir, if your
 4    counsel --
 5              THE DEFENDANT:  I have a phone number right here.
 6    He can call me.  He's done this before.  I've got a phone
 7    number right here he can call me on.
 8              MR. METCALF:  Judge, I'll take the number.
 9              THE COURT:  All right.  Take the number.  Speak to
10    your client, and then we'll reconvene in five minutes.
11              THE DEFENDANT:  The government keeps dragging this
12    out and letting everybody else out --
13              MR. METCALF:  Richard, I am advising you to just
14    stop.
15              THE DEFENDANT:  (646) 828-7666.  (646) 828-7666.
16              MR. METCALF:  646 area code?
17              THE DEFENDANT:  646 area code, 828-7666.  I need
18    help.  I need help.  I need a sidebar or a phone call.  The
19    judge is on.  I can't --
20              THE COURT:  All right.  We're going off the
21    record.  Let's pause the Zoom call.
22              Counsel, step out and call your client.
23              (Discussion off the record)
24              (Recess taken)
25              THE COURTROOM DEPUTY:  Okay.  Mr. Metcalf, we are
```

1     back on the record.  Talk to me.  Are we fine for May 4th?
2                 MR. McBRIDE:  Yes, Judge.
3                 THE COURT:  And have you discussed speedy trial
4     waiver with your client?
5                 MR. McBRIDE:  Yes, Judge.  My client understands.
6                 Judge, there is -- I just -- Mr. Siano, will you
7     be turning over the file to us and the minutes?
8                 MR. SIANO:  I'll be turning over all the material
9     I've received from the government, the source of which is in
10    Arkansas, and I will be speaking electronically with that
11    prosecutor to give you the access key.  So you'll have
12    everything I have in terms of --
13                THE COURT:  Counsel, I trust that you all will
14    uphold your professional responsibilities and transfer
15    whatever materials that are required.
16                Counsel, if not, if you feel that you have not
17    received all of the discovery, just please work with Ms.
18    McClain and Ms. Dohrmann, and they will, I'm sure, get you
19    everything that you're entitled to either directly or
20    through the authorities in Arkansas, all right?
21                MR. McBRIDE:  Okay.  Thank you, Judge.
22                All right.  So with that, the Court will continue
23    this matter for a further status on May 4th at 11:00 a.m.
24    The Court will exclude the time between now and then from
25    the otherwise applicable speedy trial calculations in the

1   interests of justice to enable the defense and the
2   government to work together on a protective order and for
3   the government to continue to compile the discovery in this
4   case and to provide it to the defense.
5              All right.  And so I take it from the prior
6   conversation that I should expect a bail modification
7   motion?
8              MR. McBRIDE:  That is correct, Judge.
9              THE COURT:  Okay.  Well, I will leave it for you
10  all to file, and obviously we'll do it all on the papers.
11  And once I get everything, we'll schedule a hearing on that,
12  all right?
13             Anything else?
14             MR. McBRIDE:  No, Judge.  Thank you very much.
15             THE COURT:  From the government?
16             MS. McCLAIN:  No, Your Honor, not from the
17  government, except that as Your Honor knows this will be my
18  final hearing in this case.  I'll speak with Mr. McBride and
19  Mr. Metcalf about that, and AUSA Mary Dohrmann will be
20  remaining on the case.
21             THE COURT:  Okay.  All right.  If there's nothing
22  else, the Court will stand in recess, and we'll see you back
23  here on May 4th, if not before.  Have a good day.
24             MR. TANKLEFF:  Thank you, Your Honor.
25             MS. DOHRMANN:  Thank you, Your Honor.

(Whereupon the hearing was concluded at 10:39 a.m.)

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

**NOTE:** This hearing was held during the COVID-19 pandemic stay-at-home restrictions and is subject to the technological limitations of court reporting remotely.

Dated this 4th day of March, 2021.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001