UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | Criminal No. 21-38 (CRC) |
| | : | |
| **RICHARD BARNETT,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND MOTION FOR A HEARING

The defendant asks the Court to lift the requirement that he receive Court permission before traveling more than fifty miles for employment, as well as to allow him to stay overnight 215 miles away from his home on Friday, June 18, 2021 ("Def.'s Mot."). Yet, the defendant has not demonstrated a need for this travel and, as detailed below, his conduct thus far on pretrial release indicates his conditions should be increased, not decreased. Consequently, the government requests that the defendant's motion be denied and that the Court set a hearing regarding his conditions.

The government has previously filed two memoranda setting forth the defendant's conduct leading up to and on January 6, 202, his history and characteristics, and the danger to the community posed by the defendant, so we will not repeat them here.[1]

The government has consistently opposed the defendant's release on the ground that the defendant poses a danger to the community due to his dangerous and obstructive conduct of

---

1   The government hereby incorporates by reference the facts and arguments contained in its Memorandum in Support of Pretrial Detention, ECF No. 12, and its Memorandum in Opposition to the Defendant's Motion for Modification of Bail to Place Defendant on Conditional Release Pending Trial, ECF No. 27, as well as the exhibits attached thereto.

carrying a dangerous weapon into the U.S. Capitol during a constitutional proceeding. In its most recent memoranda on the subject, the government noted three specific prospective dangers posed by the defendant's release: "first, that he will create and contribute to dangerous and volatile situations, specifically by bringing dangerous weapons, where in fact such weapons are banned or restricted for public safety reasons; second, that he will use weapons, intimidation, or physical presence to halt legitimate government functions as a soldier in the 'war' he believes is currently underway in the United States; third, that he will use the platform he has cultivated for himself to incite others to violent or obstructive conduct." ECF No. 27, at 15–16. Citing the D.C. Circuit's decision in *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021), the Court determined that home detention with conditions, including Court approval for travel more than fifty miles from his residence, was the least restrictive means to ensure the safety of the community. *See* Order Setting Conditions of Release, ECF No. 29. The defendant was released on April 27, 2021.

On June 11, 2021, the defendant filed a letter with the Court requesting that he be allowed to travel more than fifty miles from his home, ostensibly for employment, without prior Court approval, and that he further be allowed to stay overnight 215 miles away from his home on June 18, 2021, for a car show (referred to by the defendant as a "swap meet"). The letter states that the defendant's primary source of income is "buying and selling classic cars" which requires that he travel more than fifty miles from his home to "buy inventory that he must inspect, appraise, negotiate, and purchase in person." Def.'s Mot. at 1. The letter further says that "travel for work is crucial to his ability to pay his bills, provide for his family, and fund his legal defense." Def.'s Mot. at 1. According to the defendant's letter and counsel's statements in Court, the defendant's Pretrial Services Officer Rachel Roisen-Avant "supports" the request. Def.'s Mot. at 1. On June

2

14, 2021, a report was filed with the Court indicating the defendant had been compliant with the terms of his release. Pretrial Services Report, dated June 14, 2021, ECF No. 34. At a hearing on June 15, 2021, the government orally opposed the defendant's motion, and the Court invited the government's response by June 17, 2021.

Government counsel spoke with PSO Roisen-Avant, which shed further light on the defendant's pretrial release so far:[2]

The defendant has displayed a notable lack of caution as to his conditions of release. As has been noted, the defendant lives on a large property. While on home detention, he has been permitted full reign of that property (rather than being restricted to the home itself), which purportedly enables him to work on classic cars. Taking advantage of that permission, the defendant held a birthday party on his property. Local law enforcement has been called by third parties to the defendant's home twice, for unverified reasons, as Pretrial Services was not notified through the usual law enforcement channels, and no police reports were taken. On a different occasion, a police report was taken in a different county from an individual claiming the defendant harassed him in connection with a business deal, but the matter was deemed a civil dispute. Finally, the defendant appeared on Russian State Television with his attorney this week, and, evidently, when asked whether he would do it again, responded, "I exercise my First Amendment rights every hour, every minute, and every day, and I will never stop." *See* https://www.thedailybeast.com/capitol-rioter-who-raided-pelosis-office-makes-kremlin-tv-debut-ahead-of-putin-summit (last accessed on June 17, 2021). But the defendant's conduct—bringing

---

[2] As a preliminary matter, the defendant's PSO noted that she did not support or join the defendant's request, as has been stated by the defense, but, rather, takes no position (although she noted greater logistical concerns regarding the request for an overnight stay, as detailed below).

3

a stun gun into the U.S. Capitol during a riot, stealing congressional property, obstructing Congress, threatening congresspersons, antagonizing law enforcement officers, and touting violence—is not protected First Amendment activity.

During the defendant's release, Pretrial Services has routinely granted his requests to travel within fifty miles of his home for ostensible employment needs, but given the nature of his activities, verification is difficult.  So far, the following have been submitted by the defendant as reasons to travel from his home: buying and selling classic cars; a joint venture acquiring and managing rental properties across the state; and selling home décor.  The defendant has also set up a website soliciting donations for his legal defense.  *See* https://www.bigobarnett.com (last accessed on June 17, 2021).  In exchange for a donation of $25, the defendant will email the donor a copy of "his court filing that resulted in his release."  For $100, he will "send [the donor] a picture of him with his feet up on a desk while on house arrest."[3]

During his release, the defendant has pushed the envelope by asking Pretrial Services, rather than the Court, to approve travel more than fifty miles away from his residence—despite the Court's clear condition that such travel requires prior Court approval.  Earlier in his supervision, due to an error by the PSO, the defendant received approval to travel to a car show taking place more than fifty miles away.  Before filing the instant request with the Court, the defendant again asked Pretrial Services for approval rather than the Court.  Indeed, it appears the only reason the defendant filed this motion at all is because his PSO would not accommodate another improper request.

---

3    The website previously offered to send an autographed copy of the picture taken of him by the press in Speaker Pelosi's Office, which would seem to be protected by copyright.

The defendant has not demonstrated a need for the relaxed conditions he requests. He lives within fifty miles of four of the ten most populous cities in Arkansas, not to mention the states of Missouri and Oklahoma. He appears to have multiple existing or potential income streams, all of which can be primarily maintained at his own property or on the internet. Furthermore, further loosening his restrictions in a way that allows him to be away from his residence for longer and in more remote areas would unduly increase the danger he poses to the community. An overnight stay presents even greater logistical concerns. Pretrial Services has noted that the GPS monitor retains a charge for only a maximum of 48 hours, and often less time than that. Accordingly, she recommends the monitors be charged every 24 hours. While it is possible to work around the monitor's charging constraints, it would be labor and resource intensive.

In sum, the defendant's compliance has been questionable, and the defendant's chosen employment activities make verification—in other words, ensuring the safety of the community—difficult. Ultimately, this reality does indeed suggest a different set of conditions, but not the one the defendant proposes. Rather, the government would propose the following in addition to the requirements already enumerated, including the requirement that he receive Court permission for travel more than fifty miles outside of his home, to include:

1. Restriction to remain inside of his residence (not elsewhere on his property) except during business hours, 9 a.m. to 5 p.m.; and

2. Requirement to report all funds received from any source, including any spousal income, to Pretrial Services.

These conditions will enable Pretrial Services and the Court to better assess his compliance as well as any future requests for employment-related travel.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion to modify conditions of release, and that the Court set a hearing to address the defendant and advise him of the new conditions proposed above.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By:   /s/ Mary Dohrmann
MARY L. DOHRMANN
NY Bar No. 5443874
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office for D.C.
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
E-mail: Mary.Dohrmann@usdoj.gov
Telephone: (202) 252-7035