**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | **Criminal No. 21-38 (CRC)** |
| | : | |
| **RICHARD BARNETT,** | : | |
| | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION IN PART TO DEFENDANT'S MOTION TO EXTEND**
**PRETRIAL MOTION DATES AND FOR UNENCUMBERED ACCESS TO**
**DISCOVERY**

Without prior consultation with the government, the defense asks the Court to give the

defendant, as opposed to his counsel, "unencumbered access" to discovery databases containing

voluminous and often extremely sensitive materials pertaining to the events of January 6, 2021.

Motion to Extend Pretrial Motion Dates and for Unencumbered Access to Discovery ("Def.'s

Mot."), ECF No. 51 (filed Mar. 18, 2022), at 1.[1]  The defense also asks that the deadlines for

suppression and pretrial motions, March 18, 2022, and April 29, 2022, respectively, be extended

by 45 days.  For the reasons set forth below, the government opposes the request regarding

discovery, but does not oppose an extension of 30 days for the two deadlines referenced.

Since October 18, 2021, all Capitol Siege defense counsel have been able to request a

license from FPD to view voluminous amounts of video footage we have shared to FPD's instance

of evidence.com.  Defense counsel's license enables counsel to use evidence.com to share videos

---

1  As a preliminary matter, the government addresses the defendant's erroneous and misleading
assertion that "[t]housands of files are indiscriminately dumped each time there is a discovery
update."  Def.'s Mot. at 1.  To the contrary, every production is accompanied by a letter
explaining the production and a detailed index; and the materials being produced have prioritized
those most sought by defense counsel.

with clients who are on pretrial release, subject to the terms of the protective order concerning

videos designated as sensitive or highly sensitive.[2]   The government has even agreed to waive the

requirement that a defendant be supervised while viewing highly sensitive video shared to the FPD

instance of evidence.com in cases where:

> a. A protective order has been entered in the relevant case;
> b. The defendant has executed the written acknowledgement to the protective order (or been subject to an equivalent admonishment by the Court);
> c. Access is provided to the client via FPD's instance of evidence.com (i.e., not downloaded); and
> d. The ability of the defendant to download or reshare is suppressed by counsel before the video is shared.[3]

The government notified defense counsel of the availability of the evidence.com license

by memorandum filed on the docket on October 25, 2021, ECF No. 44 ("As of October 18, 2021,

FPD has sent emails to all Capitol Breach defense counsel with instructions on how to request a

license for the legal defense team to view videos in evidence.com. FPD also developed a 'Quick

Start Guide' that it simultaneously circulated to all Capitol Breach defense counsel, with

instructions for registering an account, logging into evidence.com, and further describing how

video discovery may be shared with their clients through the evidence.com platform consistent

---

[2] The referenced protective order has been entered in this case.   ECF No. 43.   An earlier version of the protective order was entered without opposition on March 12, 2021.   ECF No. 24. When contacted by government counsel regarding its position on the updated protective order, the defense indicated it objected (puzzlingly, since the prior protective order remained in place). The government noted the defense's objection in filing its motion, and the Court ordered the defense to provide its opposition by October 8, 2021.   Min. Order, dated Oct. 4, 2021.   The defense filed no opposition, and the protective order was entered on October 19, 2021.

[3] To be clear, this exception pertains solely to defendants' viewing of highly sensitive video in FPD's instance of evidence.com.   It does not apply to any other highly sensitive documents (including video) that have been produced by any other mechanism (e.g., USAfx or another file transfer system, Relativity, or a storage device).

Case 1:21-cr-00038-CRC   Document 52   Filed 03/28/22   Page 3 of 5


with the standard Capitol Breach protective order."), as well as by emailed letter on October 25, 2021.   Accordingly, the defense has had over five months to obtain the license and review the materials therein.   Moreover, as stated above, defense counsel may share even highly sensitive materials to defendants if certain conditions are met, including execution by the defendant of the written acknowledgment to the protective order.   But the defendant has yet to file an executed copy of the written acknowledgment, which his attorney was provided via email on September 28, 2021, and which is also available at ECF 42-3 (captioned as "Attachment A").

Since January 21, 2022, all Capitol Siege defense counsel have been able to request a license from FPD to view materials in FPD's Relativity workspace.   The government acknowledges that, as the Relativity database is in a FedRAMP, secure environment, completing the process for obtaining access is time-consuming and requires a number of steps.   Thus, we urged defense counsel to apply for licenses as soon as possible.   The government notified defense counsel of the availability of the Relativity license by memorandum filed on the docket on February 11, 2022, ECF No. 50 ("On Friday, January 21, 2022, FPD circulated instructions to defense attorneys on how to gain access to the FPD Relativity workspace."), as well as by emailed letter on February 3, 2022.

Currently, subject to the protective order, defense counsel can share certain relevant documents with their respective clients through a variety of mechanisms including Internet-based file transfer systems or traditional storage devices, such as hard drives, flash drives, and discs. FPD and its vendor are also attempting to determine if it will be possible for defendants to view selected materials within the FPD Relativity workspace, utilizing permissions that would ensure that only the selected materials are viewable by the relevant client.

Relativity contains an extensive volume of materials designated as highly sensitive under the protective order, as detailed in Section 5 of the Discovery Unit's February 9, 2022, Status Memorandum, ECF No. 50.   Per the protective order, those instances where a defendant wishes to view highly sensitive documents in FPD's Relativity workspace, counsel or another member of the legal defense team must supervise the defendant unless: (1) the defendant and the assigned prosecutor are able to reach a suitable compromise about the documents in question or (2) the Court orders otherwise.

In this case, the record is devoid of any demonstrated need by defense for a Court order related to discovery.   To grant the defendant "unencumbered access" to the databases in question would pose a significant danger to the many individuals and entities whose sensitive data appears within them.   Moreover, defense counsel has never consulted with government counsel regarding a need to provide defendant access to specific covered materials.   Thus, the defense has provided no basis for the Court to order the access requested, nor even a modification of the protective order in this case.

It appears, however, that the defense needs additional time to file an executed copy of the written acknowledgment to the protective order, review the discovery in this case, and share discovery with the defendant as appropriate and in accordance with the protective order.   While the defense has had the opportunity to undertake those tasks for some time now, the government does not oppose an extension of the March 18, 2022, and April 29, 2022, motions deadlines by 30 days.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny in part, as described above, the defendant's Motion to Extend Pretrial Motion Dates and for Unencumbered Access to Discovery.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:     _/s/ Mary L. Dohrmann_____
        MARY L. DOHRMANN
        NY Bar No. 5443874
        Assistant United States Attorney
        United States Attorney's Office for D.C.
        601 D Street, N.W.
        Washington, D.C. 20001
        E-mail: Mary.Dohrmann@usdoj.gov
        Telephone: (202) 252-7035