UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-CR-00038 (CRC) |
| ) | |
| RICHARD BARNETT ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE USE OF CERTAIN LANGUAGE, TERMS AND FALSE ASSOCIATIONS**

Richard Barnett, through his undersigned attorney Joseph Daniel McBride, respectfully files this motion in limine to preclude the Government's use of, or elicitation through its witnesses and visual evidence, of falsehoods, crimes not charged, and other inflammatory language, terms, and allegations— not inherent in the crimes charged.  These are terms whose value, if any, is significantly outweighed by their proclivity to provoke an emotional response from the jury, as well as the entirely foreseeable prejudice that is certain to occur from their admission.

Specifically, Mr. Barnett requests that this Honorable Court order the exclusion of "terrorism," "terrorist," "insurrection," "insurrectionist," "mob," "rioter," "treason," "traitor," "sedition," "conspiracy," "attack on the Capitol," "attack on democracy," "threat to democracy," "attack on Congress," "white supremacy/supremacists," "police were killed," "stun gun," and other inflammatory language related to groups such as the "'Proud Boys" and "Oath Keepers," as well as references to places on the grounds or in the Capitol where he did not go.

Mr. Barnett requests also that this Honorable Court order the exclusion of any news reports during and after January 6, 2021, that mention police personnel that died. No police were killed by events at the Capitol on January 6, 2021 and Mr. Barnett was not involved in any violence. Any reference to President Trump's (hereinafter "Trump") Stop-the Steal lawsuits, court challenges, or issues raised by Trump's lawyers about the election and outcomes of those lawsuits should be prohibited as unrelated, highly prejudicial, and overall irrelevant.  Mr. Barnett is not an attorney and

the legal significance of any lawsuits brought by parties, unrelated to Mr. Barnett, to challenge the elections is irrelevant to Mr. Barnett's conduct on January 6, 2021 and should be excluded. Any photos taken from Mr. Barnett's phone that are irrelevant to this case. This may go on a photo-by-photo basis. Any photographs not related to the events of January 6th including but not limited to Mr. Barnett's personal life should be excluded as irrelevant. No reference should be made about any alleged criminal history, because none exists. No reference should be made to guns legally purchased and owned by Mr. Barnett because such reference would only be serving the purpose of being prejudicial in a jury from an area that is highly against private gun ownership. No reference should be made about previous protests, events, and/or activism related to guns or the 2nd Amendment of the United States Constitution due to having no probative value and being irrelevant. Any reference to 2nd Amendment groups that Mr. Barnett participated in, spoke at or wrote in, whether in person, virtual, or online should be excluded as having no probative value and being irrelevant. The above-requested exclusions have no bearing on the charges in this case.

Summary witnesses that testify about things, and pictures and videos related to surrounding events of January 6 that have nothing to do with Mr. Barnett or his charges should be excluded. The east and west sides of the Capitol are not related as far as anything Mr. Barnett could have seen or heard. This includes the breaching of the Senate doors, events that took place on the Capitol's Western Terrace, and any other place irrelevant to Mr. Barnett. For example, this Court probably knows there was a battle on the Western Terrace between police and protestors. Mr. Barnett did not participate in or witness said battle. Therefore, it is irrelevant and serves no probative purpose.

Mr. Barnett states the following in support:

**I.     INTRODUCTION.** There is no possible dispute that the legacy media and social media are inundated with references to January 6th defendants as "insurrectionists," "terrorists," a "mob," "rioters," "conspirators," "traitors," and people who "stormed" the U.S. Capitol to "execute a coup" and "end democracy." The January 6th Select Committee includes the "attack on the U.S. Capitol"

in its title and has been running one-sided show trials on television since July 27, 2021. In furtherance of advancing its one-sided narrative, the Committee hired a TV producer and advertised commercials across broadcast media, social media, and the Internet. The Committee has also edited video footage in a way that casts all January 6th Protestors in the worst possible light, while repeatedly using the terms mentioned above. Acting in concert with the Committee, the DOJ has also regularly used inflammatory terms in court for crimes that defendants have not been charged with, and actions the defendants were not engaged in.

## II.   LEGAL STANDARD

Motions in limine are designed to narrow the evidentiary issues at trial. *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). Such motions are an important mechanism of insulating the jury from inadmissible evidence and of adhering to the goal of conducting proceedings "fairly . . . to the end of ascertaining the truth and securing a just determination." *United States v. Bikundi*, No. 14-CR-030 (BAH), 2015 WL 5915481, at *3 (D.D.C. Oct. 7, 2015) (citing Fed. R. Evid. 102 and *Banks v. Vilsack*, 958 F. Supp. 2d 78, 82 (D.D.C. 2013)). Rulings on motions in limine in advance of the trial permit counsel to make the necessary strategic determinations. See *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980); *Burns v. Levy*, Civ. No. 13-898, 2019 WL 6465142, at *3 (D.D.C. 2019).

Irrelevant evidence is not admissible. FRE 402. Evidence is relevant only if "it has any tendency to make a fact more or less probable than it would without the evidence; and the fact is of consequence in determining the action." FRE 401. Evidence is therefore relevant only if it logically relates to matters that are at issue in the case. E.g., *United States v. O'Neal*, 844 F.3d 271, 278 (D.C. Cir. 2016); see *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).

The Federal Rules of Evidence direct the court to exclude otherwise admissible evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Prosecutors have an ethical duty to operate with fairness and honesty.

> It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused, when they should properly carry none.

*United States v. Berger*, 295 U.S. 78, 88 (1935).

Mr. Barnett is not charged with insurrection, seditious conspiracy, terrorism (where there is no U.S. statute for domestic terrorism as a crime) or inciting a riot. He is not a member of the "Proud Boys" or "Oathkeepers," or any militia. He is not a white supremacist or member of any revolutionary group (such as Black Lives Matter which espoused the overthrow of the U.S. Government with no repercussions). He did not enter the House or Senate Chamber. None of the imagery that the media and Government always superimpose over January 6th Defendants should be used in this Honorable Court. He did not bring a firearm to the U.S. Capitol. While enacting gun control to take guns from law-abiding citizens is all the rage, and propaganda knows no bounds in the fabrication of white supremacists and the terrorism in every closet, the Court is not the forum to use criminal laws to make political and social points. As the D.C. Circuit has held:

> A prosecutor may not urge jurors to convict a criminal defendant in order to protect community values, preserve civil order, or deter future lawbreaking. The evil lurking in such prosecutorial appeals is that the defendant will be convicted for reasons wholly irrelevant to his own guilt or innocence. Jurors may be persuaded by such appeals to believe that, by convicting a defendant, they will assist in the solution of some pressing social problem. The amelioration of society's woes is far too heavy a burden for the individual criminal defendant to bear.

*United States v. Monaghan*, 741 F.2d 1434, 1441 (D.C. Cir. 1984); see also *United States v. Hawkins*, 595 F.2d 751, 754 (D.C. Cir. 1978).

The words, terms and their spoken or visual representations that this motion in limine seeks to have excluded may Mr. Barnett are necessary and fundamental to the fair administration of justice, in this case. It is necessary to remove any suggestion that Mr. Barnett's conduct and intent align with the widely used descriptions of people that he was not with, and for crimes that he is not accused of. The jury should not be swayed to find him guilty based on false descriptors and its perception of political or social problems. Moreover, given the distinction of these words from the crimes charged, such use would clearly confuse the issues, mislead, and inflame the jury - who suffered victimhood through months of National Guard occupation after January 6th. See *United States v. Johnson,* 231 F.3d 43, 47 (D.C. Cir. 2000) ("A prosecutor may not make comments designed to inflame the passions or prejudices of the jury. And a prosecutor may not ask jurors to find a defendant guilty as a means of promoting community values, maintaining order, or discouraging future crime."); *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (unfair prejudice relates to "an undue tendency to suggest decision on an improper basis") (quoting Fed. R. Evid. 403, advisory committee's note). Whether used once or many times in the courtroom, the words cannot be unheard even if stricken from the record.

## CONCLUSION

There is no legitimate reason for the Government itself or through its witnesses and audio-visual evidence to use inflammatory words and highly prejudicial descriptions that are not part of the crimes charged or locations where Mr. Barnett was present. Any use of visuals or inflammatory words to create an association between Mr. Barnett and the acts of others is disingenuous. The use of the words listed for exclusion can only confuse, mislead, and cause prejudice in the jury. They can only unfairly malign Mr. Barnett. They can only be part of an attempt to create scienter where none existed. The Government needs to prove its case by proving every element of the crimes

5

charged - and not through insertion of words and visuals with no foundation or evidentiary relevance to the charges. The government should not be allowed to achieve a conviction through the deliberate provocation of bias in the jury.

WHEREFORE, Mr. Barnett requests that the Court order that no use be made by the Government, its witnesses, or by its visual evidence of the words on page 1 and not limited to: "terrorism," "terrorist," "insurrection," "insurrectionist," "mob," "rioter," "treason," "traitor," "sedition," "conspiracy," "attack on the Capitol," "attack on democracy," "attack on Congress," "white supremacy/supremacists," "police were killed," and other inflammatory and controversial language such as "Oathkeepers," "Proud Boys," "Three Percenters," and any and all areas of the U.S. Capitol that Mr. Barnett never entered.

Dated September 22, 2022
New York, NY

Respectfully submitted,

*/s/ Joseph D. McBride, Esq.*

Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

### CERTIFICATE OF SERVICE

I hereby certify on the 22nd day of September 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

*/s/ Joseph D. McBride, Esq.*
Joseph D. McBride, Esq.