UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-00038 (CRC) |
| | ) | |
| RICHARD BARNETT | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RICHARD BARNETT'S OPPOSITION TO THE GOVERNMENT'S OMNIBUS MOTION IN LIMIN**

Defendant Richard Barnett, by and through its attorneys, hereby submits the following Brief in Opposition to the Government's Omnibus Motion in Limine (the "Motion").

In its Motion, the Government seeks to exclude the defense from introducing three categories of evidence: (1) evidence or argument related to any potential penalty; (2) evidence or argument intended to elicit jury nullification, and (3) defense evidence not produced in reciprocal discovery and expert witnesses and affirmative defenses not identified pursuant to the Federal Rules of Criminal Procedure. For the following reasons, each of the categories should be allowed.

**I. STATEMENT OF FACTS**

Richard Barnett is a sixty-year-old United States Citizen with no criminal record. Mr. Barnett has been in a committed relationship with his life partner Tammy Newburn for over twenty years. Richard lives with wife Tammy and daughter Ashlee, whom both depend on him for financial support. He is a gainfully employed ex-fire fighter who is beloved in his community. He spent the first part of his life in Memphis Tennessee and has been living in Western Arkansas for the past twenty-five-years. Richard's ties to his community are strong. He has personal relationships with members of the local business community, law enforcement, friends, and family. He has no warrant history and has never forged or altered his identification.

On January 6, 2021, Mr. Barnett walked over to the Capitol some point after President Trump's speech. He stood with the other protesters in front of the Columbus Doors, which are located at the East side of the Capitol. At some point those doors opened, throngs of people pushed, and he was swept inside with a mass wave of people. He could not turn against the crowd, and after a certain point, he witnessed a woman getting trampled. He helped the woman get up, and felt the force of the crowd, knocking him to the ground. It was impossible to go against the tidal wave of people, all moving all in the same direction.

Soon thereafter, while looking for a restroom, he wandered in an office. He was not alone, there were protestors and reporters around. He did not break the door to get into the room. It was open and there was no sign on the door. A reporter invited Mr. Barnett to take a picture at the Speaker's desk, and told Richard "act natural." Richard was asked to leave at some point—he did not object. He did not destroy any property; indeed, he told others NOT to do so. Before leaving, he realized that he was bleeding and that he had bled on an envelope. He then removed the envelope for sanitary reasons, left twenty-seven-cents as compensation, and in an act of protest, left a note.

As set forth during Richard's prior bond hearings, Richard contacted his local Sherriff shortly after discovering that his picture had made international headlines. Richard arrived home during the late afternoon of January 7, 2021, and immediately set an appointment to surrender the following morning at 10:00 A.M. The next morning, without any controversy, Richard surrendered himself. Immediately upon being subject to a custodial interrogation, Richard invoked his Fifth Amendment right against self-incrimination and Sixth Amendment right to counsel but was interrogated for almost two hours by two government agents, nonetheless.

Mr. Barnett agreed to surrender his passport to probation after being granted pretrial release by the Western District of Arkansas Magistrate Judge. The Government appealed the Magistrate

Judge's decision to release. The DC District Court ruled against Mr. Barnett and issued an order for his detention on January 29, 2021 (See ECF No. 16). Mr. Barnett was detained at DC Jail until he was granted release by this Honorable Court after a April 27, 2021 Bond Modification hearing. Mr. Barnett has been on pretrial release since that time.

Mr. Barnett has never run from the fact that he ended up inside the Capitol. He has never denied the fact that he wound up in the office suite belonging to the Speaker of the House and put his feet up on a desk. He has never denied the fact that he removed an envelope from that office because he bled on it. Mr. Barnett's position is simple, he showed up to the Capitol to protest. The protest began outside and then proceeded inside. Everything he did inside was grounded in political protest. The feet on the desk. The flag in his hand. The anger in his voice. The note he left. Protest, protest, protest.

Mr. Barnett understands that his actions have offended people. He understands that he has been accused of serious crimes and that he must defend himself in court. Mr. Barnett respectfully submits President Biden's continued defamatory statements about January 6th Defendants and MAGA Republicans in conjunction with the actions of the January 6th Committee, have prejudiced him to the extent that dismissal of his indictment is warranted. Mr. Barnett respectfully submits, in the alternative, that a change of venue is warranted because it is impossible for him to receive a fair trial in the District of Columbia.

## II.  ARGUMENT

### A. The Court should only exclude evidence of a penalty if it is irrelevant to the issues of guilt or innocence.

It is well established that the deliberations of the jury should revolve around the evidence before them, and should not be uninfluenced by other considerations or suggestions. *United States*

*v. Frank,* 956 F.2d 872, 879 (9th Cir. 1992). The penalties typically fall outside of the scope of the allowable considerations. However, the court should not exclude any penalties to the extent they speak to the issue of guilt or innocence.

### B. All relevant evidence allowed by the Federal Rules of Evidence should be admissible and should not be excluded as "jury nullification" unless the Defense expressly requests for the jury to disregard the law.

The Government's request for the Court to exclude evidence that "encourages jury nullification" is in fact a disguised request for the judge to exclude evidence that is expressly permissible as relevant evidence by the Federal Rules of Evidence. The Government provides by way of example: (1) evidence that the defendant is being targeted for his political views; (2) evidence that "has the effect of inspiring sympathy for the defendant;" (3) evidence of the defendant's work life or any family hardships; and (4) evidence of the defendant's religious beliefs. Additionally, the Government asks that the defense refrain from suggestion "that the jury should apply community standards or principles of democracy over the law." The evidence that the government seeks to exclude is directly relevant to factual issues such as but not limited to state of mind, character, and habit, and is therefore admissible under the Federal Rules and should not be excluded.

#### 1. The Court should allow evidence that responds to public statements by the Government that apply to the Defendant's character.

Under the category of evidence or arguments that "encourages jury nullification" the Government seeks to exclude evidence or arguments related to "a claim that the defendant has been unfairly singled out for persecution because of his political views." In *Kott,* one of the two cases cited by the Government, evidence or arguments of selective prosecution are defined as evidence or arguments whereby the defense suggests to the jury that the defendant's conduct was

admittedly unlawful but "everybody else did it, so why pick on me," which could lead the jury to improperly conclude "he violated the law, but we acquit because it's unfair to pick on him." *United States v. Kott*, No. 3:07-cr-056 JWS, 2007 U.S. Dist. LEXIS 67366, at *2 (D. Alaska Sep. 10, 2007).

Pursuant to Federal Rule of Evidence 404(a), in a criminal case, the Government is prohibited from introducing evidence of character or a character trait to prove that on a particular occasion the accused acted in accordance with the character or trait. The accused is permitted to introduce character evidence, however, if the accused does so, he "opens the door" to the prosecution to offer character evidence in rebuttal. *Id. See also United States v. Brown*, 503 F. Supp. 2d 239, 244 (D.D.C. 2007).

If the Government "opens the door" on the matter of the defendant's state of mind, the defendant may also get through the door otherwise irrelevant evidence "to the extent necessary to remove any unfair prejudice which might otherwise have ensued." *United States v. Baird,* 29 F.3d 647 (D.C. Cir. 1994) (citing *United States v. Brown*, 921 F.2d 1304, 1307 (D.C. Cir. 1990) (citing Cleary, *McCormick on Evidence* § 57 (3d ed. 1984)). "The government often successfully argues for the right to introduce evidence in response to irrelevant or inadmissible testimony going to the issue of intent. S*ee, e.g., United States v. Manganellis*, 864 F.2d 528, 536-37 (7th Cir. 1988) (citing cases); United States v. Vaglica, 720 F.2d 388, 393 (5th Cir. 1983). The door opens both ways." *Id.*

In this case, the Government has already opened the door to character evidence as the Government, from the very highest levels including the President of the United States, has made public statements attacking the character and motives of all January Sixth defendants, including and especially Mr. Barnett, who has become the most iconic face of the January Sixth defendants,

more broadly, to a newly defined group referred to as "MAGA Republicans" that unquestionably includes Mr. Barnett and the other January Sixth defendants.

Just 21 days ago, on September 1, 2022, Joseph R. Biden, Jr., the President of the United States of America, addressed the nation in a prime-time television address, which began at 8:03 PM EDT and concluded at 8:27 P.M EDT.  During this 24-minute speech, President Biden made the following thirty-one statements about MAGA Republicans:

1. Donald Trump and the **MAGA Republicans** represent an extremism that threatens the very foundations of our republic.
2. Now, I want to be very clear — (applause) — very clear up front: Not every Republican, not even the majority of Republicans, are **MAGA Republicans**.  Not every Republican embraces their extreme ideology.
3. But there is no question that the Republican Party today is dominated, driven, and intimidated by Donald Trump and the **MAGA Republicans**, and that is a threat to this country.
4. These are hard things. But I'm an American President — not the President of red America or blue America, but of all America. And I believe it is my duty — my duty to level with you, to tell the truth, no matter how difficult, no matter how painful. And here, in my view, is what is true: **MAGA Republicans** do not respect the Constitution.
5. **They** do not believe in the rule of law.
6. **They** do not recognize the will of the people.
7. **They** refuse to accept the results of a free election.
8. And **they're** working right now, as I speak, in state after state to give power to decide elections in America to partisans and cronies, empowering election deniers to undermine democracy itself.
9. **MAGA forces** are determined to take this country backwards — backwards to an America where there is no right to choose, no right to privacy, no right to contraception, no right to marry who you love.
10. **They** promote authoritarian leaders, and they fan the flames of political violence that are a threat to our personal rights, to the pursuit of justice, to the rule of law, to the very soul of this country.
11. **They** look at the mob that stormed the United States Capitol on January 6th — brutally attacking law enforcement — not as insurrectionists who placed a dagger to the throat of our democracy, but they look at them as patriots.
12. And **they** see their **MAGA** failure to stop a peaceful transfer of power after the 2020 election as preparation for the 2022 and 2024 elections.
13. **They** tried everything last time to nullify the votes of 81 million people.
14. This time, **they're** determined to succeed in thwarting the will of the people.

15. That's why respected conservatives, like Federal Circuit Court Judge Michael Luttig, has called Trump and the **extreme MAGA Republicans**, quote, a "clear and present danger" to our democracy.
16. But while the **threat to American democracy** is real, I want to say as clearly as we can: We are not powerless in the face of these threats.  We are not bystanders in this ongoing attack on democracy.
17. There are far more Americans — far more Americans from every — from every background and belief who reject the **extreme MAGA ideology** than those that accept it.
18. And, folks, it is within our power, it's in our hands — yours and mine — to stop th**e assault on American democracy.**
19. **MAGA Republicans** have made their choice.
20. **They** embrace anger.
21. **They** thrive on chaos.
22. **They** live not in the light of truth but in the shadow of lies.
23. Democrats, independents, mainstream Republicans: We must be stronger, more determined, and more committed to saving American democracy than **MAGA Republicans** are to — to destroying American democracy.
24. Ladies and gentlemen, we can't be pro-ex- — pro-ex- — **pro-insurrectionist** and pro-American.  They're incompatible.
25. Democracy cannot survive when one side believes there are only two outcomes to an election: either they win or they were cheated.  And that's where **MAGA Republicans** are today.
26. **They** don't understand what every patriotic American knows: You can't love your country only when you win.
27. I will not stand by and watch elections in this country stolen by people who simply refuse to accept that **they** lost.
28. **MAGA Republicans** look at America and see carnage and darkness and despair.
29. **They** spread fear and lies –- lies told for profit and power.
30. The **MAGA Republicans** believe that for them to succeed, everyone else has to fail.
31. **They** believe America — not like I believe about America.[1]

At the conclusion of his speech, backlit in red, and flanked by two unmoving Marines, the President exhorts all Americans to put their hatred into action: "It's within our power to stop the assault on American democracy."  The President has incited the entire nation to hate the January

---

[1] See White House Official Transcript of President Biden's Speech:  *The Continued Battle for the Soul of the Nation* @ https://www.whitehouse.gov/briefing-room/speeches-remarks/2022/09/01/remarks-by-president-bidenon-the-continued-battle-for-the-soul-of-the-nation/ (last visited on September 22, 2022).

Sixth defendants as a patriotic duty and has charged the American Public with protecting democracy against MAGA Republicans, at any cost.

The Congressional committee on January Sixth has made statements over the course of months, broadcast to millions of Americans at primetime.  There is no question that the jury will have heard these statements, and no opening statement by the prosecution or the defense at trial can be a greater "encouragement for jury nullification."

Through these statements, the Government has opened the door to character evidence from the defense.  The Government has accused Mr. Barnett of being an "extremist," being a "threat to this country," being "disrespectful of the Constitution," "not believing in the rule of law," "not recognizing the will of the American people," being corrupt, desiring to bring America backwards, desiring to take away people's right to choose who to marry, being a "clear and present danger," being angry, thriving on chaos, being insurrectionist, being anti-American, and being liars.

Referring to Mr. Barnett and other January Sixth defendants, the President told the country, "they promote authoritarian leaders, and they fan the flames of political violence that are a threat to our personal rights, to the pursuit of justice, to the rule of law, to the very soul of this country. They look at the mob that stormed the United States Capitol on January 6th — brutally attacking law enforcement — not as insurrectionists who placed a dagger to the throat of our democracy, but they look at them as patriots."

As there is no doubt that the jury heard these statements from the president and other statements like it from the January Sixth committee and from the national news media that has reported on the events of January Sixth continuously for almost two years, the door is open, and the defense should not be prevented from presenting evidence to rebut these serious accusations and attacks on Mr. Barnett's character.

Page **8** of **11**

### 2. The Government's Motion requests a blanket exclusion that includes evidence regarding the Defendant's family, work life, religious beliefs, or hardships that can be offered as admissible propensity evidence allowed by the Federal Rules of Evidence.

In its Motion, the Government seeks a blanket exclusion on all evidence regarding the Defendant's family, work life, religious beliefs, or hardships. The Government's Motion does not include any specific examples of these incredibly broad category, and should be denied on that basis alone. *See, e.g., United States v. Lowery*, 135 F.3d 957 (5th Cir. 1998) (reversing the defendant's conviction because the district court granted an overly-broad Motion In Limine); *Ocasio v. C.R. Bard, Inc.,* No. 8:13-cv-1962-CEH-AEP, 2021 U.S. Dist. LEXIS 124823, at *18 (M.D. Fla. July 5, 2021) ("The motion in limine is overly broad and due to be denied[.]"); *Taylor v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 04 C 7270, 2008 U.S. Dist. LEXIS 5921, at *15 (N.D. Ill. Jan. 28, 2008) ("Defendant's motion in limine is overly broad."); *Edwards v. Mendoza*, No. C-08-371, 2010 U.S. Dist. LEXIS 108487, at *4 (S.D. Tex. Oct. 12, 2010) ("Defendant's request is overly broad, and devoid of any specific context.").

Each of the broad categories of evidence that the Government seeks to exclude can be offered as propensity evidence which is admissible "especially when the issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *United States v. Linares*, 367 F.3d 941, 946 (2004) (citing *Huddleston v. United States*, 485 U.S. 681, 685 (1988)). Rule 404(b) provides that propensity evidence, though inadmissible to prove character, may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." Fed. R. Evid. 404(b). The DC Circuit Court of Appeals has described Rule 404(b) as a rule "of inclusion rather than exclusion," *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000), and explained that it

excludes only evidence that "is offered for the sole purpose of proving that a person's actions conformed to his or her character," *United States v. Long*, 356 U.S. App. D.C. 117, 328 F.3d 655, 661 (D.C. Cir.), cert. denied, 540 U.S. 1075, 157 L. Ed. 2d 747, 124 S. Ct. 921 (2003).

As the request for exclusion is overly broad and will necessarily exclude admissible evidence, the request should be denied.

### 3. *No evidence should be excluded based on the unworkable standard that it "may have the effect of inspiring sympathy for the defendant."*

The Government requests an exclusion for any evidence that "may have the effect if inspiring sympathy for the defendant." This is an unworkable request as it is impossible to predict what will evoke sympathy. The Defendant is over 60 years old; should that fact be omitted because it may evoke sympathy? Any exculpatory evidence, or for that matter, any evidence that presents the Defendant in a favorable light, will evoke sympathy. The Court cannot possibly enforce this request, and granting it will open the flood gates to myriad disputes whenever any evidence is offered.

The request is overly broad, vague, lacks specificity or context, impossible to enforce, and could potentially be invoked to exclude all evidence that presents the Defendant in a favorable light. It should therefore be denied.

### C. The Court should allow defense evidence not produced in reciprocal discovery and expert witnesses and affirmative defenses not identified pursuant to the Federal Rules of Criminal Procedure.

This request asks the Court to exclude any litigation strategy that the defense does not first reveal to the prosecution. This is an outrageous request and should be denied.

Additionally, and similar to what is stated above, this request is overly broad, vague, and lacks any specificity or context.

The defense will comport with the Federal Rules of Criminal procedure and expects the Government to do the same. No Court order is necessary to enforce the rules that are already in effect.

## CONCLUSION

WHEREFORE, Defendant, Richard Barnett moves this Honorable Court to dismiss Count One of the Indictment for failure to state an offense for 18 U.S.C. Section 1512 (c)(2) and 18 U.S.C Section 2; and for unconstitutional application of both statutes.

Dated September 22, 2022                                  Respectfully submitted,

/s/ Joseph D. McBride, Esq.
Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

CERTIFICATE OF SERVICE

I hereby certify on the 22nd day of September 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Joseph D. McBride, Esq.
Joseph D. McBride, Esq.