UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-38 (CRC) |
| v. : | |
| : | |
| RICHARD BARNETT, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE USE OF CERTAIN LANGUAGE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's Motion in Limine to Preclude Use of Certain Language, Terms, and False Associations ("Def.'s Mot."), ECF No. 75. Defendant Richard Barnett, who is charged in connection with events at the U.S. Capitol on January 6, 2021, requests that the Court "preclude the [g]overnment's use of, or elicitation through its witnesses and visual evidence, of falsehoods, crimes not charged, and other inflammatory language, terms, and allegations[.]" Def.'s Mot. at 1. But really, the defendant's motion in limine asks that the Court prevent the government from using language and evidence that accurately establishes and describes the defendant's crimes. The material the defendant seeks to exclude fairly describes the riot, rioters, and his conduct, and the Court should deny his motion.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). Additionally, Rule 403 does not require the government "to sanitize its case, to deflate its witnesses' testimony or to tell its story in a

monotone." *United States v. Gartmon,* 146 F.3d 1015, 1021 (D.C. Cir. 1998). Neither Rule 401 nor 403 supports the defendant's requested relief.

First, the defendant argues that the Court should bar terms like "'terrorism,' 'terrorist,' 'insurrection,' 'insurrectionist,' 'mob,' 'rioter,' 'treason,' 'traitor,' 'sedition,' 'conspiracy,' 'attack on the Capitol,' 'attack on democracy,' 'threat to democracy,' 'attack on Congress,' [and] 'white supremacy/supremacists[.]'" *Id.* According to the defendant, such terms "would clearly confuse the issues, mislead, and inflame the jury[.]" *Id.* at 5. Evidence or language is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 143 (quoting Fed. R. Evid. 403, advisory committee's note). By their very nature, criminal charges involve an accusation that someone has wronged another person or has wronged society. Accordingly, such charges arouse emotion—and there is nothing improper about that. Indeed, while cautioning against prosecutorial misconduct in *United States v. Berger*, the Supreme Court simultaneously recognized that "[t]he United States Attorney . . . may prosecute with earnestness and vigor— indeed, he should do so." *Berger*, 295 U.S. 78, 88 (1935). "[T]he law permits the prosecution considerable latitude to strike 'hard blows' based on the evidence and all reasonable inferences therefrom." *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (*quoting United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)). When a prosecutor's comments fairly characterize the offense, fairly characterize the defendant's conduct, and represent fair inferences from the evidence, they are not improper. *Cf. Rude*, 88 F.3d at 1548 (the use of words like victim, deceit, outlandish, gibberish, charlatan, and scam was not improper); *Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995) ("[T]here is no rule [of evidence or ethics] requiring the prosecutor to use a euphemism for [a crime] or preface it by the word 'alleged.'").

Here, the government should not be required to dilute its language and step gingerly around the defendant's crimes. Contrary to the defendant's insinuations, what took place on January 6, 2021, was in fact a riot involving rioters, and an attack on the United States Capitol, the government of the United States, and American democracy. Indeed, after carefully considering the facts of other January 6 cases, many other members of this Court have recognized the riot as just such an attack. *See*, *e.g.*, *United States v. Mostofsky*, 1:21-cr-138 (JEB), Sent. Tr. at 40–41, May 6, 2022 (describing the riot as an "attack," describing the Capitol as "overrun," and describing Mostofsky and other rioters as engaged in "an attempt to undermine [our] system of government."); *United States v. Rubenacker*, 1:21-cr-193 (BAH), Sent. Tr. at 147–48, May 26, 2022 (describing the defendant as "part of this vanguard of people storming the Capitol Building" as part of the initial breach, and finding that his conduct "succeeded, at least for a period of time, in disrupting the proceedings of Congress to certify the 2020 presidential election"); *United States v. Languerand*, 1:21-cr-353 (JDB), Sent. Tr. at 33–34, January 26, 2022 ("[T]he effort undertaken by those who stormed the Capitol . . . involved an unprecedented and, quite frankly, deplorable attack on our democratic institutions, on the sacred ground of the United States Capitol building, and on the law enforcement officers who were bravely defending the Capitol and those democratic values against the mob of which the defendant was a part."). None of this language is hyperbole; rather, these findings used vivid and violent language because they described a visceral and violent event. So, too, will prosecutors need to use appropriate language—and not euphemisms—to describe the nature and gravity of the defendant's conduct.

Next, the defendant argues that the Court ought to exclude "references to places on the grounds or in the Capitol where he did not go[,]" Def.'s Mot. at 1, and "[s]ummary witnesses" that

3

would testify regarding the larger events that occurred at the Capitol on January 6, 2021, *id.* at 2.[1] To be sure, to convict him, the jury must find that the defendant committed each offense with which he is specifically charged. It is not enough for the government to show that the defendant was simply present near others who committed crimes across the Capitol building and grounds. But the defendant's argument ignores the nature of these crimes as a collective action. It was the mob's collective action that disrupted Congress, and the defendant's knowledge of the collective riot bears on his *mens rea* for each of the charged offenses.

To that end, the government's evidence will demonstrate how the mob's concerted efforts disrupted Congress. Like the defendant, none of the rioters were authorized to enter the Capitol. Like the defendant, none of them submitted to screening by the U.S. Capitol Police. And law enforcement officer witnesses will explain that, in expelling rioters, they could not distinguish between those rioters who were overtly violent and those who were not: everyone had to leave. This is because law enforcement could not predict who would act violently; any member of the crowd might be a threat to them. Indeed, throughout the day, individual officers found their attention divided by the need to monitor the whole crowd, rather than focusing on a specific individual. But for the defendant's actions alongside so many others, the riot likely would have failed to delay the certification vote. *See United States v. Mazzocco*, No. 21-cr-54, Tr. 10/4/2021

---

[1] The defendant also moves to exclude references to the "Proud Boys," "Oath Keepers," Def.'s Mot. at 1, and "Three Percenters," *id.* at 6. To the extent any such references may substantiate the defendant's state of mind, the riot's collective action, or otherwise "logically relate to the matters that are at issue in the case," *id.* at 3, references to these groups will be relevant, and the Court should not exclude them. For example, in a video recorded by the defendant and posted to Facebook the night before the events of January 6, 2021, the defendant states in part, "I don't know whether to be happy or disappointed. I mean to be quite honest with you, I'd like to see some Proud Boys out here with us, and at the same time I don't know where Antifa is so, I guess tomorrow will be a new day." The government should be entitled to give context to this statement of the defendant, which is illustrative of his intent.

at 25 ("A mob isn't a mob without the numbers. The people who were committing those violent acts did so because they had the safety of numbers.") (statement of Judge Chutkan). While a jury will judge the defendant based on his own actions, the context of the defendant's actions will necessarily be placed before them—that context was a riot. Ultimately, the defendant provides no legal authority in support of his broad claim that witnesses and government prosecutors must only describe these events using certain words and with willful ignorance to all relevant contextual information.[2]

Moreover, the government's use of any potential summary witnesses or evidence to this effect would permissibly "help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of a multitude of witnesses throughout the trial." *See United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983). To be sure, any such aspects of the government's case would need to be "accurate and nonprejudicial[,]" *United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014), and require "a sufficient foundation[,]" *United States v. Mitchell*, 816 F.3d 865, 877 (D.C. Cir. 2016). The defendant does not, and cannot, substantiate his contention that the government cannot present this information appropriately.

Finally, the defendant also insists that the government be precluded from stating that "police were killed[]" and using the term "stun gun[.]" *Id.* at 1. Regarding the term "stun gun,"

---

[2] To the extent the defendant seeks exclusion of "irrelevant" material, *see* Def.'s Mot. at 1 (former "President Trump's [ ] Stop the Steal lawsuits), at 2 ("photos taken from [his] phone that are irrelevant to this case[,]" "guns[,]" previous protests, events, and/or activism[,]" "groups that [the defendant] participated in"), the defendant begs the question. He is certainly correct that the Court ought to exclude irrelevant material, and the government will not seek to admit irrelevant evidence. But the defendant fails to provide (because he cannot) the requisite analysis for this Court to order any evidence excluded at this stage. In presenting the government's case, the use of such evidence, despite the defendant's bare contention, may be relevant to the extent that evidence bears on the defendant's intent and other essential elements of the offenses with which he is charged. Any more specific challenges should be taken up at trial if the defendant can articulate particularized objections.

5

the Indictment alleges that the defendant carried into the U.S. Capitol a "ZAP Hike N Strike Stun Gun Walking Stick," which he had purchased seven days earlier. Indictment, ECF No. 19, at 2. The manufacturer and the defendant's point of purchase refer to the weapon as a 950,000 Volt "stun gun." *See, e.g.,* https://www.youtube.com/watch?v=1TLq0J-fQfk; https://www.basspro.com/shop/en/personal-security-products-hike-n-strike-950-000-volt-stun-gun-hiking-stick. In fact, the defendant himself has repeatedly referred to that object as a "stun gun" in briefing. *See* Def.'s Mot. Mod. Bail, ECF No. 26 (using the term "stun gun" fourteen times). The term "stun gun" is accurate, applicable, and relevant. And regarding references to the deaths of law enforcement officers resulting from the events that transpired on January 6, the defendant's assertion that "[n]o police were killed by events at the Capitol on January 6, 2021," is misleading. The government will not make misleading statements regarding the toll of the events of January 6, 2021, on law enforcement officers but should not be precluded from using a phrase (or similar phrase) that, depending on the development of the facts at trial, may become relevant.

    For the reasons stated above, the defendant's motion should be denied.

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          United States Attorney
                                          D.C. Bar Number 481052

                                          */s/ Mary L. Dohrmann*
                                          MARY L. DOHRMANN
                                          Assistant United States Attorney
                                          NY Bar No. 5443874
                                          555 Fourth Street N.W.
                                          Washington, DC 20530
                                          Mary.Dohrmann@usdoj.gov
                                          (202) 252-7035

                                          */s/ Alison B. Prout*
                                          ALISON B. PROUT

Assistant United States Attorney  
Georgia Bar No. 141666  
75 Ted Turner Drive, SW  
Atlanta, Georgia 30303  
alison.prout@usdoj.gov  
(404) 581-6000  

*/s/ Nathaniel K. Whitesel*  
NATHANIEL K. WHITESEL  
Assistant United States Attorney  
DC Bar No. 1601102  
601 D Street NW  
Washington, DC 20530  
nathaniel.whitesel@usdoj.gov