UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-38 (CRC) |
| | : | |
| **RICHARD BARNETT,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION
TO THE GOVERNMENT'S MOTION *IN LIMINE* REGARDING CROSS-
EXAMINATION OF U.S. SECRET SERVICE WITNESS**

The United States of America moved to limit the cross-examination of witnesses regarding United States Secret Service protection at the U.S. Capitol on January 6, 2021, ECF No. 54, and the defendant has opposed that motion. ECF. NO. 77 ("Def. Resp."). The government now submits this reply in support of its motion regarding the cross-examination of United States Secret Service witnesses.

**United States Secret Service Protocols**

In the government's motion *in limine* regarding Secret Service protocols, the government sought to preclude the defendant from cross-examining the witnesses concerning:

1. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and

2. Details about the nature of Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees. ECF No. 54, at 2.

Cross-examination of witnesses about extraneous matters beyond the scope of direct examination should be excluded as irrelevant and an unnecessary intrusion into sensitive national security matter. As the government previously argued, the movement of the Vice President, his family,

and their motorcade for their safety is relevant to whether the civil disorder adversely affected the Secret Service's ability to protect those individuals.  However, the Secret Service's general protocols about relocation for safety should be excluded as irrelevant.  Fed. R. Evid. 401. Similarly, the details about the nature of Secret Service protective details are irrelevant to whether the disorder adversely affected the Secret Service's duties to protectees in this case or whether the Capitol and its grounds were restricted at the time.  Moreover, the two above-enumerated areas implicate sensitive matters of national security.  While the government hopes that January 6, 2021, will be the last instance the Secret Service will need to evacuate a protectee from the Capitol, publicly disclosing such material could place sensitive information that keeps protectees safe in the wrong hands.

In his response, the defendant vaguely asserts that "Secret Service protocols about relocation and safety" may be "dispositive" and "are not inconsequential," Def. Resp. at 2, but he cites no basis establishing the relevance of any such information to the charges against him.  He also fails to explain why any purported relevance is not substantially outweighed by the danger of confusion of the issues, mini-trials, undue delay and waste of time.  Instead, the defendant argues that he should be entitled to "explore with these agents on cross-examination all of these things" due to the possibility that "potential jurors may have seen the January 6th Select Committee hearings." Def. Resp. at 4.  Thus, the defendant provides no articulable basis for the belief that the government's Secret Service witness possesses personal knowledge relevant to any fact at issue beyond the presence of the Vice President and his two family members in the Capitol. Rather, the defendant simply seeks leeway to embark on a fishing expedition into how the Secret Service performed its job on January 6.  No such "explor[ation]" should be afforded because questions about Secret Service protocols "would be inappropriate and immaterial to the question of guilt, or to the credibility of the Secret Service witness." *United States v. Griffin,* 21-CR-92, ECF No. 92,

at 4 (D.D.C. Mar. 18, 2022) (TNM).  Finally, to the extent that the defendant contends that hearings by the January 6 Select Committee have somehow injected "disinformation . . . across all media," Def.'s Mot. at 3, the broad cross-examination of Secret Service witnesses is not the proper remedy.  Rather, any true concern can be properly addressed through voir dire, as the government explains in its opposition to the defendant's motion for a change of venue, *see* ECF No. 84.  Accordingly, the government's motion *in limine* regarding the preclusion of certain cross-examination regarding the United States Secret Service protocols should be granted.

## CONCLUSION

For the reasons stated above, the United States requests that this Court grant its Motion *in Limine* Regarding Cross-Examination of U.S. Secret Service Witness, ECF No. 54.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Mary L. Dohrmann*
MARY L. DOHRMANN
Assistant United States Attorney
NY Bar No. 5443874
555 Fourth Street N.W.
Washington, DC 20530
Mary.Dohrmann@usdoj.gov
(202) 252-7035

*/s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
alison.prout@usdoj.gov
(404) 581-6000

*/s/ Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL

3

Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov