THE UNITED STATES COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:21-cr-117 |
| ) | |
| RICHARD BARNETT ) | |
| ) | |
| ) | |

## MOTION REQUESTING TO CONTINUE

Defendant Richard Barnett, by and through counsel, hereby files this Motion to Continue his trial until March of 2023.

There are two main reasons why the Court should continue this trial: (1) the D.C. Circuit is currently considering Judge Nichols' decision to dismiss charges of 18 U.S.C. 1512(c)(2) against January 6th defendants, and (2) new evidence continues to emerge concerning January 6th that are directly relevant to Mr. Barnett's defense. Additionally, Mr. Barnett's attorney, Mr. Joseph McBride, was scheduled to have a necessary medical procedure on November 17, 2022, but due to unforeseen complication, the procedure could not be performed and must be rescheduled for December 9, 2022, the day of the pretrial conference and a few days before trial.

Counsel for the Defendant conferred with the Government regarding this matter by telephone on Friday, November 18, 2022. Counsel for the Government stated that they will oppose this motion, however, they agreed to stay the deadline for Exhibits, due Monday November 21, 2022, until this motion is resolved. The Government also requested that a status conference be scheduled for that purpose. The Government has requested that the status conference be held on November 22, or November 23. No member of the defense is available on either day; the earliest available day is Tuesday, November 29, 2022.

For these reasons, the Defendant respectfully requests a continuance.

1. **The District Court of Appeals is still considering Judge Nichols' decision to dismiss charges of 18 U.S.C. 1512(c)(2) against January 6th defendants.**

As this Court is well aware, on March 7, 2022, U.S. District Judge Carl J. Nichols, in the case of Jan. 6th defendant Garret Miller, dismissed the felony charge of violation of 18 U.S.C. 1512(c)(2). *See United States v. Miller,* Case No. 1:21-cr-119, ECF No. 72. In Mr. Barnett's case, the charge of 1512 is the most substantial of the charges against him carrying the most severe penalty by far.

Mr. Barnett has filed a motion to dismiss the section 1512(c)(2) charge (ECF No. 74), and the Court has yet to issue a decision. The Court indicated in its pretrial order (ECF No. 63) that it will decide the motion at the pretrial conference scheduled for December 9, 2022. Meanwhile, oral arguments for Judge Nichol's decision in *Miller* is scheduled in from of the D.C. Circuit for December 12, 2022, three days after this Court decides Mr. Barnett's motion, and the day Mr. Barnett is scheduled for trial on the same charge.

Mr. Barnett's entire trial strategy will be determined based on the outcome of the pending motion to dismiss and/or the decision of the Court of Appeals. It is patently unfair to require Mr. Barnett to prepare an entire trial strategy that may become obsolete three days before trial, or during trial. It is important to note, that it is the Government that has decided to appeal Judge Nichols' decision, and is therefore responsible for the completely foreseeable consequence that the charges brought against Mr. Barnett may be invalidated.

As the decision in the CD.C. Circuit will be binding on this Court, a decision affirming Judge Nichols' decision will substantially alter the course of this case. If Mr. Barnett is convicted at trial for the charge of violating 1512(c)(2), only for the D.C. Circuit to find the charge invalid, it would be a waste of the Court's resources, as well as the resources of Mr.

Barnett and the Government. It is therefore against the interest of justice to require Mr. Barnett to proceed to trial before the Circuit's decision has been rendered.

Accordingly, the trial should be continued and a new date should be set after the Court of Appeals issues a decision in the *Miller* case.

**2. New evidence continues to emerge concerning January 6th that is directly relevant to Mr. Barnett's defense.**

The trial should be continued for a reasonable time until Mr. Barnett has an opportunity to view new evidence that is emerging regarding his case. The Jan. 6, 2021, breach of the U.S. Capitol building by protesters led to the largest federal prosecution in the nation's history, both in the number of defendants prosecuted and the volume of evidence.

First, the Government continues to slowly release voluminous discovery that the Defense has not had a chance to review. On November 17, 2022, the Government produced its most recent batch of discovery. The Government has not indicated that this is the end of the discovery productions.

Further, on October 13, 2022, at the latest hearing of the Congressional January 6th Committee, Rep. Jamie Raskin, D-Md., introduced "previously unreleased footage" of January 6th, including footage of House Speaker Nancy Pelosi and Senate Majority Leader Chuck Schumer in a secure location discussing how to continue the certification of the election results. This was interspersed with new video clips from outside the capitol. The January 6 Committee Report was scheduled to be released in September, but was just delayed - for the third time - and will not be released until December 6, 2022, just days before Mr. Barnett is scheduled for trial.

On November 19, 2022, Twitter unblocked President Trump's account, revealing the former President's tweets on January 6, 2022, as well as thousands of comments, videos, pictures, and threads that were posted in real time on that day.

On November 4, 2022, a Congressional report from members of the House Judiciary Committee released a one thousand page report based on whistleblowers documenting the politicization and anti-conservative bias in the FBI and the Department of Justice. This historic report will no doubt serve as a road map for probes of the agencies now that the Republicans have gained control of the House of Representatives. Included among the many allegations is the recent revelation that the FBI fabricated schemes to entrap American citizens as false flag operations for political purposes. This devastating report was compounded ten days later on November 14, 2022, by revelations that the FBI was involved in infiltrating other groups of January 6th defendants.[1]

In connection with the November 4, 2022 Report, on November 18, 2022, Congressman Jim Jordan, Darrell Issa, Louie Gohmert and Steve Chabot sent a letter to Attorney General Merrick Garland reiterating a request for information and documents from high ranking DOJ officials that Attorney General Garland has ignored for almost two years, despite repeated requests. This information and these documents may have information relevant to Mr. Barnett's defense.

Also relevant, is the Congressional Report's allegation that "there seems to be a disparity in how the FBI and Justice Department are pursuing January 6-related matters," *i.e.*, according to whistleblowers, the agencies are aggressively pursuing investigations and prosecutions of defendants like Mr. Barnett, but are for reasons still unknown conducting "lackluster investigations" of other events that occurred that day.

---

[1] https://www.nytimes.com/2022/11/14/us/politics/fbi-informants-proud-boys-jan-6.html

Counsel has only just begun to delve into the new emerging evidence, in addition to the thousands of hours of video footage. There are still many unanswered questions about what happened on January 6th. It has now been established that FBI informants were directly involved with the events of the day, and it has yet to be determined if the extent of the FBI involvement rises to the level of the FBI involvement in the kidnapping attempt of Michigan Governor Gretchen Whitmer. In that case, several criminal defendants were acquitted of conspiracy charges by a jury after the jury heard evidence of the FBI's involvement.

The prosecution understandably would like to try this case before all of the evidence about the FBI and DOJ's involvement in January 6 emerges, but clearly the interest of justice dictates that Mr. Barnett should be given a constitutional sufficient opportunity to digest all of the material, just new and old, and how it relates to his case, in a way that is commensurate with the Sixth Amendment. The Department of Justice and the Democratically controlled Congress have conducted the most extensive investigation in history, but until now, the investigation has only aided the prosecution and has ignored the possible FBI and DOJ involvement, and whether they had a hand in orchestrating the chaos that ensued on January 6 that led to the incidents that Mr. Barnett is being charged for. It is therefore only fair that Mr. Barnett who is the subject of that investigation and corresponding prosecution be given a fair chance to conduct an extensive investigation of his own and to wait until all of the facts of the day's events are known before proceeding to trial.

Mr. Barnett is not currently detained and has been out for over a year without incident. The compelling interest to a speedy trial lies with the defendant, and granting this motion will not prejudice the government. Denying this motion will unquestionably prejudice Mr. Barnett who currently faces decades in prison.

## CONCLUSION

For the foregoing reasons, the Court should grant a continuance until March of 2023.

Dated: November 21, 2022

                Respectfully submitted

                /s/ Jonathan Gross
                2833 Smith Ave,
                Suite 331
                Baltimore, MD 21209
                (442) 813-0141
                jon@clevengerfirm.com

                /s/ Joseph D. McBride
                The McBride Law Firm, PLLC
                99 Park Ave.
                6th Floor
                New York, NY 10016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on November 21, 2022.

/s/ Jonathan Gross