UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-38 (CRC) |
| v. : | |
| : | |
| RICHARD BARNETT, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's Motion Requesting to Continue ("Def.'s Mot."), ECF No. 88. Defendant Richard Barnett, who is charged in connection with events at the U.S. Capitol on January 6, 2021, requests for a second time that the Court delay his trial. As reflected in the Defendant's motion, the government initially opposed the Defendant's request for a continuance. Def.'s Mot. at 1. As discussed below, the government maintains that certain of the Defendant's proffered reasons do not support a continuance of the trial. Nevertheless, the government has considered all the attendant circumstances and no longer opposes the motion. Accordingly, for the reasons set forth below, the government submits that the Defendant's motion should be granted without a hearing, the trial date vacated, and a status hearing set to discuss new trial dates.

**Procedural Background**

On January 29, 2021, the Defendant was indicted by a federal grand jury in the District of Columbia and charged with seven counts, including three felonies, related to his role in the breach of the U.S. Capitol on January 6, 2021. ECF No. 19. On February 4, 2022, the Court set the Defendant's case for trial on September 6, 2022. ECF. No. 49 ¶ 1. Defense counsel filed three

motions to continue the deadline for pretrial motions, none of which the government opposed. ECF No. 51, 57, 60. After the third motion, in which defense counsel McBride elaborated on an ongoing health concern, the Court held a status conference on July 18, 2022. At defense counsel McBride's request, and without opposition from the government, the Court reset all pretrial deadlines and continued the trial until December 12, 2022. ECF No. 63. On September 16, 2022, defense counsel Metcalf filed another motion to continue the pretrial motions deadline due to defense counsel McBride's health and defense counsel Metcalf's personal circumstances, and the government did not oppose the motion. ECF No. 73. On September 23, 2022, a third defense counsel – Jonathan Gross – entered an appearance on behalf of the Defendant. ECF. No. 78.

On November 4, 2022, defense counsel Gross requested assistance with accessing the global discovery databases being used to provide discovery to January 6th defendants, and which was the subject of litigation in this case in March of this year. ECF No. 52. In response on November 6, 2022, the government provided detailed instructions as to how to access discovery. *See* ECF Nos. 52, 42-3.

The government has diligently been preparing for trial. Under the Court's Amended Pretrial Order, the parties were due to exchange exhibit lists on November 21, 2022. ECF No. 63. On November 17, 2022, however, defense counsel Gross contacted the government to state that the defense again wanted to continue the trial. Defense counsel also indicated that the defense was not prepared to exchange exhibit lists on November 21. Accordingly, the government agreed to a continuance of that deadline pending the resolution of the Defendant's present motion to continue the trial.

**Argument**

As set forth below, the government agrees to the granting of the Defendant's motion, but largely on grounds other than those proffered by the Defendant.

First, the Defendant cites the pending appeal in *United States v. Miller*, No. 21-CR-119 (D.D.C.) as a ground for a continuance, asserting that the Defendant's "entire trial strategy will be determined based on the outcome of the pending motion to dismiss [in this case] and/or the decision of the Court of Appeals [in *Miller*]." Def.'s Mot. at 2. But the pendency of the *Miller* appeal has not impeded multiple trials from going forward against defendants charged with obstruction of an official proceeding under 18 U.S.C. § 1512. *See, e.g., United States v. Riley Williams*, No. 21-CR-618 (ABJ); *United States v. Brock*, No, 21-CR-140 (JDB); *United States v. Strand*, No. 21-CR-85 (CRC); *United States v. Jensen*, No. 21-CR-6 (TJK); *United States v. McCaughey*, et al., No. 21-CR-40 (TNM); *United States v. Fitzsimons*, No 21-CR-158 (RC); *United States v. Herrera*, No. 21-CR-619 (BAH). Overall, an impending oral argument is no reason to continue this trial.

Second, the Defendant argues that "trial should be continued for a reasonable time until [Defendant] has an opportunity to view new evidence that is emerging regarding his case." Def.'s Mot. at 3. The Defendant proffers two categories of purported evidence regarding his case: (1) discovery produced by the government to the Defendant and (2) various publicly available information, including Congressional hearings, reports, and letters and "Twitter unblock[ing] President Trump's account." Def.'s Mot. at 3–5.

As this Court knows, the government continues to provide discovery in January 6 cases, including global discovery and case-specific discovery. For context, the "most recent batch of discovery" referenced by defense counsel contained: reports of interviews and possible *Giglio*

3

information about certain trial witnesses (consistent with the Court's November 21, 2022, *Giglio* deadline, ECF No. 63), static copies of publicly available videos (which were previously provided to the defense as active weblinks), a declaration by a records custodian (relating to information provided to the defense last year), and a complete copy of the Defendant's own Twitter account obtained by search warrant. In other words, the discovery provided is ordinary, pretrial discovery. Moreover, alleged factual developments regarding January 6 writ large, but devoid of any connection to this Defendant, do not form a basis for a continuance.[1]

Nevertheless, while the fact of ongoing discovery is not a basis, on its own, to continue the trial, the government understands that defense counsel has not yet prepared an exhibit list and requests more time to prepare for trial, which is now just two and a half weeks away. While the government disagrees with the Defendant's characterization of the purported "newly emerging evidence" reported in the media about January 6, the government appreciates, in its underlying discussions with defense counsel, the need for more time to complete adequately the Defendant's trial preparations.[2] Accordingly, notwithstanding the government's concerns that the defense has not yet fully prepared for a trial first set nine months ago, the government does not oppose the continuance.

---

[1] The Defendant cites the purported "recent revelation that the FBI fabricated schemes to entrap American citizens as false flag operations for political purposes," Def.'s Mot. at 4, but has not noticed an intent to raise such a defense. More to the point, the Defendant cannot explain how such evidence would negate the video, photographic, social media, and other evidence of his own conduct and intent, or indeed has any bearing on the undisputed facts in this case. The Defendant further cites, without substantiating evidence, an alleged "disparity in how the FBI and Justice Department are pursuing January 6-related matters," Def.'s Mot. at 4 (citation omitted), but has never made a selective prosecution claim and, moreover, fails to explain (because he cannot) how such an allegation bears on his guilt or innocence as to the charged offenses.

[2] Adding to the government's concern regarding the Defendant's preparation, the Defendant has yet to file an executed copy of Attachment A to the protective order, ECF No. 42-3, such that the Defendant would be entitled to view protected discovery materials.

Defense counsel mentions counsel McBride's need to reschedule a medical procedure as an additional ground for the requested continuance, asserting that McBride was scheduled to have a "necessary medical procedure" on November 17, 2022, but that it had to be rescheduled to December 9, 2022. Def.'s Mot. at 1. While defense counsel has not provided any further detail about the nature or timing of the medical procedure, the government is not inclined to question counsel's assertions as to the necessity of the procedure at this time. Nevertheless, the government notes that the Defendant is now represented by both Jonathan Gross and Steven Metcalf in addition to attorney McBride. Indeed, attorney Gross appeared on behalf of the Defendant after the Court expressly advised defense counsel to ensure that they would be able to proceed to trial in December. Accordingly, ongoing medical needs of defense counsel should not form the basis for any further continuance requests in this matter under the circumstances.

Finally, the government notes that while it is diligently preparing for trial, an imminent change in government counsel is anticipated. Thus, given the government's strong interest in ensuring continuity in its trial team, coupled with the defendant's lack of readiness, the government, in good faith, will not oppose the defendant's continuance. Under such unique time constraints, the government therefore requests that the Court vacate the trial date, without need for a hearing, and set a new trial date and extend the remaining pretrial deadlines by 30 to 45 days. The government expects the Defendant and his counsel to be otherwise prepared for trial at a date of the Court's choosing.

**Conclusion**

For the reasons stated above, the government does not oppose the Defendant's request for a continuance, and requests that the Court grant a short continuance of 30 to 45 days of the December 12, 2022 trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Mary L. Dohrmann*
MARY L. DOHRMANN
Assistant United States Attorney
NY Bar No. 5443874
601 D Street N.W.
Washington, DC 20530
Mary.Dohrmann@usdoj.gov
(202) 252-7035

*/s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
alison.prout@usdoj.gov
(404) 581-6000