UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-38-CRC |
| RICHARD BARNETT | |

### United States' Proposed *Voir Dire*[1]

**A.   Statement of the Case to Read to Prospective Jurors**

The United States has charged the defendant with eight crimes in connection with events that occurred at the United States Capitol on January 6, 2021.[2] Count One charges the defendant

---

[1] The government is cognizant of the Court's Minute Order of November 29, 2022, which directed the parties to "jointly submit a short narrative description of the case, to be read to the prospective jurors, and proposed voir dire questions." (emphasis added).
   In an attempt to arrive at a joint submission, at 11 a.m. on December 19, 2022, the government provided defense counsel with this document and requested the defense's input. At 1:30 p.m., the parties held a conference call including all counsel, including Bradford Geyer, whom the defense indicates will be joining the defense team but who has not yet entered a notice of appearance. Defense counsel stated that they preferred a shorter statement of the case that did not list the charges and a jury questionnaire modeled on the one used by Judge Mehta in the Oathkeepers trial, in which Mr. Geyer participated. The government invited the defense to provide a proposed statement of the case and *voir dire* questions for the government to review.
   The government did not receive the defense proposal until 8:27 p.m. Upon reviewing it, the government noted that the defendant's proposed *voir dire* questionnaire—which required prospective jurors to provide narrative responses in some places and to check all categories that apply to them in others—did not follow the format of the jury selection procedure used by this Court in *United States v. Robertson*, 1:21-cr-34-CRC, or *United States v. Strand*, 1:21-cr-85-CRC. Accordingly, the government suggested that given the late hour and looming midnight deadline, the parties would be better served by the defense providing edits to the government's proposed questions, which follow the Court's preferred format. Defense counsel rejected this invitation and elected to file their own separate proposal.

[2] As of December 19, 2022, the defendant is charged with seven counts. *See* Indictment, ECF No. 19. On December 21, 2022, however, the United States intends to seek a superseding indictment adding an eighth count: a charge of civil disorder, in violation of 18 U.S.C. § 231(a)(3). The forthcoming superseding indictment lists the civil disorder charge as Count One, causing the preexisting charges, *see id.*, to each shift by one count number.

with obstructing, impeding, or interfering with a law enforcement officer while that law enforcement officer was engaged in the lawful performance of his official duties during a civil disorder. Count Two charges the defendant with obstructing an official proceeding, specifically Congress's meeting at the U.S. Capitol on January 6, 2021, to certify the Electoral College vote for president, or aiding and abetting others in obstructing that proceeding. Count Three charges the defendant with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon, specifically a ZAP Hike 'n Strike hiking staff. Count Four charges the defendant with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, specifically the same ZAP Hike 'n Strike hiking staff. Count Five charges the defendant with entering or remaining in certain rooms in the Capitol building. Count Six charges the defendant with disorderly conduct in a Capitol building. Count Seven charges the defendant with parading, demonstrating, or picketing in a Capitol building. Count Eight charges the defendant with theft of government property.

      The defendant has pleaded not guilty to all charges.

**B.**      **Proposed Group *Voir Dire* Questions**

**General Questions**

    1.    Do you have any difficulty speaking, reading, writing, or understanding the English language?

    2.    Do you have any trouble seeing or hearing?

    3.    Do you have difficulty sitting and focusing for several hours at a time?

    4.    Do you have any other physical or mental issue that would make it difficult for you to serve as a juror?

**Knowledge of the Participants**

5. The government is represented in this case by Assistant United States Attorneys Alison Prout, Mike Gordon, and Nathaniel Whitesel, along with paralegal Shirine Rouhi. (Please have them stand and introduce themselves.) Do you know Mrs. Prout, Mr. Gordon, Mr. Whitesel, or Ms. Rouhi?

6. Mr. Barnett resides in Gravette, Arkansas. He is represented in this case by Bradford Geyer, Joseph McBride, and Jonathan Gross.[3] (Please have them stand and introduce themselves.) Do you know Mr. Barnett, Mr. Geyer, Mr. McBride, or Mr. Gross?

7. Does anyone have any opinions about prosecutors or defense attorneys that might affect your ability to serve as a fair and impartial juror?

8. (Introduce courtroom personnel.) Do you know or are you acquainted with me or any of these individuals?

9. The following individuals may be called as witnesses or mentioned by name in this case. Do you recognize any of the following names? (Read both parties' witness lists.)

10. There are many people on this jury panel. Do you recognize another member of the panel as being a relative, close friend, or associate?

**Publicity and Predisposition Due to the Nature of the Case**

11. Have you seen, heard, or read anything in the news or elsewhere about Mr. Barnett?

12. If your answer to the previous question was "yes," have you formed any opinions about Mr. Barnett's guilt or innocence?

13. Do you live or work at or near the U.S. Capitol building or its grounds? Did you on January 6, 2021?

14. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021?

15. If you answered "yes" to the previous question, would you describe yourself as having <u>closely</u> followed the news related to the events at the U.S. Capitol on January 6, 2021?

16. Did you watch any of the January 6 Select Committee hearings?

---

[3] The United States assumes Mr. Geyer will file a notice of appearance.

17. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

18. Were you, your family, or your close friends affected by the events at the U.S. Capitol on January 6, 2021, or the response?

19. Some people have strong feelings – both positive and negative – about the events that occurred on January 6, 2021. Do you believe that you can sit fairly and impartially in a case in which a defendant is charged with unlawfully entering the Capitol and obstructing, impeding or interfering with police officers who were on duty that day?

20. Do you have any impressions or feelings, positive or negative, about how the Department of Justice has been handling the criminal cases arising from the events at the U.S. Capitol on January 6, 2021, that would make it hard for you to be a fair and impartial juror in this case?

21. Have you seen, heard, or followed anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?

22. Have you ever seen a photograph or read a news article about a man accused of putting his feet on Nancy Pelosi's desk or stealing an envelope from it? If so, from what source?

23. Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election, such that they would impact your ability to be fair and impartial in this case?

24. Do any of you believe the 2020 presidential election was stolen, corrupt, or fraudulent?

25. Do you have an opinion about people who believe that the 2020 presidential election was stolen, corrupt, or fraudulent that would make it hard for you to serve as a fair and impartial juror in this case?

26. Do you consider yourself a supporter of QAnon or believe in the theories advanced by its supporters?

27. Do you have an opinion about QAnon believers or supporters that would make it hard for you to serve as a fair and impartial juror in this case?

**Legal Concepts**

28. Does anyone believe that because Mr. Barnett was charged, he is probably guilty?

29. The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant. The defendant is presumed innocent unless the government meets that burden, and she

has no obligation to offer her own defense. Would anyone have any difficulty or hesitation with respecting this allocation of the burden of proof?

30. The government is not required to prove its case to a mathematical certain or prove guilt beyond all doubt. Would anyone of you require proof to a mathematical certain or prove guilt beyond all doubt?

31. All defendants have a constitutional right not to testify, and if Mr. Barnett decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

32. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules. Will you have any difficulty following my legal instructions, whatever they may be?

33. If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

34. Under certain circumstances, the government can obtain authorization from a judge to search a premises or electronic media to obtain evidence including, but not limited to, emails, text messages, video recordings, letters, financial information and other materials or information. I will instruct you that any evidence that is presented to you at trial was obtained legally and you can consider it. Do you have concerns about your ability to follow this instruction?

**Familiarity with Energy Weapons**

35. Do you own or have you ever used an energy weapon, such as a ZAP Hike 'n Strike hiking staff, TASER, or other stun gun?

36. Do you have any special knowledge or expertise about electricity or energy weapons, such as a ZAP Hike 'n Strike hiking staff, TASER, or other stun gun?

**Relationship with the Government and the Criminal Justice System**

37. Do you work for any law enforcement agency or do you have any close friends or family that work in law enforcement? This includes any local police or sheriff's department in or outside the District and it includes federal law enforcement

agencies like the FBI, the Secret Service, the Department of Homeland Security, the U.S. Capitol Police, and the National Guard. It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

38. Have you, a family member, or close friend ever served in the military?

39. I will instruct the jury at the end of the trial that the testimony of a police officer should be treated the same as testimony from any other witness and that the jury should give neither greater nor lesser weight to the testimony of a witness simply because that witness is a police officer. Do you have such strong feelings or opinions about law enforcement officers, either positive or negative, that it would be difficult for you to be an impartial juror in a case involving testimony from law enforcement officers?

40. Do you, a family member, or close friend work for the legislative branch of the United States?

41. Has anyone in this group ever attended law school, worked as a lawyer, worked as a paralegal, or otherwise worked in a law office or had legal training? Have any members of your immediate family or close personal friends done so?

42. Has anyone in this group ever been arrested for, charged with, or convicted of a crime, other than traffic violations? Have any members of your immediate family or close personal friends?

43. If yes, do you believe the justice system treated you (or your family member or friend) fairly?

44. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

45. Has anyone in this group ever been the victim of or witness to a crime? Have any members of your immediate family or close personal friends?

46. If yes, do you believe the justice system treated you (or your family member or friend) unfairly?

47. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

48. Under certain circumstances, the government can obtain authorization from a judge to search a premises or electronic media to obtain evidence including, but not limited to, emails, text messages, video recordings, letters, financial information and other materials or information. I will instruct you that any evidence that is presented to you at trial was obtained legally and you can consider it. Do you have concerns about your ability to follow this instruction?

**Prior Jury Service or Appearance as a Witness, Plaintiff, or Defendant**

49. Have you ever served as a grand juror in either state or federal court?

50. If yes, was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

51. Have you ever served as a trial juror in a criminal or civil case?

52. If so, did the jury reach a verdict? Were you the foreperson?

53. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

54. Have you ever appeared as a witness in either state or federal court?

55. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

56. Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you, by anyone in state or federal court?

57. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

**Role of the Court and Final Questions**

58. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge and my job alone to determine the punishment. The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any. Would you have difficulty or would you be uncomfortable serving as a juror knowing that you will not have any say in any fine, restitution, or jail sentence that I may impose?

59. (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing, if any.) Would any of you be uncomfortable serving as a juror with these safety protocols in place?

60. Do you have a health or physical problem that would make it difficult to serve on this jury?

61. Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case?

62. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

63. Today is Monday, January 9. We expect the presentation of evidence in this case to conclude late this week or early next week. You will likely hear evidence in the case every day except Friday this week, from 9:30 am to 5:00 pm each day, with a lunch break from 12:30 pm to 1:45 pm each day. After the close of evidence, the jury will deliberate until it reaches a decision. Once you begin deliberating, I do not know how long your deliberations will last. That is up to the jurors. But you will not meet past 5:00 pm, and you will not meet on weekends. Would serving as a juror in this case be an extreme hardship to you? And by this this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

64. My final question is a catch-all question. Is there any other reason that I have not asked about that would make you unable to sit fairly, impartially, and attentively as a juror in this case?

### C.  Individual *Voir Dire* by the Court

After the Court reads the above questions to the full venire, the United States respectfully requests that the Court conduct individual *voir dire* for two purposes: (1) to follow up on any "yes" answers by a juror, and (2) to obtain a limited amount of background information about every juror, including those who did not answer "yes" to any of the above questions. The United States requests that the Court ask each juror the background questions detailed below and generally follow up on any "yes" responses to the group *voir dire* questions in Section B as necessary to determine whether the juror could be fair and impartial in this case.

**Background Questions for All Jurors**

1. What is the highest level of school you completed?

2. How long have you lived in the District of Columbia?

3. What is your current occupation, if any?

        i. How long have you been at this job?

        ii. What are your job responsibilities?

        iii. Are you responsible for hiring, firing, or supervising anyone?

4. Are you married or do you otherwise have a long-term partner?

5. If yes, what is your spouse or partner's occupation?

6. Do you have children or step-children? If so, how many and what are their ages?

7. If any of your children or step-children are adults, what are their occupations?

**D. Attorney Conducted Follow-Up Questions**

The United States respectfully requests that, following the Court's individual *voir dire*, each party be permitted to ask additional pertinent follow-up questions of the prospective juror.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

*/s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
alison.prout@usdoj.gov
(404) 581-6000

MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
michael.gordon3@usdoj.gov
(813) 274-6370

NATHANIEL K. WHITESEL
Assistant United States Attorney

D.C. Bar No. 1601102
601 D Street, NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7035