UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| v. | ) | No. 1:21-cr-38-CRC |
| RICHARD BARNET | ) | |

### Defendant Barnett's Proposed Voir Dire[1]

**A. Statement of the Case to Read to Prospective Jurors**

The United States has charged the defendant with seven crimes in connection with his entry into the United States Capitol on January 6, 2021.[2]

**B. Proposed Group *Voir Dire* Questions[3]**

---

[1] On December 19, the Government and Mr. Barnett's counsel were unable to reach consensus on a joint *voir dire*. The Government unilaterally submitted its proposed *voir dire* without any acknowledgement to Mr. Barnett's reasonable proposals, so in kind, Mr. Barnett submits this proposed *voir dire* which adopts the Government's proposal but incorporates Mr. Barnett's proposed changes.

 Mr. Barnett's trial is not like that of Thomas Robertson (21-cr-34) or John Strand (21-cr-85) because neither of those defendants received the unprecedented exposure or notoriety that Mr. Barnett received. With respect to choosing a jury, Mr. Barnett's case should instead be treated as a high-profile January 6th case, similar to the recent Oath Keepers trial in front of Judge Mehta. In that case, the *voir dire* was done by written questionnaire that was the product of collaboration between a team of Assistant United States Attorneys with several defense attorneys representing multiple defendants, and was approved by Judge Mehta. The notoriety of this case warrants a *voir dire* for a high-profile case, like the Oath Keepers, rather than Robertson and Strand who were not indelibly etched into the public's mind through a single image that was repeatedly displayed on the news and in pop culture as Mr. Barnett was. *See, e.g.* Little Stewie,Youtube.com, *Someone made a deepfake pic of Stewie in the capital riots,* https://www.youtube.com/watch?v=Rg7gimO_IH8.

[2] The Government proposes listing the counts. This serves no purpose other than to cast Mr. Barnett in the most prejudicial light. The jurors are immediately introduced to words like "deadly" and "weapon." The Government has the burden of proving at trial that he had a weapon and that it was deadly. Implanting the idea into the jurors' head at this early stage places the burden on the Defendant to disprove both. The simple sentence proposed by the Defense gives the jurors all the information they need to know at this stage without unduly prejudicing the Defendant.

[3] The Defense proposes the preamble set forth in EXHIBIT A, which includes, *inter alia,* an instruction from the Court stressing the importance of answering honestly. In high-profile trials

**General Questions**

1. Do you have any difficulty speaking, reading, writing, or understanding the English language?

2. Do you have any trouble seeing or hearing?

3. Do you have difficulty sitting and focusing for several hours at a time?

4. Do you have any physical or medical condition, or do you take any medication, that would make it unusually difficult for you to serve as a juror in this case or to sit for long periods of time without a break?[4]

**Knowledge of the Participants**

5. The government is represented in this case by Assistant United States Attorneys Alison Prout, Mike Gordon, and Nathaniel Whitesel, along with paralegal Shirine Rouhi. (Please have them stand and introduce themselves.) Do you know Mrs. Prout, Mr. Gordon, Mr. Whitesel, or Ms. Rouhi?

6. Mr. Barnett resides in Gravette, Arkansas. He is represented in this case by Bradford Geyer, Joseph McBride, and Jonathan Gross. (Please have them stand and introduce themselves.) Do you know Mr. Barnett, Mr. Geyer, Mr. McBride, or Mr. Gross?

7. Does anyone have any opinions about prosecutors or defense attorneys that might affect your ability to serve as a fair and impartial juror?

8. (Introduce courtroom personnel.) Do you know or are you acquainted with me or any of these individuals?

9. The following individuals may be called as witnesses or mentioned by name in this case. Do you recognize any of the following names? (Read both parties' witness lists.)

10. There are many people on this jury panel. Do you recognize another member of the panel as being a relative, friend, or associate?

---

even in the DC District are not immune from activist jurors who deliberately conceal important information that may have disqualified them to serve. *See, e.g.,* Greg Re, *Roger Stone jury foreperson's anti-Trump social media posts surface after she defends DOJ prosecutors,* Fox News, Feb. 13, 2020, https://www.foxnews.com/politics/roger-stone-juror-justice-department-anti-trump-social-media.

[4] Proposed changed to Government's Q#4.

**Employment[5]**

11. Have you or a friend[6] or family member ever been, employed at the United States Capitol in any capacity?[7]

12. Have you or a friend or family member ever been employed by the Federal Government?[8]

13. Have you or a friend or family member ever served in the military?[9]

14. Do you work for any law enforcement agency or do you have any friends or family that work in law enforcement? This includes any local police or sheriff's department in or outside the District and it includes federal law enforcement like the FBI, the Secret Service, the Department of Homeland Security, the U.S. Capitol Police, and the National Guard. It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

15. Do you, a family member, or friend work for the legislative branch of the United States?

**Publicity and Predisposition Due to the Nature of the Case**

16. Have you seen, heard, or read anything in the news or elsewhere about Mr. Barnett?

17. If your answer to the previous question was "yes," have you formed any opinions about Mr. Barnett's guilt or innocence?

18. Have you ever been to the U.S. Capitol building or its grounds?[10]

19. Do you live or work at or near the U.S. Capitol building or its grounds?

20. Were you or a friend or family member at the Capitol on January 6, 2021?[11]

21. Were you or a friend or family member personally affected by the events at the U.S. Capitol building or its grounds on January 6, 2021?[12]

---

[5] Section proposed by Defense.
[6] Defense proposes substituting the term "friend" wherever the Government's uses the term "close friend."
[7] Proposed by Defense.
[8] Proposed by Defense.
[9] Government's proposed Qs #37, 38, 40.
[10] Proposed by Defense.
[11] Proposed by Defense.
[12] Proposed by Defense.

22. Did you have a concern for the safety of yourself, a friend, or a family member on January 6, 2021?[13]

23. Did you have a concern for the safety of yourself, a friend, or a family member because of the events at the U.S. Capitol building or its grounds on January 6, 2021.[14]

24. Do you or have you ever owned or used consumer over-the-counter self-defense products such as a taser, stun guns, energy weapon, chemical spray such as mace, or collapsible walking staff such as a ZAP Hike 'n Strike hiking staff.[15]

25. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021?

26. If you answered "yes" to the previous question, would you describe yourself as having closely followed the news related to the events at the U.S. Capitol on January 6, 2021?

27. Did you watch any of the January 6 Select Committee hearings?

28. Did you hear or read about the January 6 Select Committee hearings from a secondary source, such as a news paper, website, or political commentator on Television, radio or podcast?[16]

29. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

30. Were you, your family, or your friends affected by the events at the U.S. Capitol on January 6, 2021, or the response?

31. Some people have strong feelings – both positive and negative – about the events that occurred on January 6, 2021. Do you believe that you can sit fairly and impartially in a case regarding the events of January 6, 2021?[17]

32. Do you have any impressions or feelings, positive or negative, about how the Department of Justice has been handling the criminal cases arising from the events at the U.S. Capitol on January 6, 2021, that would make it hard for you to be a fair and impartial juror in this case?[18]

---

[13] Proposed by Defense.

[14] Proposed by Defense.

[15] Proposed by Defense instead of Government section about "Energy Weapons." Defense strongly objects to a special section about "Energy Weapons" as the question presupposes an element that the Government has the burden of proving.

[16] Proposed by Defense.

[17] Proposed change to Government's Q#19.

[18] Defense strongly objects to this question, unless a similar question is asked such as "Do you have any impressions or feelings, positive or negative, about protestors who lawfully participated

33. Have you seen, heard, or followed anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?

34. Have you ever seen photos of a January 6 protestor with feet on a desk at the United States Capitol?[19]

35. Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election, such that they would impact your ability to be fair and impartial in this case?

36. Do you have an opinion about people who are skeptical about the results of the 2020 election that would make it hard for you to serve as a fair and impartial juror in this case?[20]

37. Do you hold strong political opinions that would make it hard for you to serve as a fair and impartial juror in this case?[21]

38. There is likely to be media coverage of this case. If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

39. You may not discuss or communicate about this case with your family, friends or co-workers or anyone else including on the internet or social media. Also, until you retire to deliberate, you may not communicate about this case with your fellow jurors. Do you have any reservations or concerns about your ability or your willingness to follow this instruction?[22]

---

in the events at the U.S. Capitol on January 6, 2021, that would make it hard for you to be a fair and impartial juror in this case?"

[19] Proposed change to Government's Q#22.

[20] Proposed change to Government's Q#25.

[21] Defense strongly objects to Government's Qs #26 and 27 that refer to "QAnon." Questions referencing one type of political belief open the door to infinity inquiries about how potential jurors feel about Donald Trump and/or Joe Biden, etc. If questions about "QAnon" are allowed, Defense requests that the jury also be asked "Do you consider yourself a supporter of Black Lives Matter or believe in the theories advanced by its supporters?"

[22] Proposed by Defense.

40. I will instruct you that any evidence that is presented to you at trial was obtained legally and you can consider it. Do you have concerns about your ability to follow this instruction?[23]

**Legal Concepts[24]**

41. An Indictment is not evidence. It is a document that sets forth the charges made against the defendant, it is an accusation. It may not be considered as any evidence whatsoever of any defendant's guilt. Can you think of any reason that would interfere with your ability to follow and apply this principle of law?

42. The defendant is presumed innocent and cannot be found guilty unless the jury, unanimously and based solely on the evidence in this case, finds that the government has proven his guilt beyond a reasonable doubt. The burden of proving guilt rests entirely with the government. The defendant is not required to prove his innocence. Can you think of any reason that would interfere with your ability to follow and apply this principle of law?

43. The United States has the burden of proving its case beyond a reasonable doubt as to each individual count on the indictment separately.

    a. If the United States proves the defendant's guilt beyond a reasonable doubt, the defendant must be found guilty. Can you think of any reason that would interfere with your ability to follow and apply this principle of law?

    b. If the United States fails to prove the defendant's guilt beyond a reasonable doubt, the defendant must be found not guilty. Can you think of any reason that would interfere with your ability to follow and apply this principle of law?

44. If, as a juror, after hearing all of the evidence in the case, you believed that the government failed to prove its case against the defendant beyond a reasonable doubt, would you be reluctant to acquit the defendant based on possible repercussions at work, school, home or in relation to any of your friendships or associations with others?

45. Under the law, a defendant accused of a crime does not have to testify in his or her defense. If the defendant does not testify, the jury may not consider that fact in any way in deciding whether the defendant is guilty. Can you think of any reason that would interfere with your ability to follow and apply this principle of law?

46. The charges in this case include obstructing an official proceeding, entering or remaining in a restricted building or grounds with a deadly weapon, disorderly conduct, conspiring to prevent an officer from discharging their duties, entering or remaining in Capitol rooms, destroying government property, and disorderly conduct, parading, theft of government property and aiding and abetting. Is there anything about the charges, without more, that

---

[23] Proposed change to Government's Q #34.
[24] Defense objects to the Government's "Legal Concepts" section and proposes its own.

might affect your ability to fairly evaluate the evidence regarding whether or not the government has proven the defendant's guilt beyond a reasonable doubt?

47. Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by the judge. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions, whatever they may be?

**Relationship with the Government and the Criminal Justice System**

48. Several witnesses in this case will be law enforcement officers. Under the law, the testimony of a law enforcement officer is to receive no greater or no lesser consideration simply because that witness is a law enforcement officer. Regardless of the law would you nonetheless tend to believe the testimony of a law enforcement officer over the testimony of any other witness?[25]

49. Has anyone in this group ever attended law school, worked as a lawyer, worked as a paralegal, or otherwise worked in a law office or had legal training? Have any members of your immediate family or close personal friends done so?

50. Has anyone in this group ever been arrested for, charged with, or convicted of a crime, other than traffic violations? Have any members of your immediate family or friends?

51. If yes, do you believe the justice system treated you (or your family member or friend) fairly?

52. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

53. Has anyone in this group ever been the victim of or witness to a crime, whether or not it was reported to the police?[26] Have any members of your immediate family or friends?

54. If yes, do you believe the justice system treated you (or your family member or friend) unfairly?

55. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?[27]

**Prior Jury Service or Appearance as a Witness, Plaintiff, or Defendant**

56. Have you ever served as a grand juror in either state or federal court?

---

[25] Proposed change from Government's Q# 39.
[26] Proposed change from Government's Q# 45.
[27] Government Q #48 is substantially similar to Government Q #34 and is therefore unnecessary. *See supra* note 23.

7

57. If yes, was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

58. Have you ever served as a trial juror in a criminal or civil case?

59. If so, did the jury reach a verdict? Were you the foreperson?

60. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

61. Have you ever appeared as a witness in either state or federal court?

62. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

63. Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you, by anyone in state or federal court?

64. Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

**Role of the Court and Final Questions**

65. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge and my job alone to determine the punishment. The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any. Would you have difficulty or would you be uncomfortable serving as a juror knowing that you will not have any say in any fine, restitution, or jail sentence that I may impose?

66. (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing, if any.) Would any of you be uncomfortable serving as a juror with these safety protocols in place?

67. Do you have a health or physical problem that would make it difficult to serve on this jury?

68. Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case?

69. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be

personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

70. Today is Monday, January 9. We expect the presentation of evidence in this case to conclude late this week or early next week. You will likely hear evidence in the case every day except Friday this week, from 9:30 am to 5:00 pm each day, with a lunch break from 12:30 pm to 1:45 pm each day. After the close of evidence, the jury will deliberate until it reaches a decision. Once you begin deliberating, I do not know how long your deliberations will last. That is up to the jurors. But you will not meet past 5:00 pm, and you will not meet on weekends. Would serving as a juror in this case be an extreme hardship to you? And by this this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

71. My final question is a catch-all question. Is there any other reason that I have not asked about that would make you unable to sit fairly, impartially, and attentively as a juror in this case?

**C. Individual Voir Dire by the Court**

After the Court reads the above questions to the full venire, the United States respectfully requests that the Court conduct individual voir dire for two purposes: (1) to follow up on any "yes" answers by a juror, and (2) to obtain limited background information about every juror, including those who did not answer "yes" to any of the above questions. The United States requests that the Court ask each juror the background questions detailed below and generally follow up on any "yes" responses to the group voir dire questions in Section B as necessary to determine whether the juror could be fair and impartial in this case.[28]

**Background Questions for All Jurors**

1. What is the highest level of school you completed?

2. How long have you lived in the District of Columbia? [29]

3. What is your neighborhood called?[30]

---

[28] If the Court does not allow a written questionnaire, Defense does not object to this.
[29] Proposed by Defense.
[30] Proposed by Defense.

4. If you have lived in Washington, D.C. for less than three (3) years, what was your previous state of residence?[31]

5. What is your occupational status? (Answer yes to all that apply)[32]

- Work full-time outside the home
- Work part-time outside the home
- Full-time homemaker
- Homemaker with part-time employment
- Volunteer full-time with charitable organization
- Volunteer part-time with charitable organization
- Unemployed – looking for work
- Unemployed – not looking for work
- Full-time student
- Part-time student
- Retired
- Disabled
- Other (please specify)                                                \

6. How long have you been at your primary job?

7. What are your primary job responsibilities?

8. Are you responsible for hiring, firing, or supervising anyone?

9. Are you married or do you otherwise have a long-term partner?

10. If yes, what is your spouse or partner's occupation?

11. Do you have children or step-children? If so, how many and what are their ages?

12. If any of your children or step-children are adults, what are their occupations?

### D. Attorney Conducted Follow-Up Questions

The United States respectfully requests that, following the Court's individual voir dire, each party be permitted to ask additional pertinent follow-up questions of the prospective juror.[33]

---

[31] Proposed by Defense.
[32] Proposed by Defense.
[33] Defense does not object to this.

Dated: December 20, 2022

Respectfully submitted,

FOR THE DEFENDANT

RICHARD BARNETT

*/s/ Jonathan Gross*
JONATHAN GROSS
D.C. Bar No. MD0162
2833 Smith Ave., Suite 331
Baltimore, MD 21209
jon@clevengerfirm.com
(443) 813-0141

JOSEPH D. MCBRIDE
Attorney for Richard Barnett
The McBride Law Firm, PLLC
D.C. Bar No. NY0403
99 Park Avenue, 25th Floor
New York, NY 10016
jmbride@mcbridelawnyc.com
(917) 757-9537

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing is being served on opposing counsel via email on December 120, 2022.

/s/ *Jonathan Gross*