**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:21-cr-00038 (CRC)** |
| | ) | |
| **RICHARD BARNETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO EXTEND TIME AND FOR THE COURT TO ORDER THE GOVERNMENT TO REPOPULATE DISCOVERY - PARTIAL CONSENT AND OTHERWISE OPPOSED**

Comes now the Defendant, RICHARD BARNETT, by and through undersigned counsel, and respectfully moves this court for good cause to extend the December 21, 2022 date for objections to the opposing party's exhibit list; and the designated date of December 27, 2022 for submission of proposed jury instructions and verdict forms - jointly as possible - to a new date of January 3, 2022. Mr. Barnett also asks that he be allowed by January 3, 2022 to add expert witnesses to the list that was due on December 19, 2022. He further asks this Court to order the government to repopulate the discovery specific to Mr. Barnett that it deleted from USAfx. The Government partially consents and otherwise opposes this motion. The following supports Mr. Barnett's request:

**I.      BACKGROUND FACTS**:

Mr. Barnett was charged with seven counts in an indictment entered on February 2, 2021. ECF No. 19. Mr. Barnett's trial is scheduled to begin on January 9, 2023. For Pre-Trial scheduling in its minute order to continue, the Court directed that the parties were to provide exhibit lists by December 19, 2022 and any objections to exhibit lists by December 22, 2022. (November 29, 2022 minute order with no ECF number). The order also directed parties to file "proposed jury

instructions and a proposed verdict form--jointly to the extent possible--no later than December 27, 2022." *Id*. On or about Sunday December 18th the defense informed the government that Mr. Geyer, an experienced trial attorney and former prosecutor along with another attorney would soon be appearing in the case. That occurred coincident with discussions where the government refused to repopulate the USAfx discovery folder to support discovery viewing on a single site by the new attorneys. Also happening at the same time, the government complained that it did not like the exhibit names because they did not match government discovery file names, where no requirement exists for the defense to use government files, or the names used by the government of the files were from government provided discovery. Further, the government demanded exhibits that the defense is not obligated to provide at this time.

On Monday December 19, 2022 where no new discovery, evidence, or other materials were provided to the defense after the case has been in progress since January 2021 (with other defense attorneys since departed), the Government insinuated that it might add a new charge to the indictment. The government did not clearly inform this Court that it was definitively acting to change the case such that the defense had no time to prepare a defense for a new felony charge or submit any related motions in limine. The defense had already met pretrial dates such as voir dire questions.

Today, December 22, 2022, the Government entered on the docket a superseding indictment with a new felony charge of 18 USC Section 231 for Civil Disorder that it brought to the grand jury after being notified that additional trial attorneys were going to defend Mr. Barnett. The government provided no discovery or material to support the new charge. The specifics to defend against, outside the statute language, are not listed in the indictment.

The government was unwilling to even discuss this motion when the defense attempted contact via email at 4:10 pm today, and via phone at 4:44 p.m. until an email response at 6:50 pm. In that email, the government said it agreed we did not have time to add any expert witnesses for Section 231 when names were due on December 19, 2022. In this request, we ask to be allowed to identify experts by January 3, 2023. The government objects to the January 3, 2023 date because they claim it does not give them enough time. The defense requires this adjustment in due date because the government has not given the defense enough time to prepare for trial due to its eleventh hour surprise superseding indictment.

As of today - December 22, 2022 - the government continued to refuse to repopulate the USAfx site with the discovery specific to Mr. Barnett that the government deleted. Being given an indication of a possible new charge, and with new attorneys, the defense asked the government to accomplish the simple administrative act of repopulating Mr. Barnett's discovery in USAfx. The discovery would still be in the folders except that as an inexplicable poor practice while cases are active, the government set up rules in USAfx where with no clear warning notice, the government deletes all discovery in folders at sixty days after posting. There may be fine print, but no warning email goes out. The amount of data and gigabytes, as well as time to download is extremely burdensome to defense attorneys. Often times large numbers of files have to be converted by the defense because they are provided with archaic file extensions that make them unusable as delivered by the government. Access is not given out like candy, so attorneys are expending huge amounts of time just downloading and converting unusable files when possible to something usable.

Because of difficulties with file formats and saving files, other AUSA's in other cases have willingly repopulated the defendant's specific discovery folder(s) without argument. Other

AUSA's have repopulated folders when new attorneys come on board. Here, the government is being malicious, and demands that a defense attorney create a cloud sharing mechanism (not free), spend hours uploading to a cloud, and in the process convert file extensions where cloud services may reject all the unusable extensions. Additionally, the discovery that the government placed in the 1990's level technology "Relativity" data base does not metatag documents or files by defendants' names. Amidst all this, the AUSAs ironically then devised and entered a flawed motion to compel the defense to provide exhibits that are not required at this time while deliberately ignoring requests to discuss this motion.

In this matter, as the defense made all attempts to be able to respond with objections to the exhibit list and prepare its proposed jury instructions and verdict form, the AUSAs outright refused to repopulate discovery to aid in this effort. With less than three weeks until trial start, the government added a new felony charge with no accompanying discovery or grand jury testimony or evidence, and no opportunity for the defense to prepare any motions or a defense against the new charge. Mr. Barnett has not been arraigned on the new indictment and no scheduling coordination has been initiated. And yet the government bases its opposition to this motion that a date change to January 3 for them to review a few documents is too close to trial. The government's email states we do not need any extension. The government states that the three days of review was sufficient despite the review having been almost complete where there was no superseding indictment with a new felony charge.

## II.     LEGAL STANDARD:

"The Court may modify the scheduling order at any time upon a showing of good cause." Rules of the United States District Court for the District of Columbia, updated May 2022 at 41.

**III.    ARGUMENT**:

In accordance with this Court's standards, the Defense provides the following information and good cause.

**A.  The Superseding Indictment with a New Felony Charge Requires the Defense to Revisit Work that was In-Progress for Delivery on December 22, 2022**. The defense team will need to revisit all government exhibits with a new lens. The defense was not making any preparations for the many months prior to today to defend against civil disorder. The defense did not view exhibits with an eye toward "Civil Disorder." The government did not on its own provide evidence that was provided to the grand jury this week. It did not provide grand jury testimony. It did not provide anything. We may have serious objections for example when viewing documents or unauthenticated outdoor video of other people that the government will in its modus operandi as demonstrated to date in trials try to introduce against Mr. Barnett even though the exhibits are unrelated directly to Mr. Barnett. The defense must reexamine everything to develop objections where the government can introduce irrelevant exhibits to confuse the jury and blame Mr. Barnett for the actions of others to obtain a conviction.

**B. The Superseding Indictment Requires Use of a New Lens by the Defense for Supplemental Discovery Requests**. The indictment count for Section 231 only lists the statutory language. In addition to a motion to dismiss that is not covered in this motion, the defense requires supplemental discovery given the new felony charge. The AUSAs have refused to repopulate the USAfx folders specific to Mr. Barnett when that can be done in a matter of hours. The government's demand that the defense upload all its exhibits on USAfx for both the government and defense is constitutionally offensive. The defense is not required to provide its strategy and is

not required to provide its exhibits now. And the defense exhibits may now change given the superseding indictment.

Because the government added a new felony charge within three weeks of trial, and on the date of one deadline, and a week before the next deadline (with Christmas holiday in between), the defense has good cause to request a reasonable extension of time. The change to January 3, 2023 is reasonable. The government should have known and foreseen that by adding a new felony within three weeks of trial that the defense would need more time for pretrial actions. The government's subterfuge of ignoring reasonable discussion of an extension while filing a flawed motion to compel for exhibits it is not entitled to at this time may be worthy of sanctions. The government's demand that on this short notice that the defense develop sharing technology and take hours to upload files when the government's administrative personnel can repopulate the discovery folder with all items specific to Mr. Barnett is mean-spirited and unprofessional. The government's refusal to cooperate to repopulate discovery exacerbates the defense's need for additional time - especially when the government caused the need for an extension of time.

## IV.    CONCLUSION.

Wherefore, for good cause Mr. Barnett respectfully requests that the Court order an extension until January 3, 2023 for the defense to file expert witness names, objections to the government's exhibit list, the proposed jury instructions, and the proposed jury verdict form while additionally ordering the government to repopulate USAfx with all discovery specific to Mr. Barnett immediately, and allowing Mr. Barnett to edit previously filed documents.

Dated December 22, 2022                     Respectfully submitted,
<u>/s/ Carolyn A. Stewart</u>

Carolyn A. Stewart, Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
E: Carolstewart_esq@protonmail.com

Dated December 22, 2022                     Respectfully submitted,
<u>/s/ Joseph D. McBride, Esq.</u>

Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com

## CERTIFICATE OF SERVICE

I hereby certify on the 22nd day of December 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

<u>/s/ Carolyn A. Stewart</u>
Carolyn A. Stewart, Esq.

7