UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD BARNETT<br>also known as "Bigo Barnett," | No. 1:21-cr-38-CRC |

### United States' Response to Defendant's Motion to Continue Pretrial Deadlines and to Repopulate Discovery

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's Motion to Extend Time and for the Court to Order the Government to Repopulate Discovery ("Def.'s Mot."), ECF No. 101.

The defendant seeks an extension of three deadlines: (1) the December 19 deadline to disclose expert witnesses, (2) the December 22 deadline to object to the government's exhibits, and (3) the December 27 deadline to submit joint proposed jury instructions and a joint verdict form. *See* 11/29/2022 Minute Order (setting pretrial deadlines). Additionally, the defendant asks that the government be ordered to "repopulate USAfx with all discovery specific to Mr. Barnett immediately." ECF No. 101 at 6. The defendant claims that the deadline extensions are needed due to the government's recent superseding indictment, which charges the defendant with the additional count of civil disorder pursuant to 18 U.S.C. § 231(a)(3). As to the demand that the government re-produce all discovery previously provided in the case, the defendant appears to base this request on the logistical, technological, and financial problems he created for himself by

1

adding two new attorneys to his legal team in the past week. Because the defendant's requests each raise different issues, they are addressed individually below.

## BACKGROUND

The Court's November 29, 2022 Minute Order sets forth the parties' deadlines leading up to the January 9, 2023 trial. Those dates were set in large part based on the schedule proposed in the parties' November 28, 2022 Joint Notice of Trial Availability. ECF. No. 91. Pursuant to the Minute Order, the parties were to submit a joint proposed case summary and *voir dire* on December 19, 2022. Having received no proposal from the defendant, the government emailed a proposed trial summary and *voir dire* to the defense on the morning of December 19. That document stated that, "[o]n December 21, 2022, however, the United States intends to seek a superseding indictment adding an eighth count: a charge of civil disorder, in violation of 18 U.S.C. § 231(a)(3)."[1] A few hours later, counsel for both parties conferred by telephone.[2] During that conversation, the United States again notified the defense of its intention to supersede the indictment two days later, on December 21, to add one count of civil disorder. The defense raised no concerns about the timing of the superseding indictment or any pending deadlines. In

---

[1] Because the parties were unable to arrive at a joint proposal, the United States filed its proposal unilaterally after the close of business on December 19, 2022. The filed document contains the same statement about the proposed addition charge. *See* ECF No. 94 at 1 n.2

[2] The call included all three AUSAs on the government's trial team and Mr. McBride, Mr. Gross, and Mr. Geyer for the defendant. Ms. Stewart was not on the call and none of the defendant's other attorneys indicated that she would be joining the defense team several days later.

fact, the defense affirmatively represented that they did not expect the addition of the civil disorder count to impact the case, explaining that their preferred strategy was to let the government "over-punch."

Accordingly, the United States proceeded to provide both its exhibit list and its proposed exhibits to the defense on December 19. The defense provided the United States with the defendant's exhibit list, but the descriptions provided by the defense did not enable the United States to identify the defendant's exhibits. Because the government cannot reasonably determine whether it objects to an exhibit it has not had the opportunity to review, the United States requested that the defense provide its exhibits to the government in advance of the December 22 deadline to object to each other's exhibits. The defense still has not provided the United States with its exhibits; accordingly, the government preserved its objection to all of the defendant's exhibits and moved to compel the defense to provide its exhibits to the United States so that any litigation as to the admissibility of exhibits could be accomplished efficiently and without delaying the trial. *See* ECF Nos. 99, 100.

Instead of filing its objections to the government's exhibits on the December 22 deadline, the defense filed the instant motion seeking to extend that and other deadlines. The defendant's failure to comply with the Court's deadlines is unwarranted, and with one exception described below pertaining to the expert disclosure deadline, the government opposed the defendant's request for additional time.

## DEADLINES ARGUMENT

The defendant needs no additional time to object to the government's exhibits because objections to the admissibility of the government's exhibits should not be altered by the addition of the civil disorder charge. Exhibits that were already admissible would not somehow become inadmissible as a result of the added charge. At any rate, the defense received the government's exhibits on Monday, December 19, the same day the United States notified defense counsel of its intention to supersede the indictment. Therefore, even if the new civil disorder charge somehow did impact the defense's review of the government's exhibits, on the designated date for objections, December 22, the defense had the full amount of time contemplated by the Court's Minute Order to review the United States' exhibits.[3] As of the date of this response brief, the defense will already have had more than double the amount of time allotted by the Court. The Court should deny the defendant's request for more time to object to the government's exhibits.

Similarly, no extension of time is needed for the defense to file its jury instructions or verdict form. As an initial matter, the Court instructed the parties to presumptively use the jury instructions given in the *Strand* and *Robertson* cases. *See* 11/29/2022 Minute Order. The jury instructions in *U.S. v. Robertson*, Case No. 21-CR-34, include an instruction on the civil disorder charge that should presumptively apply here. To the extent that the defense wishes to research those instructions further, the parties' joint

---

[3] In contrast, the government still does not have any of the defense's exhibits.

proposal is not due until December 27, eight days after the defense learned about the United States' intention to supersede the indictment. That should leave the four or five attorneys currently representing the defendant more than enough time to conduct that research.[4]

With regard to the defendant's request to extend his time to notice experts, to the extent that the defense intends to introduce an expert somehow specifically related to the civil disorder charge, the government acknowledges that the defendant did not have an opportunity to do that by the expert disclosure deadline of December 19. As previously relayed to the defense, the United States does not oppose extending that deadline, but notes that the defendant's proposed new deadline of January 3 is only six days before trial and would leave the United States no time to consider or identify potential rebuttal experts, let alone to conduct a pretrial *Daubert* hearing in the event that one is needed. The United States therefore does not oppose a somewhat smaller extension until December 29 to make expert disclosures that specifically relate to the new civil disorder charge. This still only leaves the United States five business days before trial to respond to any such notice, but the United States acknowledges the need for certain shortened

---

[4] Attorneys McBride and Metcalf first appeared in this case by at least March 4, 2021. 3/4/2021 Minute Order. Attorney Gross entered his appearance on September 23, 2022. ECF No. 78. Attorney Stewart entered her appearance on December 22, 2022, ECF No. 98, and Attorney Geyer filed a motion for leave to appear pro hac vice on December 23, 2022. ECF No. 102. In an August 17, 2022 filing, the defendant stated that "[l]ead counsel is Joseph McBride, and co-counsel is Steven Metcalf," ECF No. 72 at 2, but the United States is uncertain whether Mr. Metcalf is still actively participating in this litigation since he has not been involved in any of the recent conferrals.

timeframes as a result of the superseding indictment. The United States opposes any new defense expert disclosures that are not specifically tied to the civil disorder charge.

## THE DEFENDANT'S REQUEST FOR THE UNITED STATES TO REPLICATE ALL DISCOVERY

Separate from the parties' correspondence about pretrial deadlines, while conferring with defense counsel on December 19, defense counsel asked the United States to reproduce the entire corpus of discovery provided to the defendant during the almost-two-year pendency of this case due to new defense counsel having recently joined the case. As the Court is aware, discovery in the cases of January 6 defendants has been one of the largest and most complex discovery undertakings in this nation's history. Since the defendant was indicted in January 2021, the United States has filed multiple notices of discovery on the docket, both explaining its processes and offering a growing host of tools to the defense to make discovery more searchable and accessible. *See, e.g.*, ECF Nos. 31, 37, 39, 41, 44, 45.

The United States explained to defense counsel that the request that the government reproduce all discovery was neither simple nor reasonable; it could not be accomplished with "the mere press of a button" as they insisted.[5] The United States

---

[5] It is worth noting that this is not the first unreasonable and unsubstantiated discovery complaint raised by the defense. *See, e.g.*, 3/30/2022 Minute Order (denying the defendant's request for access to the government's electronic discovery databases beyond the terms of the existing protective order); 11/23/2022 Minute Order (finding that the scope of discovery did not justify a continuance of the trial date because "[t]he defense has not identified any material evidence that it is lacking, either from the government's

further responded that the defense had been put on ample notice that counsel needed to download the government's productions to their own storage media because USA File Exchange ("USAfx") is a file *transfer* system, not a file *storage* system, and automatically deletes items after 60 days. Thus, counsel needed to download the materials provided to their own storage media after each production, as the defense was continuously advised. *See, e.g.*, ECF 31-1 (6/2/2021 letter to Attorney McBride stating, "Please be sure to download the entire folder, including all subfolders and files contained within the subfolders exactly as it was provided immediately upon receipt to your own storage media.); 6/16/2022 letter to Attorney McBride ("Further, we have reuploaded the discovery provided to you on January 27, 2022, via USA File Exchange. *Please be sure to download all materials within 60 days, when they will be deleted from the platform*.") (emphasis added). Moreover, the United States pointed out that all defense counsel had been provided access to the Relativity and Evidence.com platforms, which made the global discovery available to all defense counsel in a readily accessible and searchable format. Finally, at defense counsel's request (after they complained that file sharing platforms were costly) the United States set up a USAfx folder and provided access to all defense counsel of record. The United States hoped that defense counsel would use this platform to share the defendant's trial exhibits with each other (since at least one counsel

---

voluminous production of both case-specific and global discovery, or from other public source").

represented that he did not have them) and with the United States, as well as sharing any other discovery that needed to be shared among defense counsel.[6]

The defendant's five attorneys refused to agree to simply share discovery with each other, and further refused to provide a rationale for their refusal. They instead demanded that the government do the work for them. Despite having no obligation to re-produce discovery already in the defendant's possession but which his attorneys would not share with each other, the United States attempted to further assist defense counsel by investigating what it could reasonably provide to accommodate their request.

On December 23, 2022, the United States informed the defense that it had done its best to reconstruct what was previously provided to the defense over the past two years, and it was prepared to provide that data to every attorney on the defense team via USAfx, even though file names and folder structures were not necessarily the same as those originally provided to the defense as a result of the migration of much of the government's discovery to newer platforms. The government's email stated, in part:

> As we have previously explained, we are unable to recreate an exact replica of the discovery that was made available over the two-year pendency of this case. As noted repeatedly in discovery letters to counsel in this case, USAfx is a file transfer system, not a file storage system, and accordingly the system <u>automatically</u> deletes items after 60 days. Consequently, we cannot just press a button to repopulate the folders. And in the two years since the defendant's arrest, the government's methods of storing and sharing discovery have evolved to focus

---

[6] The United States advised defense counsel that it would have access to this file sharing environment because the folder would have to be created by a government attorney. The United States further inquired whether the defense wanted the United States to investigate whether defense counsel could create a folder themselves to which the government would not have access, but defense counsel did not respond to that question.

> on the Relativity and Evidence.com databases, to which you have access. Indeed, we have provided regular updates via both filings with the court and discovery letters to defense counsel describing the government's enormous, evolving, and ongoing efforts to organize and turn over discovery. While files on Relativity and Evidence.com are searchable and readily accessible, they do not necessarily bear the same folder structure, file names, or formats as earlier productions.
>
> So, all we can do is to attempt to reconstruct what was previously provided. Since Monday, when the defense first raised the issue of reproducing all of the case-specific discovery, we have worked within our technological limitations and done our very best to reconstruct the discovery productions previously provided to the defendant via USAfx. While we believe that what we have compiled contains all of the discovery previously produced via USAfx, we cannot guarantee that it is identical.  It may be over- or under-inclusive. And it does not contain items that were never provided via USAfx in the first place, such as the defendant's unscoped electronic accounts, because those items were transferred directly from the FBI to the defendant via a hard drive mailed to Mr. McBride.
>
> We understand the defense has recently added new attorneys to its team and that you do not all work in the same city or firm. Those decisions by the defendant are not the government's problems to solve. Nevertheless, in a genuine effort to be accommodating, we have done our best to respond to your request that the government reconstruct discovery. We are willing to provide what he have compiled to you, so long as you acknowledge and accept that it may or may not be exactly the same production as before, for the reasons explained above.
>
> **If this is acceptable to you, let us know and we will grant you all access to the new USAfx compilation.  If it is not, you can get the discovery previously produced from Mr. McBride. Or we can litigate the issue with the Court.**

Three days later, on December 26, defense counsel responded by e-mail. The defense did *not* request access to the new USAfx compilation, nor did they agree to simply get the discovery materials they sought from a member of their own team, Mr. McBride. Instead, the defense made a new demand:  that the United States "provide all of the document identifiers that are searchable in Relativity so that we can access all of the discovery that way." The United States does not understand this request. The defense has had access to the document identifiers that are searchable in Relativity, as well as support personnel

who can provide training and help with queries, for approximately a year. *See* ECF Nos. 39, 41, 44-45. As the defense is therefore well aware (or should be), files in Relativity are searchable by a lengthy list of identifiers and attributes, including defendant name, file name, file type, and location. More importantly, the United States has met its Rule 16 obligations by providing complete discovery to the defendant. In fact, the government has exceeded its Rule 16 obligations by attempting to fulfill the defendant's eleventh hour and highly burdensome request to reproduce all discovery in this case to accommodate his last-minute addition of two more attorneys to his trial team. The United States remains prepared to provide defense counsel with access to the USAfx discovery described in its December 23 email, but the government vehemently objects to being required to deviate any further from its own trial preparation efforts to do more of defense counsels' work for them, especially when all they have to do is share with each other the discovery they already have.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

*/s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
alison.prout@usdoj.gov
(404) 581-6000

MICHAEL M. GORDON

Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
michael.gordon3@usdoj.gov
(813) 274-6370

NATHANIEL K. WHITESEL
Assistant United States Attorney
D.C. Bar No. 1601102
601 D Street, NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7035