UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1:21-cr-00038 (CRC) |
| | ) | |
| RICHARD BARNETT, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE OPPOSING HIS MOTION TO EXTEND TIME AND FOR THE GOVERNMENT TO REPOPULATE DISCOVERY DELETED BY THE GOVERNMENT

Comes now the Defendant, Richard Barnett, by and through undersigned attorneys, and replies to the government's response, ECF No. 104; and respectfully moves this court to grant his motion, ECF No. 101, and provides the following in support:

### BACKGROUND

In the Motion, Mr. Barnett provided the relevant facts that should be incorporated here; and will not repeat facts except to correct any mischaracterizations provided to this Court by the Government in its response.

On December 22, 2022, the Government entered a superseding indictment with a new felony charge of 18 U.S.C. Section 231(a)(3) Civil Disorder that presents a substantial change to the indictment of record that had been unchanged since February 2, 2021. The Government's superseding indictment fell within the heart of the December 2022 holiday season, with full knowledge that the defense's lead counsel, Joseph D. McBride is currently being treated for Lyme Disease and was upstaffing to ensure compliance with the Court's timetable. The new

charge in this superseding indictment significantly disrupts and complicates the defense's ability to prepare for trial.

The Government has also been not flattered l Mr. McBride in its papers. This past summer, Attorney McBride advised that he had been diagnosed with Chronic Lyme Disease. McBride has since learned that he had been living with dormant Lyme for most of his life and that the Lyme went from dormant to active to chronic after McBride received the Moderna Covid-19 Vaccination. Knowing that a December trial date was approaching, McBride brought on Attorney Jonathan Gross in September 2022. Attorney Gross has attempted to obtain a complete accounting of discovery from the Government but has encountered significant challenges including government resistance.

Importantly, when negotiating the previous extension request (*See* ECF. No. 88), McBride specifically asked the Government for a continuance until February or March because of medical reasons. McBride was granted a much shorter continuance until January 9, 2023. To be trial-ready, McBride, against the orders of his medical team, canceled a December 9, 2022, medical procedure, as well as all other medical appointments and treatments. Then after conferring with his client, McBride and Mr. Barnett decided they would expand the defense team. During this process, Attorney Steven Metcalf, the second chair, in this case, was sent out to trial in the matter of USA v. Pezzola on December 19, 2022. Mr. Metcalf has since withdrawn from the case. McBride then brought on two more attorneys to be ready for trial, namely, Attorney Brad Geyer, and Attorney Carolyn Stewart. Surprisingly, the Government, yet again, initially balked at facilitating comprehensive access to discovery.

The Government justified its decision by citing a 60-day storage limit on the USAfx Box system, after which, on some unknown theoretical timetable, discovery is removed from Box and

then dumped into a relativity database named "Project Plum." The Relativity storage system does not have folders or organizational aids and requires different time consuming methods for search and retrieval and makes deconfliction of files already obtained through Box next to impossible. This does not seem to comply with basic discovery obligations as the Project Plum database contains copious terabytes of data from over twenty global discovery disclosures, along with a constant stream of files offloaded from Box and being put into Project Plum that no one seems to be able to explain or verify.

The Government seems to have forgotten that discovery in January 6th cases is so voluminous and with massive files that it cannot be sent electronically, as well as fact that the Government has disseminated discovery to defense attorneys in the most confusing way possible, which is to say over multiple dumps across different platforms, requiring licenses, tutorials, and strict compliance to protective orders that restrict sharing and access. The idea is flatly wrong, therefore, that the burden somehow falls on McBride under these circumstances and that because he may have had access to appearing and disappearing files some months ago the Government's duty is discharged. All the Government needs to do is to repopulate the discovery in the Box system that actually works as designed and it can also leave it there until after the conclusion of trial.

**ARGUMENT**

I. **The defense needs more time because the Government only recently provided its newly added attorneys with access to the original discovery and because the Government suddenly added a new charge that substantially changed the indictment.**

In its Response, the Government argues that "the defendant appears to base this request on the logistical, technological, and financial problems he created for himself by adding two new attorneys to his legal team in the past week." But the addition of two attorneys was in direct

response to the continuance denial, and was intended to ensure compliance with the Court's timetable. The new attorneys required repopulation of the original discovery on USAfx because there was no way for the defense to share discovery as it would require many hours of dueling uploads and downloads.

Incredibly, when the Government then begrudgingly offered to assist in providing discovery, the Government requested a defense disclaimer acknowledging that the government was not able to restore all files it had previously delivered. The Government admitted that "we are unable to recreate an exact replica of the discovery that was made available over the two-year pendency of this case. As noted repeatedly in discovery letters to counsel in this case, USAfx is a file transfer system, not a file storage system, and accordingly the system automatically deletes items after 60 days. Consequently, we cannot just press a button to repopulate the folders. And in the two years since the defendant's arrest, the government's methods of storing and sharing discovery have evolved to focus on the Relativity and Evidence databases, to which you have access." In other words, the Government did not track what discovery had been provided in the past, and its system did not contain logs and archives of what had been provided.

But the Government's response conflates additional time necessitated by the lack of access to the original discovery with the substantial eleventh-hour change to the indictment and its mistaken view that the defense is obligated to provide its exhibits now. The Court ordered the defense to provide exhibit lists and it did so. ECF No. 104 at 3. The defense has no requirement until right before trial to provide exhibits. And those exhibits associated with court exhibit lists are likely to significantly change as the defense learns what the Government's case is. Along the same lines, the defense has not had adequate time to review government exhibits on the compressed timeline they were received and certainly not through a Civil Disorder prism.

The Government declares that the defense strategy needs nothing more for its defense, as if the government gets to make that call, despite the last minute addition of a new charge where no discovery has been examined by the defense under the new lens of felony Civil Disorder. The defense must now go back to reviewing discovery with a broad view of everything outside the Capitol building while it dramatically expands the time horizon and relevant conduct.

In good faith attempts to move forward with the scheduled trial start date of January 9, 2023, and despite the eleventh hour superseding felony charge that is different in so many respects, the government provides no basis for rejecting the January 3, 2023 proposed postponement date. The government in its overall suite of actions to prejudice the defense, asserts that the defense can completely review and retool its case and strategy, to include witnesses and exhibits, between December 23, 2022 and December 29, 2022, yet the government cannot in six to eight days review any new proposed expert witnesses or jury instructions.

The Government's declarations that the defense needs no more time, (ECF No. 104 at 4-5) after it added a new felony charge that substantially changed the indictment within three weeks of trial. The Government argues in its Response that it gave notice of the superseding indictment on December 19, 2022 in a phone call, but the off-hand remark about the possibility of a superseding indictment was impromptu and had no legal effect. On December 19, when the parties conferred, the defense was seeking access to the discovery the Government deleted, while the Government demanded that the defense provide its exhibits, which the Government was not entitled to on December 19, 2022.

The fact is, rather than accommodate the attorneys added to comply with timelines, the Government was not immediately helpful in providing the necessary access to discovery, and worse yet, added a superseding indictment with a new felony charge that substantially changed

the indictment. Under these circumstances, the Court should grant an extension of time to the existing deadlines.

**II.    The Government misrepresents the nature of its discovery production system.**

The Government reminds the Court that "discovery in the cases of January 6 defendants has been one of the largest and most complex discovery undertakings in this nation's history," Yet somehow, the Government believes that the defendants have the burden of extracting the discovery from the Government's labyrinthian system, while the Government has no obligation to accommodate on its end.

The Government faults Mr. Barnett for supplementing his trial team (ECF No. 104 at 1-2) to ensure compliance with the Court timetable. Many January 6 cases have experienced attorney turn-over and additions, and the Government has routinely repopulated discovery folders in USAFX Box for staff requesting it. The Government blames Mr. Barnett for exercising his Sixth Amendment Constitutional right to representation instead of addressing why it instituted a policy of deleting his discovery from USAfx. With the many millions of dollars allotted by Congress for January 6 case prosecution and investigation, the Government has the means to properly preserve its discovery.  In fact, the government warning about the disappearing USAfx Box discovery is not obvious to users. The system retention warning is in the lower right corner of the screen in the email that is delivered when a person is invited to a USAfx folder by the Government. Once it's seen,  the user has to open that policy in a two step process.

Mr. Gordon offered in writing on December 23-24 that  he would provide discovery if the defense would acknowledge that the discovery format and filing would not be the same as previously delivered and could be more or less. The defense did not want to be coerced into allowing the government to say it could not reproduce what had been provided and did not have

a single list and compilation. Apparently the government attorneys (or clerks and assistants) upload to USAfx. The government deliberately failed to state that with its own attorney turnover, it did not have all prior AUSAs upload records. But even this is not wholly accurate because the government has IT people and others working as system administrators who maintain logs and archives.

The government could upload discovery and in fact, "Box" is a file storage system in spite of Government protestations to the contrary.. The government's arguments about Relativity and Evidence.com do not need the Court's attention other than to say the government is discussing apples and oranges. That the government hoped defense teams would use Relativity to share discovery and trial exhibits is absurd when the Relativity user disclosure sheet declares that the government has full access to all transactions on the system.

The arguments in the section of the response are majority specious. The government misrepresents the defense's ability to find documents in those databases. The Government's lack of understanding of the simple reference to file identifiers for Relativity seems to make clear that the Government does not understand what it is declaring the capabilites of the system. ECF No. 104 at 9. One must already have a file or path name to find documents specific to a defendant. A keyword search of unstructured text is a gamble with poor odds of success because of the lack of meta tagging for defendants by name. And here again, the Government declares that Mr. Barnett and any defendant who asks that a taxpayer funded file storage and sharing system be used when new attorneys come aboard are not its problem (*id*.) and thus must be at fault when the Government deletes evidence that is not readily (or sometimes not at all) findable in Relativity. The government thus asserts to this Court that a defendant who does not desire wasted download

and upload effort and increased expenses in creating his own file sharing system (and this includes for CJA billing of the government and taxpayer) is wrong.

Because the government uploaded some version of discovery to USAfx on December 23, 2022, while withholding defense access until December 27, 2022, the issue in ECF No. 101 appears moot, but we cannot ascertain, and the government did not ascertain, that this discovery is complete.

Accordingly, until the issue of the discovery is finally determined, the Court should grant the extension of time requested.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, and all those provided in his original motion, and any others this Court deems just and proper, Mr. Barnett, through counsel, respectfully requests that this Court grant the order at ECF No 101-1 for extension of time.

Dated December 27, 2022

>Respectfully submitted,
>
>/s/ Joseph D. McBride, Esq.
>Joseph D. McBride, Esq.
>Bar ID: NY0403
>THE MCBRIDE LAW FIRM, PLLC
>99 Park Avenue, 6th Floor
>New York, NY 10016
>p: (917) 757-9537
>e: jmcbride@mcbridelawnyc.com
>
>/s/Jonathan Gross
>Jonathan Gross
>2833 Smith Ave, Suite 331
>Baltimore, MD 21209
>(443) 813-0141
>jon@clevengerfirm.com

# CERTIFICATE OF SERVICE

I hereby certify on the 27th day of December 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Jonathan Gross
Jonathan Gross
