UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | Case No. 1:21-cr-00038 (CRC) |
| ) | |
| RICHARD BARNETT,     ) | |
| ) | |
| Defendant.   ) | |

**DEFENDANT'S OPPOSED MOTION FOR A CONTINUANCE; OR IN THE ALTERNATIVE FOR THE COURT TO DISMISS THE INDICTMENT**

Comes now the Defendant, Richard Barnett, by and through undersigned attorneys, and respectfully moves this court to grant a minimum sixty-day continuance from the scheduled trial start of January 9, 2023, in the interests of justice under 18 U.S.C. Section 3161(h)(7)(A) because the defense cannot adequately prepare to defend and will be highly prejudiced given the government's December 22, 2022, late entry of a completely new felony charge - that is not a minor adjustment - in a superseding indictment this close to trial. In the alternative, Mr. Barnett asks the Court to dismiss the entire indictment under Fed R. Crim. P. Rule 48(b) for its unreasonable delay in bringing the charge to the Grand Jury. The government opposes this motion for a continuance without reason, simply because it can. Mr. Barnett provides the following in support:

Mr. Barnett was indicted on February 2, 2021, for seven counts related to activity at the U.S. Capitol on January 6, 2021. ECF No. 19. On December 22, 2022, the government entered a superseding indictment at ECF No. 96 with a new felony charge of 18 U.S.C. § 231(a)(3) Civil Disorder. The additional felony count presents a substantial change to the indictment of record at ECF No. 19, which has been standing for twenty-three months. In addition, the existing felony

count in ECF No. 19's original indictment for 18 USC § 1512(c)(2) was materially changed in the superseding indictment.

The timing of the superseding indictment was in the heart of the December 2022 holiday season, where most people are unavailable to revisit work already done or for contact as experts or witnesses. Aside from the holiday challenges, the new substantial charge of Civil Disorder and the materially edited § 1512(c)(2) count preclude adequate defense preparation in the short time to the January 9, 2023 scheduled trial start date. The defense has made significant efforts to attempt to provide timely production of its Pretrial requirements. This honorable Court allowed for some short extensions of time for production, but the defense has not had time to prepare a holistic set of inputs under the full weight of the added Civil Disorder charge and the substantial change to the existing § 1512 (c)(2) charge.

Now having had some days to partially assess the new indictment's effect on our existing defense strategy and the needed preparation time, the defense states that it cannot adequately be ready to defend at trial on January 9, 2023 even with superhuman efforts. As such, Mr. Barnett requests that in the interest of the ends of justice that this Court grant the requested continuance of at least sixty days from January 9, 2023, or alternatively, dismiss the indictment under Fed R. Crim. P. Rule 48(b) for delay in bringing the charge to Grand Jury; and for the good reasons presented herein.

**I.    STATEMENT OF FACTS**

1. The original indictment at ECF No. 19 included seven counts that the defense was preparing to defend against over the course of twenty-three months.

2. Defense efforts included going through more than a thousand files and 98+ gigabytes of data specific to Mr. Barnett in the government-provided discovery; and conducting

countless hours of video review and gathering its own evidence, witnesses, and experts. All efforts prior to December 22, 2022 gave no consideration to Section 231 (a)(3) Civil Disorder, nor do we even know where on the Capitol grounds and with whom Mr. Barnett allegedly participated in a civil disorder.

3. The defense needs time to submit a motion to dismiss the Section 231(a)(3) Civil Disorder charge if the Court does not do so here by dismissing the indictment. The count is facially defective as written, where the language appears to indicate the Grand Jury was given evidence never provided to Mr. Barnett; and the government's proposed jury instructions which do not match the indictment language indicate possible inadequate recognition of the definitions as contained in Section 232.

4. The government identified no federal (Executive) function such as mail delivery, no act of violence, and no instance of interfering with interstate commerce in the Section 231(a)(3) charge; and provided no discovery with any such evidence. If Congress included itself in Section 231(a)(3) as a federally protected function, then the Government has instituted multiplicity and bootstrapping in this superseding indictment. There is no factual difference between what the government alleges will satisfy § 231(a)(3) and §1512(c)(2).

5. A twenty-three-month-old defense strategy is now moot, as it was developed under the lens of the seven-count indictment at ECF No.19.

6. The trial date was set for November 2022, but the defense received a continuance due to Attorney McBride's medical issues stemming from a COVID-19 Vaccine related injury.

7. With the trial set to begin on January 9, 2023, Mr. McBride put aside his medical treatment, against his doctors' orders, to be ready for the forthcoming January 9, 2023, trial date.

8. The government purposefully made no mention to McBride or the Defense Team, any time before December 19, 2022, that it was considering adding a new charge to the indictment.

9. Pretrial production was ordered (see ECF No. 90) for the January 9, 2023 trial date.

10. On December 22, 2022, the government entered the superseding indictment with eight counts.

11. Pretrial production was provided, and preparation was conducted under the lens of the indictment at ECF No. 19.

12. The superseding indictment is substantially and materially different from the original indictment, with the additional felony charge of 18 USC section 231(a)(3) as Count One; and a material change to the previous Count 1 that is now Count 2 for 18 USC § 1512(c)(2).

13. If counting chronological days that include Christmas Eve, Christmas Day, New Year's Eve, New Year's Day, and the two federal holidays, the superseding indictment allowed seventeen days before trial to prepare to defend against an entirely new charge and to adjust the defense strategy as needed, including identifying and preparing witnesses and exhibits. Translated to business days, the time allowed was nine days.

14. The original indictment for § 1512(c)(2) included the limited specificity allegations that Mr. Barnett attempted to and did corruptly obstruct, influence, and impede an official proceeding, that is a proceeding before Congress by his entering and remaining in the United States Capitol without authority, and engaging in disorderly and disruptive conduct.

15. The superseding indictment's § 1512(c)(2) charge now states that Mr. Barnett attempted to and did corruptly obstruct, influence, and impede an official proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

16. The previously submitted motion to dismiss the count for 18 USC § 1512(c)(2) was written under a different fact set than that contained in the superseding indictment.

    a. The §1512(c)(2) charge in the superseding indictment is facially defective. If the indictment is not dismissed as part of this motion, the defense needs time to submit a motion to dismiss the materially changed charge.

    b. The superseding indictment states that the official proceeding was Congress's "certification" of the electoral votes under the Twelfth Amendment to the U.S. Constitution and 3 U.S.C. §§ 15-18. The authorities cited do not give Congress a "certification" role or function.

17. The entire defense strategy must be thoroughly examined under these material changes to the indictment, where decisions about exhibits and witnesses needed are now from a completely different perspective than what was in progress since February 2021. And any new witnesses have to be available on short notice during potential air travel non-availability.

### III.   LEGAL STANDARD

The continuance authority is the Speedy Trial Act, 18 U.S.C. Section 3161 et seq. While Section 3161(c)(2) provides a 30-day shield where a defendant may not be compelled to go to trial in under thirty days from the date the defendant first appears through counsel, that does not apply here. Language in the Speedy Trial Act (the Act) "does not require that the 30-day trial preparation period be restarted upon the filing of a superseding indictment." *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985). The appropriate reference is to 18 U.S.C. (h)(7)(A)[1] where the Act gives the trial judge broad discretion. *Id*.

---

[1] At the time of the US Supreme Court decision, the section was (h)(8).

> In concluding as we do that the Act does not require that the 30-day trial preparation period be restarted upon the filing of a superseding indictment, we do not hold that a defendant must always be compelled to go to trial less than 30 days after the filing of such an indictment.
>
> *Rojas-Contreras*, 474 U.S. at 236.

18 USC Section 3161(h)(7)(A) authorizes this Court to grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." "The authority of the District Court to grant an 'ends of justice' continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant." *Rojas-Contreras*, 474 U.S. at 236. This district held that: "The general rule is that a superseding indictment may be filed at any time prior to trial on the merits, as long as it does not prejudice defendants . . . This Court does not find that a delay of approximately one year, before a trial date has been set, constitutes prejudice." *U.S. v. Eiland*, Criminal No. 04-379 (RCL), at *6-7 (D.D.C. Oct. 26, 2005).

The U.S. Supreme Court determined that minor corrections to an indictment, such as correcting a date, do not constitute prejudice. *Rojas-Contreras*, 474 U.S. at 236-37. In concurring with the Court opinion, Justices Blackmun and Brennan wrote that they "fully recognize that a superseding indictment may add to a defendant's burden in preparing for trial. In the event of <u>additional charges, *or of material changes*</u>, a defendant well may need additional preparation time." *Id*. at 240. (Emphasis added).

Justices Blackmun and Brennan continued that "the failure to grant such a continuance. . . would deny counsel for the defendant . . . the reasonable time necessary for effective

6

preparation.[2] The constitutional right to assistance of counsel is rendered meaningless if a defendant is forced to trial in the absence of adequate time to prepare." *Id*.

The concurring Justices also addressed <u>not prejudicing a defendant</u> in that:

> [A] continuance should be granted where there is a meaningful possibility that a superseding indictment will require *an alteration or adjustment in the planned defense*. Trial courts should bear in mind that counsel may require time fully to analyze the impact of the superseding indictment, and to explore any options it presents or precludes.

*Rojas-Contreras*, 474 U.S. at 240-41 (Emphasis added).

"Finally, although courts have recognized 'oppressive pretrial incarceration' as an example of prejudice, 'the most serious prejudice courts consider is the possibility that the defense will be impaired.'" *United States v. Nordean*, CRIMINAL ACTION 21-175 (TJK), at *6 (D.D.C. June 24, 2022).

IV.   **ARGUMENT**

    A.   <u>**The Eleventh Hour Timing of the Superseding Indictment Prejudices the Defense**</u>.

The U.S. Supreme Court in *Rojas* considered a case similar to ours that involved a superseding indictment within thirty days of trial. It answered the question that the Speedy Trial Act's shield of thirty days before a new defendant could be tried when given a superseding indictment does not apply. Essentially, there is no prejudice or impairment under *Rojas* and other cases, including in the D.D.C. if the superseding indictment makes only minor changes. Prejudice arises with additional new charges and material changes as exist here. The additional charge of Section 231(a)(3) Civil Disorder within three weeks of trial start caused the defense team to conduct a wide range of unplanned tasks that were not part of the defense plan or workload.

---

[2] The section of the Act the Justices referred to, that are now elsewhere was 18 U.S.C. § 3161(h)(8)(B)(iv).

"The proof of prejudice must 'be definite and not speculative. Courts apply the actual prejudice test stringently.' *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995) (quoting *United States v. Butz*, 982 F.2d 1378, 1380 (9th Cir. 1993)). Not only must the prejudice be actual, it must be substantial. *Marion*, 404 U.S. at 325." *United States v. Evans*, 22-cr-63 (RCL), at *4 (D.D.C. Nov. 8, 2022)

The prejudice here is not speculative and is actual. This diversion off task with an incredibly high tax on our resources has proven prejudicial to our ability to adequately defend given the timing of the superseding indictment by the government this close to trial. Instead of refining and executing our playbook, the defense had to add new research on the law; attempt to ascertain what and where the government is even referring to for the additional alleged felony of Section 231(a)(3) Civil Disorder; identify changes needed for Pretrial products already submitted or being prepared; go back to review all discovery with a different lens and reassess the overall defense strategy. ***Rojas* states that a continuance should be granted when a superseding indictment impacts defense strategy and planning.** Here, the changes made by the government are material and, therefore, significant. There is no speculation among defense team members about the increased workload and the interference with what was planned for the remaining preparation time for trial.

**We are in the exact situation that Justices Blackmun and Brennan described in *Rojas* as burdensome, where a continuance can assist if the Court chooses not to dismiss the indictment.** Understanding the preparation issues, the D.D.C. held that "The filing of superseding indictments may require each defendant to reevaluate and restructure his defense strategy multiple times. As a result, were a defendant not given sufficient notice of new indictments, he might be unable to prepare an adequate defense." *U.S. v. Eiland*, Criminal No. 04-379 (RCL), at *7 (D.D.C.

Oct. 26, 2005). **This precisely describes our defense situation. We cannot prepare an adequate defense because we were not given enough time or sufficient notice of the additional charge and material change elsewhere in the indictment under a timeline with a January 9, 2023 trial start.**

However, the *Eiland* case is distinguished from ours because there the government kept the defense and court appraised of upcoming indictments. *Id*. Here, the government was silent for over twenty-two months until around December 19, 2022, when it suggested it might add a new charge. Nothing was indicated months ago that a new felony charge could be forthcoming. Even going back to the affidavit statement of facts from January 2021 for the arrest complaint, no mention was made, and no facts were presented for a charge of civil disorder. The government's comment sounded like bluster on December 19, 2022, after the defense team asked for support in sharing what had previously been provided as discovery to legacy and departed attorneys and now with recently added defense attorneys for the trial team.

The Legal Standard section *supra* shows agreement from the Supreme Court to the D.D.C. that the provision of a continuance by the Court for the ends of justice can help mitigate the prejudice caused to the defense in our situation. Because the superseding indictment added a new felony charge and materially changed the felony Section 1512(a)(2) count at the last minute without adequate forewarning, the ends of justice will be served by a continuance that outweighs the best interest of the public and the defendant in a speedy trial.

   **B. <u>The Government Should Not be Rewarded by Forcing the Defendant to Trial When Not Adequately Prepared Because the Government Impaired Preparations</u>**

The government has advantaged itself while knowingly disadvantaging the defense team. If this were a football game, the late superseding indictment on the eve of the trial would be

equivalent to the government placing one hundred points on the scoreboard for itself before anyone entered the field. The government has gone about its trial strategy and preparation since December 22, 2022, while prejudicing the defense by impairing the defense team's plans. The defense had to step away from actions and plans underway. The government's late superseding indictment caused the defense to reassess strategy from top to bottom. The defense is impaired because of the unplanned strategy assessment and additional workload.

In this case Mr. Barnett is not arguing against the exclusion of time under the Speedy Trial Act. The defense can adjust and be prepared for trial if given a continuance. There is no problem with the Sixth Amendment right to a speedy trial under these circumstances where the government impaired and prejudiced the defense for a January 9, 2023 trial start date. In *Barker v. Wingo,* 407 U.S. 514 (1972) the Court said what is most analogous to what is going on here; "the most serious' form of prejudice: the impairment of his defense." *Barker*, 407 U.S. at 532.

Because of the severe impairment of the defense this close to the trial, the Court should grant the requested continuance for the ends of justice. This is not a football game or any type game where the government can drop a superseding indictment with an additional charge and substantial changes to derail defense efforts. Because the government cannot have unloaded its bomb of the superseding indictment without having deliberately planned the timing, where this involves Mr. Barnett's liberty, the government should not be rewarded by being given an additional advantage.

### C. The Ends of Justice Are Served by Granting the Requested Continuance.

As recently stated by the D.D.C., "although courts have recognized 'oppressive pretrial incarceration' as an example of prejudice. . . 'the most serious prejudice courts consider is the possibility that the defense will be impaired.'" *United States v. Nordean*, CRIMINAL ACTION

21-175 (TJK), at *6 (D.D.C. June 24, 2022) (quoting *United States v. Homaune*, 898 F.Supp.2d 153, 170 (D.D.C. 2012), and *Taylor*, 2020 WL 7264070, at *9). The defense assesses that the late superseding indictment, that would get thrown out on laches if this were a civil matter, has impaired the defense's ability to proceed to trial on January 9, 2023. The government's timing disrupted the defense plan since December 22, 2022. The defense has lost a week and counting due to reassessing and responding. Even if the Civil Disorder Count One were dismissed outright, the defense cannot time travel into the past and regain the time to be ready for trial on January 9, 2023. The government, and the government alone, wholly disrupted and impaired our efforts and caused us to spend precious time trying to incorporate the additional charge and substantial changes from the superseding indictment into the remaining pretrial production.

Because of the disruption and impairment to the defense, the ends of justice are served if the requested continuance is granted.

### D. As an Alternative to Continuance the Court Should Dismiss the Superseding Indictment With Prejudice.

Fed R. Crim. P. Rule 48(b) allows this Court to dismiss the indictment for unnecessary delay in presenting a charge to the Grand Jury. If any case qualifies, this would be that case. Mr. Barnett was originally indicted on February 2, 2021. At no time during the twenty-three months that the government has been involved with the case has it hinted that it would pursue a Section 231(a)(3) felony charge. The government has included Section 231(a)(3) in many other cases to add a felony to the Section 1752 and 40 USC Section 5104 misdemeanors. The government has offered no new evidence. It sat on this charge for almost twenty-three months. The unnecessary delay gives the appearance of gamesmanship through use of the DOJ charging system.

The government opposes this motion, yet it is inconceivable that the government did not foresee that adding a new, distinct, felony charge within three weeks of trial and during the heart of the holiday season on December 22, 2022, would lead to this motion for an extension of time. It is common knowledge that the annual period from December 22 to January 2 is family and travel time, where the defense's ability to enlist witnesses and find exhibits with support by investigators would be near impossible. The delay in seeking the charge caused prejudice to the defense as stated in IV. A-C *supra*. The amount of time required to revisit all prior work and evidence with an eye on the Civil Disorder charge has impaired the defense's ability to proceed with its strategy because it now assesses it requires major revamp of its strategy. There is a requirement for supplemental discovery and to revisit pretrial production. The delay in bringing the charge has caused unfair prejudice to the defense.

The delayed timing to bring the Grand Jury the charge is very suspect. On December 19, 2022 when the defense was professionally trying to use USAfx with government reload of the discovery it had deleted, the defense introduced Attorney Geyer and noted that another attorney would be joining. Only during this call did the government then say it might be adding a new charge. As of December 19, 2022 there was no new charge. By its own admission, the government states in its ECF No. 104 that "[o]n December 21, 2022, however, the United States intends to seek a superseding indictment adding an eighth count: a charge of civil disorder, in violation of 18 U.S.C. § 231(a)(3)." The facts are that the defense told the government about its trial team and requested help to reload discovery, and the government responded by going to the Grand Jury to obtain the additional felony charge on December 21 with nothing new.

Because of the twenty-three month delay by the government in bringing the Civil Disorder charge to the Grand Jury, the defense now is prejudiced and impaired. The government should

12

have foreseen this result. The additional factors that should be considered here are the stress and anxiety laid upon the Defendant. But for the delay by the government in bringing the charge to the Grand Jury, the defense would not need a continuance. Because of the above, the Court should dismiss the indictment, especially to deter the government from repeating this type of action.

   E. **As an Alternative to Continuance, the Court Should Dismiss the Superseding Indictment or Count One for Vindictive Prosecution**.

   1. **Legal Standard**.

"A vindictive prosecution is one in which 'the government acts against a defendant in response to the defendant's prior exercise of constitutional or statutory rights.' *United States v. Meyer,* 810 F.2d 1242, 1245 (D.C.Cir.1987)." *United Space Alliance, LLC v. Solis*, 824 F. Supp. 2d 68, 98 (D.D.C. 2011).

For a claim of vindictive prosecution, "a defendant must establish that the increased charge was 'brought *solely* to 'penalize' [him] and could not be justified as a proper exercise of prosecutorial discretion.'" *Slatten*, 865 F.3d at 799 (quoting *United States v. Goodwin*, 457 U.S. 368, 380 n.12, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)). "This can be accomplished either (1) directly with 'objective evidence that a prosecutor acted in order to punish him for standing on his legal rights' or (2) indirectly with evidence showing 'realistic likelihood of vindictiveness,' which gives rise to a presumption that the government must then attempt to rebut with objective evidence justifying its action." *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 174 (D.D.C. 2020) ((quoting *U.S. v. Meyer*, 810 F.2d 1242, 1245 (D.C.Cir. 1987)) (quoting *Blackledge*, 417 U.S. at 27, 94 S.Ct. 2098).

If there is no evidence of actual vindictiveness on the part of the government, we must raise the presumption of vindictiveness by showing that the government's "action was more likely than

13

not attributable to vindictiveness." *United Space Alliance, LLC v. Solis*, 824 F. Supp. 2d 68, 98 (D.D.C. 2011)(quoting *United States v. Safavian,* 649 F.3d 688, 692 (D.C.Cir.2011). Further:

> A "realistic likelihood of vindictiveness" exists when the relevant action by the prosecution "was 'more likely than not attributable to the vindictiveness on the part of the government." *Meadows*, 867 F.3d at 1311 (quoting *United States v. Gary*, 291 F.3d 30, 34 (D.C. Cir. 2002) ). Critically, to establish a realistic likelihood of vindictiveness in the pretrial context, a defendant must present more than "proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right." *Meyer* , 810 F.2d at 1246 (citing *Goodwin* , 457 U.S. at 381–84, 102 S.Ct. 2485). Nor does a presumption of vindictiveness arise merely because of a long delay between the relevant criminal conduct and the prosecution for that conduct. *Gary*, 291 F.3d at 35.

*United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 174-75 (D.D.C. 2020).

> A defendant may make that showing in two ways. First, he may show 'actual vindictiveness' by offering 'objective evidence that a prosecutor acted in order to punish him for standing on his legal rights.' *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987). Second, he may 'rely on a presumption of vindictiveness[] when the facts indicate a 'realistic likelihood of vindictiveness,' that is, when the facts indicate that 'the second indictment was more likely than not attributable to the vindictiveness on the part of the Government,' *United States v. Meadows*, 867 F.3d 1305, 1311 (D.C. Cir. 2017) ((quoting *United States v. Gary*, 291 F.3d 30, 34 (D.C. Cir. 2002)).

*United States v. Allgood*, CRIMINAL ACTION 21-416 (RDM), at *7 (D.D.C. July 7, 2022)

"If the Government can produce objective evidence that its motive in prosecuting the defendant was not vindictive, then 'the defendant's only hope is to prove that the justification is pretextual and that actual vindictiveness has occurred.'" *U.S. v. Safavian*, 649 F.3d 688, 692 (D.C. Cir. 2011).

### 2. Argument.

The evidence here appears circumstantial since the defense does not have any communications from inside the government. The timing of the first mention of any new felony charge and a superseding indictment was when defense team members advised the government on December 19, 2022, that the trial team was forming. This falls under actual vindictiveness because Mr. Barnett was exercising his Sixth Amendment right to counsel in forming a defense team. The

government's responses to requests for discovery on USAfx had vindictive undertones, such as arguing against support for discovery by reuploading files and blaming Mr. Barnett "for problems he created for himself by adding two new attorneys to his legal team in the past week." ECF 104 at 1-2. Then he was hit with a superseding indictment harsher than the original. The actions may fall under presumptive vindictiveness. Other evidence includes that the indictment stood for twenty-three months without the addition of felony Civil Disorder. No new evidence was provided to Mr. Barnett that indicated the felony charge of civil disorder was on the horizon. Circumstantially tied to this is the government's motion to compel Mr. Barnett to provide exhibits that the government was not entitled to at this time by the federal rules or any court order. ECF No. 100.

Because of the timing of the superseding indictment when the government produced no new evidence and had done nothing to bring the charge to a Grand Jury for 23 months, it appears vindictive. This also appears vindictive because other January 6 defendants or attorneys have conveyed publicly that the DOJ is adding or threatening to add felony charges if defendants charged with misdemeanors insist on going to trial. Used in multiple instances by the government is the threat of adding a terrorism enhancement. None of this falls under prosecutorial discretion. The difference between *vindictive* and *coercive* can only be determined with a response.

V.   **CONCLUSION**

The defense team has worked tirelessly to try to proceed on January 9, 2023. Because the superseding indictment contains substantial changes where the defense cannot adequately prepare to defend and adjust its strategy without a minimum of a sixty-day continuance due to the eleventh hour surprise, the Court should grant this motion on the basis that the ends of justice are best served where a continuance outweighs the best interest of the public and the defendant in a speedy trial.

Alternatively, the Court under Fed. R. Crim P. Rule 48(B) can decide to dismiss the entire indictment based on the good reasons provided herein.

WHEREFORE, for the foregoing reasons, and any others this Court deems just and proper, Mr. Barnett through undersigned counsel, respectfully requests that this Court grant the continuance or alternatively dismiss the indictment and issue the attached proposed order in the interests of fairness and justice under 18 U.S.C. Section 3161(h).

Dated December 30, 2022

Respectfully submitted,
/s/ Carolyn A. Stewart

Carolyn A. Stewart, Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com


Respectfully submitted,
/s/ Joseph D. McBride, Esq.

Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
p: (917) 757-9537
e: jmcbride@mcbridelawnyc.com


## CERTIFICATE OF SERVICE

I hereby certify on 30th of December 2022, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn Stewart, Esq.
Carolyn Stewart, Esq.