UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-38 (CRC) |
| v. : | |
| : | |
| RICHARD BARNETT : | |
| also known as "Bigo Barnett," : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT EVIDENCE OF THE CULPABILITY OF OTHERS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motion *in limine* to preclude the defendant from introducing evidence or argument related to the culpability of other participants in the January 6, 2021 riot at the U.S. Capitol.

I.   **Background**

The Court is well familiar with the background of this case and the broader background of the January 6, 2021 Capitol riot. The defendant is charged with eight counts related to his specific conduct that day. He is not charged with conspiracy. Nor is he charged together with any co-defendants. The government seeks to hold the defendant accountable for his conduct alone.

Pretrial disclosures by the defendant suggest that he intends to advance a defense that he is not guilty as a result of the relative conduct and culpability of others. For instance, the defendant has provided notice that he seeks to introduce expert testimony as to the defendant's culpability relative to others at the Capitol on January 6. *See* ECF Nos. 111 & 111-1 (Government's Motion to Exclude Expert Testimony and Defendant's Expert Notice of Mark Snell). The defendant has also identified multiple exhibits that highlight the conduct of other particular individuals present

at the Capitol on January 6, including identifying others by name and highlighting their individual actions. The following are screenshots from some of the defendant's proposed video exhibits, and none of the highlighted individuals is the defendant:

**Screenshot from Defense Exhibit 31**



**Screenshot from Defense Exhibit 43[1]**



---

[1] The middle image in the panel in the upper left quadrant is identified as "Derrick Evans." Evans was prosecuted for his conduct on January 6, 2021, in case number 1:21-cr-337 (RCL) and pleaded guilty to civil disorder, in violation of 18 U.S.C. § 231(a)(3). Judge Lamberth sentenced him to 3 months of incarceration.

The five people identified in the panel in the lower right quadrant are members of the Oath Keepers, including defendants Donovan Crowl, Jessica Watkins, Graydon Young, and David Moerschel, who are charged together in case number 1:21-cr-28 (APM) and set to begin trial on February 1, 2023. The image is identified as "Video from Jason Dolan Phone;" Dolan is another Oath Keeper charged in that same case. Dolan pleaded guilty via plea agreement to conspiracy, in violation of 18 U.S.C. § 371, and obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2).

**Screenshot from Defense Exhibit 48[2]**



---

[2] The United States prosecuted Timothy Allen Hart for his conduct on January 6, 2021, in case number 1:21-cr-540 (PLF). Hart is set to begin trial on October 2, 2023.

4

**Screenshot from Defense Exhibit 50[3]**



Such evidence is irrelevant to the jury's determination of the defendant's guilt and is inadmissible pursuant to Federal Rule of Evidence 402. Moreover, the evidence is unfairly prejudicial and runs a substantial risk of confusing the jury, in violation of Rule 403.

II.     **Argument**

Only evidence that is relevant may be admitted at trial. Fed. R. Evid. 402. To be relevant, the evidence must have a "tendency to make the existence of [a] fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Sesay*, 313 F.3d 591, 599-600 (D.C. Cir. 2002). Even if the defendant can articulate *some* basis for believing that certain information is relevant to his

---

[3] The caption "Isaacs and Harrelson" refers to William Isaacs, another of the Oath Keepers charged in case number 1:21-cr-28 (APM) and set to begin trial on February 1, 2023, and Kenneth Harrelson, an Oath Keeper who was convicted of tampering with a witness, victim, or informant, in violation of 18 U.S.C. §§ 1512(c)(1) and (2), among other crimes, in case number 1:22-cr-15 (APM). Harrelson is represented by a member of this defendant's defense team.

defense, the Court "may exclude marginally relevant evidence and evidence posing an undue risk of confusion of the issues without offending a defendant's constitutional rights." *United States v. Alayeto*, 628 F.3d 917, 922 (7th Cir. 2010) (citing *Holmes v. South Carolina*, 547 U.S. 319, 326–27 (2006)). Thus relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Finally, the introducing party carries the burden to establish both relevancy and admissibility under the evidentiary rules. *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020). For the reasons below, the Court should exclude evidence and argument as to the culpability of other participants in the January 6, 2021 riot at the U.S. Capitol.

It is well-established that the possible guilt of others is no defense to a criminal charge, and a jury may not consider whether anyone else should be prosecuted during its deliberations. The Sixth Circuit's Pattern Jury Instruction sets forth this principle, warning jurors that the possible guilt of others may not influence their decision:

> Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. *Do not let the possible guilt of others influence your decision in any way.*

Sixth Circuit Pattern Jury Instructions, Defining the Crime and Related Matters No. 2.01(3) (2021) (emphasis added). Likewise, the Tenth Circuit's pattern instruction states that the possible guilt of others should not even enter the jurors' thinking:

> You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.
>
> It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. *The fact that another person also may be guilty is no defense to a criminal charge.*

> *The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.*

Tenth Circuit Criminal Pattern Jury Instructions No. 1.19 (2021) (Caution – Consider Only Crime Charged) (emphasis added); *see also United States v. Arras*, 373 F.3d 1071, 1076 (10th Cir. 2004) (affirming use of the jury instruction, "You are here to decide whether the government has proven beyond a reasonable doubt that each defendant is guilty of the crimes charged. And you must not be concerned with the guilt or innocence of other persons not on trial as a defendant in this case"); *United States v. Dennis*, 645 F.2d 517, 520, n.3 (5th Cir. May 22, 1981), overruled on other grounds, *United States v. Lane*, 474 U.S. 438 (1986)) (affirming jury instruction stating in relevant part, "You are not called upon to return a verdict as to the guilt or innocence of any other person or persons who you think might also be guilty but are not charged in the Indictment."). The D.C. Circuit recognizes this principle as well, although its pattern instruction applies specifically to cases involving multiple defendants. *See* Criminal Jury Instructions for the District of Columbia No. 2.403 (Fifth Edition, 2021) ("The fact that you may find one defendant guilty or not guilty should not influence your verdict as to any other defendant.").

The government acknowledges that the charges of civil disorder, 18 U.S.C. § 231(a)(3), and obstruction of an official proceeding, 18 U.S.C. §§ 1512(c)(2) & 2, implicate events and aspects of the January 6, 2021 Capitol riot where the defendant was not personally present, and therefore, evidence that does not involve the defendant will be relevant to establish that law enforcement officers were engaged in responding to a civil disorder when the defendant interfered with them, and that Congress was actually obstructed by the defendant and/or others he aided and abetted. Nonetheless, evidence intended to highlight the specific culpability or actions of handpicked individuals with no relation to the defendant or the charges he faces invites the jury to do precisely what the law prohibits: "let the possible guilt of others influence [their] decision

in any way." Sixth Circuit Pattern Jury Instructions, No. 2.01(3). Any remote probative value such evidence might carry is far outweighed by the likelihood of confusion and the distraction brought on by the need for a "mini-trial" on the conduct of other parties. Efforts to introduce such evidence can only be designed to either unfairly prejudice the jury by creating confusion, garner sympathy for a "lesser" participant in the riot like the defendant, or support a bid for jury nullification. All such evidence should therefore be excluded.[4]

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney
                                      D.C. Bar Number 481052

                                      */s/ Alison B. Prout*
                                      ALISON B. PROUT
                                      Assistant United States Attorney
                                      Georgia Bar No. 141666
                                      75 Ted Turner Drive, SW
                                      Atlanta, Georgia 30303
                                      alison.prout@usdoj.gov
                                      (404) 581-6000

                                      MICHAEL M. GORDON
                                      Assistant United States Attorney
                                      Florida Bar No. 1026025
                                      400 N. Tampa St., Suite 3200
                                      michael.gordon3@usdoj.gov
                                      (813) 274-6370

                                      NATHANIEL K. WHITESEL
                                      Assistant United States Attorney
                                      D.C. Bar No. 1601102
                                      601 D Street, NW
                                      Washington, DC 20530
                                      nathaniel.whitesel@usdoj.gov
                                      (202) 252-7035

---

[4] To the extent that any such evidence or argument is admitted over the government's objection, the government will seek a jury instruction akin to the Sixth Circuit or Tenth Circuit pattern instructions cited herein.