UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cr-00038 (CRC) |
| | ) | |
| **RICHARD BARNETT,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT RESPONSE OPPOSING A CONTINUANCE OR ALTERNATIVELY TO DISMISS THE SUPERSEDING INDICTMENT**

Comes now the Defendant, Richard Barnett, by and through undersigned attorneys, and replies to the government's response at ECF No.114; and respectfully moves this court to grant his motion at ECF No. 112, based on his original motion and the following:

**I.    SUMMARY UP FRONT.**

Contrary to the government's false, defamatory assertion in its response at ECF No. 114 that our motion was a delaying tactic, the request for a sixty-day continuance resulted directly from the government's recent actions that impaired our readiness for trial.  The time drain that we reported as impairing our defense strategy execution includes research of the law, rework of already done or in progress pretrial deliverables, finding experts and witnesses where the entire outside of the building is now in play with the new charge,[1] and reviewing discovery with a specific eye on the new charge because the government provided no direction as to any specific conduct, time, place, or people that were involved. The defense asserted that without a continuance it could not be ready for trial on January 9, 2023. The government responded with ad hominem attacks and often

---

[1] One of our expert witnesses, Mr. Snell, advised that the time available is insufficient for him to support the defense given the change in scope where all evidence and the area to be examined must be revisited under a new perspective. This is one definite example of how the defense was prejudiced.

misrepresentative case law references, and with little effort to address the issue. Instead, the government most unethically accused Mr. McBride of faking his illness and the entire defense in its response of essentially lying and deliberately delaying and acting unprofessionally. A sanction against the government for this appears warranted, especially given the Court's minute order on December 27, 2022 denying the government's motion to compel and encouraging professional cooperation.

The government's response asserts a non-existent authority for it to determine the amount of time the defense needs. The government said we need no more time. In a stunning new assertion of how defense cases operate, the government declares that because the defense knows the scope of Mr. Barnett's conduct it therefore needs no additional time to prepare to defend against a new felony charge. This means caselaw, defense witnesses, defense exhibits, and exculpatory evidence should not be considered or presented at trial. The government's recent motion to exclude defense expert witnesses reinforces that government view of what the defense should be allowed for trial. The government in its response provided the defense with no hint of the type of conduct, time of day, location, or anything else Mr. Barnett must defend against. The government provided no insight to the conduct it may or may not use and may or may not have presented to the Grand Jury. Because of this, the response does nothing to present the government in a good light regarding the totality of the circumstances surrounding its eleventh hour superseding indictment, or why the Court should not issue the motion's proposed order as written or as recommended in the alternative.

In ECF No. 112, Mr. Barnett presented legally sound, strong arguments that support this Court's options for a decision based on the government's improper action. The law suggests the government's actions were improper, and this Court should continue the start day for trial to serve the ends of justice. If this Court does as the government response argues, Mr. Barnett will be forced

to try to put on a defense that was deliberately impaired by the government regarding time available for trial preparation despite prosecutorial bad behavior and charging gamesmanship. The other options are to dismiss the indictment (with prejudice) under Fed R. Crim. P. Rule 48(b) for excessive government delay and the timing in bringing the 18 U.S.C. Section 231 (a)(3) charge of Civil Disorder; or to dismiss the indictment for vindictive prosecution.

Under the government's position, the defense should walk into court and design its defense around what the government presents each day, where only the conduct that the government asserts about Mr. Barnett is of import. We reply that the Court in making its decision about which option to take and whether to dismiss the superseding indictment, should consider the government's conduct versus the important fact that Mr. Barnett did not commit any violence. His walking stick was not an inherently deadly or dangerous weapon because minors can buy the same item, it is designed for protection, and on January 6, 2021 the stun function was inoperable. If conduct and truth are the standards, this Court's decision for our motion should deter the government from future abuses in these January 6 cases and others.

In its response, the government admits that there was no new evidence that led to the superseding indictment. The government obtained the superseding indictment at the eleventh hour because it could. For the action regarding the delayed and apparently vindictive charging of Section 231(a)(3) in this case, where the government impaired the defense by stealing time from the defense's ongoing trial preparation, this Court is the only recourse for a solution in the present and for deterrence. As shown in the Exhibit, on December 16, 2022 the US Attorney General published policy that cautions against DOJ actions related to charging and pleas. Yet the government proceeded that very same day to abuse its charging authority after AUSAs for twenty-three months did not bring an indictment with the exact same "evidence" for felony Civil Disorder.

3

Mr. Barnett asks this honorable Court to refrain from greenlighting expanded government abuses and prays this Court will deter further abuses by dismissing the indictment with prejudice.

**II.  REPLY ARGUMENT**

**A.  Marcus Tullius Cicero's Quote, "*Res ipsa loquitur*" Is Apropos Re: Government Impairment of the Defense; Abuse and Delay in Charging Authority; and Vindictiveness.**

1. The government's response that projects normalcy around sleeping on a charge for almost two years and dropping it like a bomb on the eve of trial is acceptable *speaks for itself*. The response essentially says the government took this course because it could.

2. "The thing" *speaks for itself* because the government had no ongoing investigation or new evidence to support such felony charges on the eve of trial. The motion (ECF No. 112 at 8-14) included the most appropriate caselaw as applied to the facts in this case and the Court should resist the government's effort to go out of circuit in its shopping expedition for legal justification of its acts. The government would have found better appellate stage caselaw (which is not the stage here) in the 11th Circuit. "Dismissal is appropriate where the pre-indictment delay causes the defendant actual substantial prejudice and . . . the delay was the product of a deliberate act by the government designed to gain a tactical advantage." *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996). There is a fact distinction where delay was in the initial indictment, although the principle holds under due process. *Doggett* was a Sixth Amendment case with different facts where "the extraordinary 8 1/2-year lag between his indictment and arrest clearly suffices to trigger the speedy trial enquiry." *Doggett v. United States*, 505 U.S. 647 (1992). These and other cases dispute the government's assertion that time of action is not of consequence.

3. That Mr. Barnett learned on the eve of trial about a superseding indictment with a new felony charge unrelated in law and elements to the preexisting charges, where the government

4

provided no specific details regarding conduct, time, or location *speaks for itself*. Instead, even in its response, the government chastens that the defense should already have known and foreseen conduct that caused a violation of Section 231(a)(3) Civil Disorder - as if the legal standard falls under negligence.

    4. That the government believes an eleventh hour indictment without informing Mr. Barnett what evidence it presented or how it instructed the D.C. Grand Jury when it accused him of breaking the new law *speaks for itself*. The government admits in its response that there is no new discovery or evidence. The defense is supposed to guess what was used for the charging.

    5. The government's abusive delay until the heart of the holiday season where the defense only had nine business days to assess impacts; and had to largely suspend ongoing trial preparations to revamp defense strategy *speaks for itself*. The government exhibits no concern for Mr. Barnett's rights and instead claims that a continuance might inconvenience some of its (unidentified) out of town witnesses.

    6. That the government knew it would impair the defense in the late superseding indictment, such as that defense support (eg. investigators) and witnesses would unlikely be available over the holidays *speaks for itself*. The government provides no legally effective response to this glaring appearance.

    7. That the government opposes a continuation when in December it declared to this Court that it could not be ready for trial because new AUSAs needed trial preparation; and then with the continuance committed AUSA time to seeking a stale charge indictment *speaks for itself*. (see 11/23/22 minute order).

    8. The government's misrepresentation of its major role in obtaining a continuance from December until January 9, 2023 *speaks for itself*. (see 7 supra and Minute Order 11/23/22).

9. That the Government's Procedural Background five page section is largely irrelevant or otherwise false *speaks for itself*. Past continuances is one factor among many that this Court may consider but the government's Procedural History was written vindictively and deceptively to bias the Court. Mr. Barnette's motion at ECF No. 112 has no connection to procedural history spanning back to January 2021 because it is based on government actions in the last two weeks.

While the government tries to create a new legal standard in its Procedural History section from Page 1 to 6 of its response, the fact remains that as a government gripe list, it does not justify the government's present actions. Quite the opposite, with the accusatory tone of the Procedural History removed, the listing serves to condemn the government for an act that knowingly would cause further delay if this Court does not dismiss the indictment. A continuance for the ends of justice may consider past case procedural history, but the government's violation of Fed Rule Crim P. Rule 48(b) and vindictive prosecution are completely divorced from this case's Procedural History.

The government's inclusion of its Procedural History gripe list provides indicia of vindictiveness. Unless the government is absurdly inferring the right this late in time to seek the superseding indictment because of Court granted time extensions and continuances made for good cause due to Mr. McBride's severe illness, or when Mr. Metcalf's family member passed away, the government's procedural history is defamatory and legally irrelevant to the issue at bar.

The government had a newly assigned AUSA, who was supposed to be preparing for trial under a continuance granted for that very purpose, (see A. 7-8 *supra*) instead using that time to impair the defense by obtaining new charges significantly different from the former indictment. Because there is no linkage to any prior defense requested continuances and time extensions, government efforts to divert the inquiry should be seen as suspect.

**B. The Government's Response Lacks Law to Support the Non-Existent Standards it Creates in its Response**

1. The government incorrectly imposes an appellate standard that there must be compelling reason, particularized prejudice, and demonstrated prejudice. As set forth in ECF No.112 this is not the standard when the goal is to prevent prejudice. The Court should reject the government's attempt to apply appellate after the fact of conviction standards. This is pretrial.

2. While the defense showed demonstrated prejudice in claiming loss of time already experienced in trial preparation, under applicable law in his motion Mr. Barnett is not required to show *demonstrated prejudice* at this time.

3. The government added a requirement for Mr. Barnett to present "compelling" reasons. The use of "compelling" by the government's own citation is guidance. The motion at ECF No. 112 addresses the statute that gives this Court a broad breadth in deciding for a continuance. The decision cannot be arbitrary and requires no compelling reason as single discriminatory factor for the decision. The legal standard is "for the ends of justice."

4. The government's response is emotionally hostile without backing of the law for its assertions. The government makes an unethical, unsupported false argument that the defense is delaying. It vindictively attacks Mr. McBride and states that past continuances and time extensions mean the defense was not exercising due diligence and preparing for trial. In current terms, the government's defamatory allegation is over the top and worthy of sanction.

(i) The government is otherwise stating that whether for complexity, illness, family death, or delays in discovery as examples, that the government can claim any subsequent request for continuance should be denied because the defense was not exercising due diligence and preparing for trial.

7

(ii) The government falsely wrote, "In other words, the new civil disorder charge is just his latest excuse for repeatedly seeking to delay the inevitable trial." Such a false accusation is a smokescreen to cover the bad act by the government in obtaining the superseding indictment so late and as a means to use charging for its trial advantage.

5. The allegation that the defense must declare "readiness for trial" after the Court set the trial date is not a standard in criminal procedure. This is not a civil tort claim or administrative proceeding before the EEOC administrative judge after discovery ends. When the Court allowed a continuance, there was never any requirement for Mr. McBride to announce, "ready for trial."

6. The government invented without fact that the defense was not on track to be ready for trial on January 9, 2023. Mr. Barnett expanded his defense team to ensure trial readiness.

7. The remainder of the government's argument A is spurious and outside criminal procedure standards. In the Response at page 7, the government's new standard is that a trial is where the government prosecutes alleged conduct, and the defendant need not: consider evidence of its own, find exculpatory evidence, or challenge government abuse of the law in application or on charging - just to name a few standard defense operations. The government turns charging and trial preparation on its head by insisting that no matter how close to trial a new charge is added that addition does not change the government's evidence! ECF No. 114 at 7. This standard disregards a defendant's rights to a defense and for time to prepare.

8. Further, the government wrote (*id.*) that "the defendant's trial preparations to date should have prepared the [sic] him for the full scope of conduct that will be litigated at his trial." The Court should resist this new standard where the government asserts that only the allegations it calls "evidence" drive a case despite no specificity in the indictment.

**C. The Government's Resort to Ad Hominem Attack Shows Its Response Falls Under Cicero's quote that "When You Have No Basis for Argument, Abuse the Plaintiff"**

1. There is no legitimate purpose for the numerous government assertions that Mr. McBride or anyone on the defense deliberately delayed trial in bad faith. The response is unprofessionally awash in five pages of mudslinging and defamatory assertions. This appears to be the government's obfuscating the issue at bar because it cannot defend its actions.

2. The government had no medical doctor diagnose and assess Mr. McBride's illness, and its allegations that Mr. McBride's disability is a fake deserves sanctioning. The government accusers involve those who obviously never walked in the shoes of a person attempting daily adjustment to long term chronic Lyme and vaccine injury. The government should be sanctioned for making false and misleading allegations.

3. The government's assertion that it has the right to demand that Mr. McBride remain at home as if he was confined is an emotionally irresponsible government grudge against Mr. McBride as he attempts to live with his illness. The government made clear it wants to isolate Mr. McBride with no podcast interviews from his office or home, and no attendance at any Saturday night event close by to his residence.  Mr. McBride has a home in New York and a residence available in Florida where he is free to travel. There is no legitimate purpose for the government adding pictures of Mr. McBride outside of his home as exhibits in its response so that it can falsely accuse him of ever deceiving this Court.  There are many symptoms of Lyme and vaccine injury but none of them require that Mr. McBride stay at home in isolation.

4. The government's effort to bias the Court by showing pictures of Mr. McBride in Florida should be ignored by the Court. If DOJ prosecutors are going to illegitimately stalk and spy on opposing attorneys, they should start with the correct context. That side business has no place in the Defendant's case and this Court.

**D.  The Government Fails to Address Fed R. Crim P. Rule 48(b) and the Evidence of Vindictiveness Because it has no Explanation or Excuse Other Than "we can do anything at any time."**

1. "He only employs his passion who can make no use of his reason." Cicero

2.  The government presents no new or surprising caselaw for vindictive prosecution. Most significantly, the government asserts everything it did falls under "prosecutorial discretion." Nowhere does the government explain why bringing two year old stale "evidence" to an undisclosed Grand Jury proceeding at the time Mr. Barnett was expanding his defense does not raise the presumption.

3.  The government did not explain why it hid from this Court and the defense that on December 16, 2022 it decided to obtain a superseding indictment with new charges. At no time did the government ask for a status hearing. Neither the Court nor defense were legally notified until the superseding indictment was entered on December 22, 2022. The presumption of vindictiveness can arise from this alone, given the timing.

4. Without addressing the appropriate caselaw (see Motion), the government asserts that it can do what it did in the superseding indictment under "prosecutorial discretion." The government does not address the applicable law on the topic as presented in the motion.

**III.   CONCLUSION**

The Government in its response puts forth the notion that it has unfettered authority to take the actions that it took in this case. ECF No. 112 argues that justice and the caselaw say the government cannot drop a superseding indictment on the eve of trial when investigation ended long ago and there is no new evidence. Federal Rule of Criminal Procedure 48(b) is a due process protective measure in the face of government delay and charging gamesmanship. The law concerning vindictive prosecution protects against prosecutors who stretch discretion beyond reasonable

10

limits. Statute and caselaw make clear that judges can dismiss indictments given government violations of 48(b) and acts of vindictive prosecution. (see ECF No. 112). The law allows courts to apply deterrents against the very actions the government took in this case.

The law discussed in the motion at No. 112 is meant to provide a deterrent to the government and let the public know that such behavior will not be tolerated. Defendants with solo or small firm practitioners will get steam-rolled if the practice of adding new charges right before trial continues. Because the government's actions were egregious in this case, and because the government hid its intent from the Court by not calling for a status conference by December 16, 2022, and because the government let all pretrial requirements proceed as if there was no secret superseding indictment underfoot on December 16, 2022, the government should be deterred from repeating this type of activity.

WHEREFORE, for the foregoing reasons, and all those provided in his original motion, and any other reasons that this Court deems just and proper, Mr. Barnett through counsel, respectfully requests that this Court grant the order at ECF No. 112 for a continuance or in the defense's preferred alternative given the government's response, dismiss the indictment in its entirety.

Dated January 3, 20223

Respectfully submitted,

| | |
|---|---|
| /s/ Bradford L. Geyer<br>Bradford L. Geyer<br>FormerFedsGroup.com, LLC<br>141 I Route 130, Suite 303<br>Cinnaminson, NJ 08077<br>p: (856) 607-5708<br>e: Brad@FormerFedsGroup.com | /s/ Joseph D. McBride, Esq<br>Joseph D. McBride, Esq.<br>Bar ID: NY0403<br>THE MCBRIDE LAW FIRM, PLLC<br>99 Park Avenue, 6th Floor<br>New York, NY 10016<br>e: jmcbride@mcbridelawnyc.com |
| /s/ Jonathan S. Gross<br>Jonathan S. Gross<br>Bar ID:  MD0162<br>2833 Smith Ave, Suite 331<br>Baltimore, MD 21209<br>jon@clevengerfirm.comEmail: | Carolyn A. Stewart, Bar No. FL-0098<br>Defense Attorney<br>Stewart Country Law PA<br>1204 Swilley Rd.<br>Plant City, FL 33567<br>Carolstewart_esq@protonmail.com |

**CERTIFICATE OF SERVICE**

I hereby certify on this 3rd day of January 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn Stewart, Esq.
Carolyn Stewart, Esq.