UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | Case No: 21-cr-38 (CRC) |
| **v.** | : | |
| | : | |
| **RICHARD BARNETT** | : | |
| | : | |
| **Defendant.** | : | |

## PROPOSED JURY INSTRUCTIONS

**Redbook instructions**[1]

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Indictment Not Evidence, Redbook 2.106

8. Burden of Proof—Presumption of Innocence, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not to Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

---

[1] The "Redbook" refers to Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2021 Release).

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer's Testimony, Redbook 2.207

16. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

17. False or inconsistent statement by defendant, Redbook 2.210

18. Effect or refusal of witness to answer question, Redbook 2.211

19. Invocation of Fifth Amendment Privilege against self-incrimination, Redbook 2.212

20. Character of Defendant, Redbook 2.213, *as applicable*

21. Cross-Examination of Character Witness, Redbook 2.214, *as applicable*

22. Specialized Opinion Testimony, Redbook 2.215, *as applicable*

23. Evaluation of prior inconsistent statement of a witness, Redbook 2.216

24. Missing Witness or other evidence, Redbook 2.300

25. Transcripts of Tape Recordings, Redbook 2.310

26. Proof of State of Mind, Redbook 3.101

27. Other Crimes Evidence, Redbook 2.321

28. Where jury is to be charged on a lesser included offense of a count in an indictment, Redbook 2.401

29. Multiple Counts- One Defendant, Redbook 2.402

30. Unanimity—General, Redbook 2.405

31. Unanimity-special, Redbook 2.406

32. Verdict Form Explanation, Redbook 2.407

33. Redacted Exhibits, Redbook 2.500

34. Exhibits During Deliberations, Redbook 2.501

35. Selection of Foreperson, Redbook 2.502

36. Possible Punishment Not Relevant, 2.505

37. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

38. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

39. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

40. Excusing Alternate Jurors, Redbook 2.511

41. When jurors cannot agree, Redbook 2.601

**Count One**

Count One of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, and interfere with an officer from the Metropolitan Police Department, lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.[2]

To find a defendant guilty of this offense, it is necessary that the government establish beyond a reasonable doubt each and all the following essential elements:[3]

- First, that a civil disorder - as I will define civil order, not common language - existed at the time of the alleged violation.

- Second, that such civil disorder was resulting in interference with a federally protected function and obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce.

- Third, that an actual, specific, identifiable officer from the Metropolitan Police Department was lawfully engaged in the lawful performance of his official duties incident to and during the commission of such civil disorder.

- Fourth, that the defendant committed or attempted to commit any act for the intended purpose of obstructing, impeding, and interfering, in a violent manner with such officer from the Metropolitan Police Department.

- Fifth, that such act or attempt to act was done willfully and knowingly.

To act "knowingly" means the defendant realized what he was doing, and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

To act "willfully" means the defendant acted with an evil-meaning mind, that is to say, he acted intentionally and purposely and with the intent to do something the law forbids.[4]   The

---

[2] The language of the count mirrors the language of the indictment.  *United States v. Lemire,* 720 F.2d 1327, 1344 (D.C. Cir. 1983) (citations omitted), *cert. denied,* 467 U.S. 1226 (1984). ("A substantial deviation of instructions from an indictment is impermissible because first it requires a defendant to answer a criminal charge that was not brought by a grand jury . . . and second it denies the defendant sufficient notice to prepare and present an adequate defense.").

[3] *See United States v. Casper*, 541 F.2d 1275, 1276 (8th Cir. 1976); *United States v. Jaramillo*, 380 F. Supp. 1375, 1376 (D. Neb. 1974); *United States v. McArthur*, 419 F. Supp. 186, 190 (D.N.D. 1975); *United States v. Banks-Means*, 383 F. Supp. 368 (D.S.D. 1974); *United States v. Red Feather*, 392 F. Supp. 916 (D.S.D.1975).

[4] *Bryan v. United States*, 524 U.S. 184, 193 (1998).

4

person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

A "civil disorder" is defined as any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof; and such term shall specifically include, but not be limited to, the collection and distribution of the United States mails.  It does not include Congress's certification of the Electoral College vote.[5]

**Attempt**

In Count One, the defendant is also charged with attempt to obstruct, impede, and interfere with an officer of the Metropolitan Police Department lawfully carrying out his official duties incident to a civil disorder.

To find the defendant guilty of attempt to commit this offense, you must find that the government proved beyond a reasonable doubt each of the following two elements:

- First, the defendant must have intended to commit the underlying offense according to the elements of the offense.

- Second, the defendant must have taken some action that constitutes a substantial step towards the commission of that offense.[6]

A defendant is guilty of attempt if he intended to cause such a result and did some act with the purpose of causing or with the belief that it would cause such result without further conduct on his part.[7]

You may not find the defendant guilty of attempt to commit this offense merely because he thought about it.  You may not find the defendant guilty of attempt to commit the offense merely because he made some plans to or some preparation for committing that offense.   Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit the offense.

---

[5] United States v. Nordean, 579 F. Supp. 3d 28, 55 (D.D.C. 2021).
[6] *United States v. Hite*, 769 F.3d 1154, 1162 (D.C. Cir. 2014).
[7] *United States v. Hite*, 769 F.3d 1154, 1162 (D.C. Cir. 2014).

**Count Two**

Count Two of the indictment charges the defendant with corruptly obstructing, influencing, and impeding an official proceeding, specifically, Congress's certification of the Electoral College vote. Count Two also charges the defendant with attempt to corruptly obstruct or impede Congress's certification of the Electoral College vote and aiding and abetting others to corruptly obstruct or impede Congress's certification of the Electoral College vote.

To find the defendant guilty of corruptly obstructing, influencing, and impeding Congress's certification of the Electoral College vote, you must find that the government proved each of the following four elements beyond a reasonable doubt:

- First, that Congress was engaged in the task of certification of the results of the 2020 presidential election at the time that the defendant committed the alleged conduct.[8]

- Second, the charged conduct included the use of physical force, and not only speech.[9]

---

[8] *United States v. Bozell*, 21-CR-216 (JDB), at *7-8 (D.D.C. Feb. 16, 2022). In *Bozell,* the Court held that the interruption of the official proceeding only applied to those rioters who interrupted Congress while "both congressional houses were still engaged in the shared task of certifying the results of the 2020 presidential election at the time the January 6 rioters began their attack on the Capitol." Accordingly, the Court held that January 6 defendants who interrupted the sessions in separate chambers could be equally liable to those who interrupted the joint session, because both separate and joint sessions were engaged in the January 6 Certification as a whole. Those January 6 defendants who committed acts during the recess cannot be said to obstruct a proceeding because there was no proceeding to obstruct. The defense intends to raise this as an absolute defense against this charge; namely, that Mr. Barnett entered the Capitol after the Congress and the Vice President had been evacuated, and therefore, it was factually impossible for him to disrupt a proceeding that was already disrupted. *See* ECF No. 115, Government's Motion *in Limine* to Exclude Irrelevant Evidence of the Culpability of Others ("The government seeks to hold the defendant accountable for his conduct alone.").

[9] A charge of 1512(c)(2) that does not include some physical act violates the First Amendment. *See Bozell,* 21-CR-216, at*14 ("Bozell is not being prosecuted for exercising his First Amendment rights to peacefully protest outside the Capitol, but rather on the belief that he corruptly used force to disrupt the January 6 Certification. *See* Aff. in Supp. of Crim. Compl. ¶¶ 10-24 (alleging Bozell broke into the Senate Chamber and manipulated a camera so that the camera could not record the January 6 rioters)"); *United States v. Caldwell*, 581 F. Supp. 3d 1, 22 (D.D.C. 2021) ("Their alleged conduct was no mere political protest or trespass."); "t" *United States v. Nordean*, 579 F. Supp. 3d 28, 53 (D.D.C. 2021) (citing *Grayned* , 408 U.S. at 116, 92 S.Ct. 2294 ("[W]here demonstrations turn violent, they lose their protected quality as expression under the First Amendment."); *Cameron v. Johnson* , 390 U.S. 611, 617, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968) (government may punish physical obstruction); *Cox v. Louisiana* , 379 U.S. 536, 555, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965) (The First Amendment does not allow a "group of demonstrators" to "insist upon the right to cordon off a street, or entrance to a public or private building, and allow

- Third, the charged conduct was done with intent to obstruct, influence, and impede Congress's certification of the Electoral College vote.

- Fourth, the charged conduct had the natural and probable effect of obstructing, influencing, and impeding Congress's certification of the Electoral College vote.[10]

**Attempt**

In Count Two, the defendant is also charged with attempt to corruptly obstructing, influencing, and impeding Congress's certification of the Electoral College vote.

To find the defendant guilty of attempt to commit this offense, you must find that the government proved beyond a reasonable doubt each of the following two elements:

- First, the defendant must have intended to commit the underlying offense according to the elements of the offense.

- Second, the defendant must have taken some action that constitutes a substantial step towards the commission of that offense.[11]

A defendant is guilty of attempt if he intended to cause such a result and did some act with the purpose of causing or with the belief that it would cause such result without further conduct on his part.[12]

You may not find the defendant guilty of attempt to commit this offense merely because he thought about it. You may not find the defendant guilty of attempt to commit the offense merely because he made some plans to or some preparation for committing that offense. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit the offense.

**Aiding and Abetting**

In Count Two, the government further alleges that the defendant aided and abetted others in corruptly obstructing, influencing, and impeding Congress's certification of the Electoral College vote. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the principals be caught or identified. It is sufficient if you find beyond

---

no one to pass who did not agree to listen to their exhortations."); *United States v. Gregg*, 226 F.3d 253, 267-68 (3d Cir. 2000) ("Activities that injure, threaten, or obstruct are not protected by the First Amendment, whether or not such conduct communicates a message.")).

[10] *United States v. Bozell*, 21-CR-216 (JDB), at *11 (D.D.C. Feb. 16, 2022).
[11] *United States v. Hite*, 769 F.3d 1154, 1162 (D.C. Cir. 2014).
[12] *United States v. Hite*, 769 F.3d 1154, 1162 (D.C. Cir. 2014).

7

a reasonable doubt that the crime was committed by someone, and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

To find the defendant guilty of aiding and abetting another person to commit the offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

- First, that another actual, specific, identifiable person committed the underlying offense by committing each of the elements of the offense.

- Second, that the defendant was aware of an actual, specific, and identifiable other person whom his actions might aid, assist, solicit, facilitate, encourage, or abet into committing the offense.

- Third, that the defendant performed an act that furthered the other actual, specific, and identifiable person's commission of the offense.

- Fourth, that the defendant knowingly performed that act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense.

- Fifth, that the defendant did that act or acts with the intent that others commit the offense.

You may not find the defendant guilty as an accomplice to some principal in committing this offense merely because he thought about it or merely because he made some plans or some preparation. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to aid and abet an actual, specific and identifiable person in the commission of the offense.

To show that the defendant performed an act in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which assisted others to commit the offense.

Evidence that the Defendant merely associated with persons involved in the offense or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an accomplice. If the evidence shows that the Defendant knew that the offense was being committed or was about to be committed but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate the offense, you may not find the Defendant guilty as an accomplice. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**Count Three**

Count Three of the Indictment charges the defendant with entering and remaining in a restricted building and grounds, that is, any posted-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so, and during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a ZAP Hike 'n Strike Hiking Staff.

I am going to instruct you on this charge and also on the lesser included offense of entering or remaining in a restricted building or grounds. After I give you the elements of these crimes, I will tell you in what order you should consider them.

To find the defendant guilty of entering and remaining in a restricted building and grounds while carrying a dangerous and deadly weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant entered and remained in a restricted building without lawful authority to do so.

- Second, the defendant knew it was unlawful to enter and remain in the restricted building.

- Third, that the defendant did so intentionally, and not by accident or mistake or against his will.

- Fourth, that the defendant used or carried a Hike n' Strike walking staff during and in relation to the offense.

- Fifth, that the defendant's Hike n' Strike Walking staff was at the time of the offense capable of causing serious bodily injury or death to another person and the defendant intended that it be used in that manner.[13]

To find the defendant guilty of entering or remaining in a restricted building or grounds — the lesser included offense that does not include the deadly and dangerous weapon element — you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant entered or remained in a restricted building without lawful authority to do so.

- Second, the defendant knew it was unlawful to enter and remain in the restricted building.

- Third, that the defendant did so intentionally, and not by accident or mistake or against his will.

---

[13] *United States v. Robertson*, 21-cr-34 (CRC), at *10 (D.D.C. July 5, 2022).

A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty of Count Three unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether the defendant is guilty of entering and remaining in a restricted building and grounds while carrying a dangerous and deadly weapon. If you find the defendant guilty, do not go on to consider the lesser charge. If you find the defendant not guilty of entering and remaining in a restricted building and grounds while carrying a dangerous and deadly weapon, go on to consider whether the defendant is guilty of the lesser included offense of entering and remaining in a restricted building and grounds. And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous and deadly weapon, you are not able to do so, you are allowed to consider the other entering and remaining charge. This order will be reflected in the verdict form that I will be giving you.

**Count Four**

Count Four of the indictment charges the defendant with knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, and, during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a ZAP Hike 'n Strike Hiking Staff.

To find the defendant guilty of disorderly and disruptive conduct in a restricted building or grounds, while carrying a dangerous and deadly weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant engaged in disorderly and disruptive conduct in, or in proximity to, any restricted building and in proximity to any Government business and official functions.

- Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business and official functions.

- Third, that the defendant's conduct in fact impeded and disrupted the orderly conduct of Government business and official functions.

- Fourth, that the defendant used and carried a deadly and dangerous weapon during and in relation to the offense.

- Fifth, that the defendant's Hike n' Strike Walking staff was at the time of the offense capable of causing serious bodily injury or death to another person and the defendant intended that it be used in that manner.[14]

To find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds—the lesser included offense that does not include the deadly or dangerous weapon element—you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant engaged in disorderly and disruptive conduct in, or in proximity to, any restricted building and in proximity to any Government business and official functions.

- Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business and official functions.

- Third, that the defendant's conduct in fact impeded and disrupted the orderly conduct of Government business and official functions.

To act "knowingly" means the defendant realized what he was doing, and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

Now I am going to instruct you as to the order in which you should consider these offenses. You should consider first whether the defendant is guilty of entering and remaining in a restricted

---

[14] *United States v. Robertson*, 21-cr-34 (CRC), at *10 (D.D.C. July 5, 2022).

11

building and grounds while carrying a dangerous and deadly weapon. If you find the defendant guilty, do not go on to consider the lesser charge. If you find the defendant not guilty of entering and remaining in a restricted building and grounds while carrying a dangerous and deadly weapon, go on to consider whether the defendant is guilty of the lesser included offense of entering and remaining in a restricted building and grounds. And if, after making all reasonable efforts to reach a verdict on the charge that includes carrying a dangerous and deadly weapon, you are not able to do so, you are allowed to consider the other entering and remaining charge. This order will be reflected in the verdict form that I will be giving you.

## Count Five

Count Five of the Indictment charges the defendant with willfully and knowingly, and with the intent to disrupt the orderly conduct of official business, entered and remained in a room in any of the Capitol Buildings set aside and designated for the use of either House of Congress and a Member, committee, officer, and employee of Congress, and either House of Congress, and the Library of Congress, without authorization to do so.

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant entered and remained in any room in any of the United States Capitol buildings set aside and designated for the use of either House of Congress and a Member, committee, officer, and employee of Congress.

- Second, that the defendant did so with the intent to disrupt the orderly conduct of official business.

- Third, that the defendant acted willfully and knowingly.

To act "knowingly" means the defendant realized what he was doing, and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

To act "willfully" means the defendant acted with an evil-meaning mind, that is to say, he acted intentionally and purposely and with the intent to do something the law forbids.[15] The person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

The term "United States Capitol buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[16]

The term "disrupt the orderly conduct" has the same meaning described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

---

[15] *Bryan v. United States*, 524 U.S. 184, 193 (1998).
[16] 40 U.S.C. § 5101

The term "official business" includes all matters that directly or indirectly pertain to the legislative process, all congressional representative functions generally, and all actions taken as part of the functioning, working, or operating of Congress.[17]

### Count Six

Count Six of the indictment charges the defendant willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant engaged in disorderly and disruptive conduct in any of the United States Capitol buildings during a session of Congress and either House of Congress.

- Second, that the defendant did so with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress.

- Third, that the defendant acted willfully and knowingly.

To act "knowingly" means the defendant realized what he was doing, and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

To act "willfully" means the defendant acted with an evil-meaning mind, that is to say, he acted intentionally and purposely and with the intent to do something the law forbids.[18]  The person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

The term "United States Capitol buildings" has the same meaning described in the instructions for Count Five defining "United States Capitol buildings."

The term "disrupt the orderly conduct" has the same meaning described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

---

[17] *See* 39 U.S.C. § 3210(a)(2); *Coal. to End Permanent Cong. v. Runyon*, 979 F.2d 219, 222 (1992); *see also United States v. Williams*, No. 21-0618 (ABJ), 2022 U.S. Dist. LEXIS 110743, at *31 (D.D.C. June 22, 2022).
[18] *Bryan v. United States*, 524 U.S. 184, 193 (1998).

**Count Seven**

Count Seven of the indictment charges the defendant with parading, demonstrating, and picketing in a Capitol building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

- First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol buildings.

- Second, that the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.

The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The term "United States Capitol buildings" has the same meaning described in the instructions for Count Five.

To act "knowingly" means the defendant realized what he was doing, and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

To act "willfully" means the defendant acted with an evil-meaning mind, that is to say, he acted intentionally and purposely and with the intent to do something the law forbids.[19]   The person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

**Count Eight**

Count Eight of the indictment charges the defendant with embezzling, stealing, purloining, knowingly converting to his use and the use of another, and without authority, selling, conveying and disposing of any record, voucher, money and thing of value of the United States and any department and agency thereof, that is, an envelope, which has a value of less than $1,000.

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt.

- First, that the envelope described in the indictment was a thing of value[20]  belonging to the United States or any of its departments or agencies.

---

[19] *Bryan v. United States*, 524 U.S. 184, 193 (1998).
[20] *See* Redbook 3.106 (Property or Property of Another, Defined).

- Second, that the defendant stole, embezzled, purloined, or knowingly converted to his own use that envelope.

- Third, that the defendant intended to deprive, without right, the United States government of the use or benefit of the envelope.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

Dated: January 3, 2023                                        Respectfully submitted


/s/ Bradford L. Geyer                                         /s/ Joseph D. McBride, Esq
Bradford L. Geyer                                             Joseph D. McBride, Esq.
FormerFedsGroup.com, LLC                                      Bar ID: NY0403
141 I Route 130, Suite 303                                    THE MCBRIDE LAW FIRM, PLLC
Cinnaminson, NJ 08077                                         99 Park Avenue, 6th Floor
p: (856) 607-5708                                             New York, NY 10016
e: Brad@FormerFedsGroup.com                                   e: jmcbride@mcbridelawnyc.com

/s/ Jonathan S. Gross                                         Carolyn A. Stewart, Bar No. FL-0098
Jonathan S. Gross                                             Defense Attorney
Bar ID:   MD0162                                              Stewart Country Law PA
2833 Smith Ave, Suite 331                                     1204 Swilley Rd.
Baltimore, MD 21209                                           Plant City, FL 33567
jon@clevengerfirm.comEmail:                                   Carolstewart_esq@protonmail.com


**CERTIFICATE OF SERVICE**

I hereby certify on this 3rd day of January 2023, a copy of the foregoing was served upon all

parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Jonathan Gross, Esq.
Jonathan Gross, Esq.