## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal Case No.** |
| | **:** | |
| **RICHARD BARNETT,** | **:** | **1:21-cr-0038** |
| | **:** | |
| **Defendant** | **:** | |
| | **:** | |

---

## <u>MEMORANDUM OF LAW IN SUPPORT OF RICHARD BARNETT' MOTIONS IN LIMINE AND MOTION TO EXCLUDE EXPERT TESTIMONY OF GOVERNMENT OFFICIALS NOT DULY NOTICED</u>

Defendant RICHARD BARNETT ("Barnett"), through the undersigned counsel,

Bradford L. Geyer, Esq., presents this Memorandum of Law in support of his Motion for an

order in limine to exclude from presentation or mention at trial of arguments, evidence, or claims

by Government witnesses (particularly those both called for the Government's case and also

current or former officials of the Government, whether Federal or of the District of Columbia)

that are unduly prejudicial.  In support of his motion Barnett states as follows:

## I.   INTRODUCTION AND OVERVIEW

Defendant RICHARD BARNETT ("Barnett") moves the Court to exclude testimony by

Government witnesses which is in the nature of expert opinion to the extent that such a witness

has not been noticed as an expert witness for the purpose of giving expert opinion.  Defendant

recognizes and points out that the witnesses are likely to have highly qualified in their positions

and careers and are likely to have considerable track records, capabilities, and experience in their

current and former positions.  However, that is different from giving an expert opinion.

Factually, Defendant RICHARD BARNETT ("Barnett") is accused of

a. Entering the U.S. Capitol building at approximately 2:43 PM on or about January 6, 2021.

b. Entering the U.S. Capitol Building at approximately 2:43 PM after the U.S. Capitol Police ("USCP") had ordered a "lockdown" as its after-action timeline describes it at 2:00 PM, after the USCP (Speaker's detail) whisked Speaker of the House of Representatives away from the Speaker's "chair" or "dais" at 2:13 PM according to the testimony of then Parliamentarian Wickham in a related case, after the House recessed at 2:18 PM according to the Congressional Record (2:20 PM according to the Grand Jury) and after both the House and the Senate finally recessed at 2:29 PM, and about the same time that the USCP actually evacuated the Capitol building at approximately 2:45 PM to 2:50 PM.

c. Departing the U.S. Capitol building at approximately 3:20 PM on January 6, 2021.

d. Carrying a hiking stick on January 6, 2021 as likely to be a medical mobility aid as anything else.

e. Having two or three conversations with police officers, mostly requesting permission to return to an area of the U.S. Capitol where he believed he had left his flag and requesting to be able to retrieve his flag.

f. "Stealing" (that is, assuming he was not merely discarding the soiled envelope) an envelope after he was cut by the envelope and bled on the envelope.[1]

g. Entering one of the several offices allegedly associated with the Speaker (there apparently being more than one rooms or suites used by the Speaker).

h. At the request of two journalists in that room, posing for a photograph.

---

[1]     Barnett is not complaining of being injured by dangerous items of the Government.

i.  Attracting news media attention from redistribution of the photograph taken by the two journalists.  Having attracted news attention could be the most serious charge in the Government's view.

From these factual allegations, Defendant Barnett is accused and being prosecuted, *inter alia*, under

- a. Count One, 18 U.S.C. § 231(a)(3) -- Obstructing, impeding, or interfering with any law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder

- b. Count Two, 18 U.S.C. § 1512(c)(2) -- Obstruction of an Official Proceeding and Aiding and Abetting

- c. Count Three, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) -- Entering or Remaining in a Restricted Building or Grounds with a Dangerous Weapon

- d. Count Four, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) – Disorderly or Disruptive Conduct in a Restricted Building with a Dangerous Weapon

- e. Count Five, 40 U.S.C. § 5104(e)(2)(C) – Entering and Remaining in Certain Rooms in a Capitol Building

- f. Count Six, 40 U.S.C. § 5104(e)(2)(D)  – Disorderly Conduct in a Capitol Building

- g. Count Seven, 40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capitol Building

- h. Count Eight, 18 U.S.C. § 641 – Theft of Government Property

## II.  GOVERNING LAW WITH OVERALL ANALYSIS:

Federal Rules of Evidence Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

**https://www.law.cornell.edu/rules/fre/rule_403**

Notes of Advisory Committee on Proposed Rules

The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. Slough, Relevancy Unraveled, 5 Kan. L. Rev. 1, 12–15 (1956); Trautman, Logical or Legal Relevancy— A Conflict in Theory, 5 Van. L. Rev. 385, 392 (1952); McCormick §152, pp. 319–321. The rules which follow in this Article are concrete applications evolved for particular situations. However, they reflect the policies underlying the present rule, which is designed as a guide for the handling of situations for which no specific rules have been formulated. Exclusion for risk of unfair prejudice, confusion of issues, misleading the jury, or waste of time, all find ample support in the authorities. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.

\* \* \*

Federal Rules of Evidence Rule 704.  Opinion on an Ultimate Issue

**(a) In General — Not Automatically Objectionable.** An opinion is not objectionable just because it embraces an ultimate issue.

**(b) Exception.** In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

# III. ARGUMENT

## A.  GOVERNMENT'S CASE IS FOUNDED ON OPINION, CONJECTURE

The Government's entire case concerning the most serious charge of Count Two, 18

U.S.C. § 1512(c)(2) -- Obstruction of an Official Proceeding and Aiding and Abetting  --

depends upon speculation, conjecture and imagination.

The Government here as in many related cases merely imagines that Defendant Barnett

may have had some role in the decision by the U.S. Capitol Police to direct (recommend to the presiding officer under House Rule I, clause 12(b), a recess of the House between 2:13 PM and 2:20 PM,[2] and order the evacuation of the U.S. Capitol building which actually occurred between 2:45 PM and 2:50 PM.

The Government has and will have no evidence of any kind that Barnett played any role in causing the recess of the Joint Session of Congress or the evacuation of the building.[3]

Pressed with this fatal gap in its case, the Government has shifted gears to arguing that even if the guilt of most people cannot be proven in causing the Joint Session to recess, nevertheless they can be prosecuted for delaying the resumption of the Joint Session.

This, too, is only speculation and of a far more extensive exercise of conjecture.

## B. HIGHLY EXPERIENCED GOVERNMENT OFFICIALS ARE NOT AUTOMATICALLY OR NECESSARILY EXPERT WITNESSES.

The Government has designated as likely fact witnesses Government witnesses including from the USCP who have impressive careers and positions of supervision and knowledge of the operations of the U.S. Congress and the U.S. Capitol and knowledge of the events of January 6, 2021. But as far as counsel for Defendant Barnett can determine, none of them have been designated as expert witnesses to give expert testimony and they may fall short in profound ways

---

[2]     It must be explored whether the decision to rush Speaker Pelosi away from the dais at 2:13 PM already included a decision to recess the entire House, but it took a few minutes for Rep. McGovern to replace Pelosi at the dais, be briefed by USCP, and to announce the invocation of House Rule I (clause 12(b)) by 2:18 PM.
[3]     The same cannot be said of 100% of all demonstrators present. People all did different things. Some demonstrators-turned-rioters actually did commit acts which can clearly show a chain of causation to the recess and evacuation of Congress and the Capitol. Those persons may be prosecuted to the standard of guilty beyond a reasonable doubt. Barnett cannot be. For some, the connection between their individual acts and the disruption of the Joint Session of Congress is clear and provable. For others, there is no detectable connection, no causation.

in terms of being eyewitnesses.

The fact that they have positions of extensive knowledge and career roles at a high level does not allow them to automatically give expert testimony.

The Government would have to – asking for leave for the late, untimely notice – properly notice these witnesses as experts allowing them to offer expert testimony. This would have to include a summary or report of some form of what their testimony would be, including what records, documents, communications, data, information they relied upon in coming to their expert opinions. Upon request, the Defendant would be entitled to a list of such that the expert is relying upon in giving his or her conclusion and opinion. The Defendant may be able to voir dire the witness to ensure that the witness has actual eyewitness knowledge of events or that the knowledge was acquired through some other appropriate means.

### C.  OPINION REQUIRES EXPERT TESTIMONY

For the Government to try to convince the jury that Defendant Barnett obstructed an official proceeding, they would have to offer opinion.

Fact witnesses can testify to facts. Even if a fact witness has a very impressive career and record, they are still testifying to facts.

On the other hand, as the prosecution noted, the impressive positions and career records of some Government officials / witnesses would confuse the jury into believing the witness' ruminations.

But to offer conclusions or opinions of causation and cause and effect, that Barnett caused the obstruction of the official proceeding, would require a qualified and designated expert.

The Government's witnesses can – if they have first-hand, personal knowledge – testify to what occurred. But they cannot testify to whether Barnett caused any obstruction to the official proceeding.[4]

Similarly, for a witness to opine as to what would be required to perform a complete security sweep before resuming the Joint Session of Congress is an opinion that only a qualified and designated expert can testify to.

A Government witness can testify to what the USCP did, and what other agencies did under the direction of the USCP if they have personal knowledge of such matters.

However, only an expert can give expert opinion as to what needed to be done.

Only an expert witness can opine as to whether Defendant Barnett affected the timeline or amount of work of what ought to have been done.

The Government's witness cannot testify that what was done is what was necessary to be done. A fact witness can only testify that it was done, not that it was necessary.

A fact witness cannot testify that what actually needed to be done to complete a security screening of the U.S. Capitol building took longer or involved more work because of Defendant Barnett's presence ending at 3:20 PM.

Even a qualified expert witness could offer only speculation about how long a security sweep would have taken with or without Defendant Barnett's presence at the Capitol up through 3:20 PM. However, as a designated expert, the witness would have to identify the factual bases

---

[4]     Again, there are some people for whom it is possible to give factual circumstances of causation. Those few but violent people who pounded on the inner doors of the House and Senate chambers, for example, can present the jury with sufficient factual evidence for the jury to conclude that breaking the windows of the Chamber doors and pounding on the doors would cause obstruction of the official proceeding. However, none of that applies in the slightest to Defendant Barnett.

of his opinion and subject those speculations to cross-examination.

**CONCLUSION**

      The Court should enter the requested order in limine.

Dated:  January 6, 2023          RESPECTFULLY SUBMITTED, By Counsel
                              /s/ Brad Geyer

                              Bradford L. Geyer, PHV
                              PA 62998
                              NJ 022751991
                              Suite 141 Route 130 S., Suite 303
                              Cinnaminson, NJ 08077
                              Brad@FormerFedsGroup.Com
                              (856) 607-5708

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2023, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
Ted Turner Drive, SW
Atlanta, Georgia 30303
alison.prout@usdoj.gov
 (404) 581-6000

MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
michael.gordon3@usdoj.gov
(813) 274-6370

NATHANIEL K. WHITESEL
Assistant United States Attorney
D.C. Bar No. 1601102
601 D Street, NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7035

Respectfully submitted

/s/ Brad Geyer
Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S., Suite 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708