UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-38 (CRC) |
| v. : | |
| : | |
| RICHARD BARNETT : | |
| also known as "Bigo Barnett," : | |
| : | |
| Defendant. : | |

### REPLY TO DEFENDANT'S RESPONSE TO UNITED STATES' MOTION TO EXCLUDE THE PROPOSED EXPERT TESTIMONY OF MARK K. SNELL AND STEVE HILL

The United States has moved to preclude the defendant from calling Mark K. Snell and Steve Hill to offer expert opinion testimony on several matters, which the defendant described in the notices he provided to the government. ECF No. 111 ("Govt. Mot."). The defendant responded in opposition, ECF No. 121 ("Def. Resp."), and the United States provides this brief in reply. As the United States illustrated in its original motion, neither Mr. Snell nor Mr. Hill is qualified to opine on the particular subjects for which they are noticed, and even if they were, their opinions are unreliable because they are founded on speculation, improper pursuant to binding precedent, and/or otherwise irrelevant. *See* Govt. Mot. Although the defendant responded, he failed to address—let alone provide compelling arguments against—the vast majority of the qualification, reliability, and admissibility deficiencies identified in the government's motion. *Compare* Govt. Mot. *and* Def. Resp. Accordingly, the United States respectfully requests that the Court grant the government's motion and exclude the identified improper testimony without further proceedings. In the alternative, the Court should hold *Daubert* hearings outside the presence of the jury to vet Mr. Snell and Mr. Hill and limit their testimony as appropriate before the defendant begins his case-in-chief.

## ARGUMENT

**A. The defendant's right to defend himself is not absolute. The evidence he seeks to present must be *admissible*.**

The defendant's response begins by dedicating three pages to arguing a principle that is not disputed: that the defendant has a constitutional right to mount a defense, which may include calling witnesses, including experts. *See* Def. Resp. at 3-6. Of course he does. Nowhere has the United States argued otherwise.

Nevertheless, the defendant's right to present a defense through witnesses is not absolute. He still must abide by the Federal Rules of Evidence (FRE), including Rules 401-402 (relevance), 403 (even relevant evidence may be excluded for certain reasons), 404-405 (character evidence), 701 (opinion testimony by lay witnesses), 702 (expert testimony must be based on reliable facts and methods), 704 (opinion on an ultimate issue), 705 (disclosure of facts or data underlying expert's opinion), and 801-807 (hearsay). If the evidence the defendant seeks to offer violates the FRE, it is inadmissible, no matter how helpful to his defense it might be.

Here, as described in the government's motion, *see* Govt. Mot., the testimony, analysis, and opinions the defendant seeks to elicit from Mr. Snell and Mr. Hill violate multiple rules of evidence, particularly running afoul of Rules 401-403 (relevance) and 702 (experts' reliability). First, based on the notice provided by the defendant, Mr. Snell and Mr. Hill's opinions rely on speculation, which is never admissible. Second, their proffered opinions are irrelevant to the defendant's guilt or innocence. Third, to the extent Mr. Snell and Mr. Hill seek to opine (or really, speculate) on matters of objective fact—such as the time at which the decision was made to evacuate the House and Senate chambers or the steps that had to be taken or conditions established

to deem the Capitol secure enough for the Joint Session to resume—their *opinions* are irrelevant, no matter how accomplished Mr. Snell and Mr. Hill are in their fields.[1]

> **B. In all respects but one, the topics of Mr. Snell and Mr. Hill's testimony outlined in the defendant's response match those provided in his notices and thus raise the serious qualification and reliability concerns identified by the government.**

The defendant complains that the government "misunderstand[s]" the topics about which he intends to call Mr. Snell and Mr. Hill to testify. Def. Resp. at 6. Yet the government's motion quotes the defendant's notices in their entirety in this respect, *see* Govt. Mot. at 7-9, 15, and the full texts of both notices are attached to it, *see id.*, Exs. 1, 3. The government's arguments are based on the defendant's own notices, verbatim. And despite complaining that the government misunderstands him, the defendant's response does not materially alter the topics on which he hopes to call Mr. Snell and Mr. Hill to testify.[2]

The defendant does, however, clarify that—despite the wording of his notice—there is one topic of concern to the government for which he will *not* be calling Mr. Snell and Mr. Hill to

---

[1] For example, if the defendant sought to call Mr. Snell and/or Mr. Hill to offer their expert opinions, based on their training and experience, on when the decision *should* have been made to evacuate the Vice President and the House and Senate chambers, they *might* be qualified to render such opinions, so long as the defendant could establish that Mr. Snell and/or Mr. Hill's opinions were based on reliable facts and methods. But this is not what the defendant seeks. Instead, the defendant intends to have Mr. Snell and/or Mr. Hill try to reverse engineer the *fact* of what time the decision was made to evacuate based on their review of video evidence and other public information. Similarly, assuming they used reliable facts and methods, Mr. Snell and/or Mr. Hill *might* be qualified to opine on what conditions *should* have been required to resume the Joint Session, but their attempts to divine what conditions law enforcement and Congress actually put in place are not.
   Regardless, expert opinions as to when the proceeding *should* have been suspended or resumed are irrelevant. The question before the jury is whether the defendant actually obstructed the proceeding, attempted to obstruct the proceeding, or aided and abetted others in obstructing the proceeding by his conduct.

[2] Any attempt by the defendant to pivot or otherwise alter the substance of his experts' proposed testimony now should be prohibited as an untimely expert disclosure.

3

testify. In his response, the defendant concedes that "it is not relevant whether the Defendant is more or less guilty than others." Def. Resp. at 8. The United States agrees. In fact, the government has moved *in limine* to exclude evidence on this same point. *See* ECF No. 115 (Govt. Motion *in Limine* to Exclude Irrelevant Evidence of the Culpability of Others). The government is heartened that the defendant will not seek to admit testimony from Mr. Snell, Mr. Hill, or other witnesses blaming other people for the defendant's actions, such as those unnamed people he claims "organized and executed" the "sophisticated, organized attack on the Capitol" without the knowledge of "large numbers of Trump supporters," like the defendant. Govt. Mot., Ex. 1 at 1. The United States agrees that such suggestions have no place in this trial.

Despite the defendant's representation that he does not seek to argue relative culpability, however, Def. Resp. at 8-9, the defendant still asserts that is proper for him to call Mr. Snell and Mr. Hill to provide their "expert" opinions that

> the activities involving [*sic*] in purposely and corruptly storming and occupying the Capitol on the one hand; and those involved in putting the Certification into recess, evacuating the Chambers, and clearing the Grounds on the other, were not affected in any more significant way by Mr. Barnett **compared to** how these activities were affected by any one of the thousands of Trump supporters on the Capitol Grounds who did not enter the Capitol or attack police. Thus Mr. Barnett did not corruptly contribute to obstructing or impeding an official proceeding by delaying any activities such as evacuation on the front end or in clearing the grounds so Certification could resume on the back end.

Def. Resp. at 14 (emphasis added). This is a relative culpability argument and completely inconsistent with the defendant's admission that such arguments are irrelevant. Indeed, they are improper appeals for jury nullification

Otherwise, however, the defendant's response makes crystal clear that he intends to call Mr. Snell and Mr. Hill to offer the same testimony the government identified as improper. For example, the defendant claims that the "expert" testimony of Mr. Snell and Mr. Hill is "relevant,

4

meaningful, appropriate, and proper" because "the Government Motion concedes" that it will be a relevant fact in the trial that Congress could not resume the Joint Session until the U.S. Capitol building was secure. *See* Def. Resp. at 9-10. But the defendant misses the point. While Congress's riot-caused delay in resuming the Joint Session is relevant to the defendant's guilt, the actual protocols and actions of the U.S. Capitol Police are matters of fact, not opinion, and it is inappropriate for any witness to speculate about them.

There is indeed no question that the *facts* concerning the protocols and actions of Congress, the U.S. Capitol Police, and other law enforcement officers to secure the U.S. Capitol building are relevant, but Mr. Snell and Mr. Hill have no <u>expertise</u> or <u>reliable basis to render *opinions*</u> on these matters. In contrast, the government's witnesses will include law enforcement officers who were present and involved, and they will testify as fact witnesses to describe what they did and why. Mr. Snell and Mr. Hill can only *speculate* about when and why such decisions were made and such actions undertaken. Their opinions are thus unreliable, irrelevant, and inadmissible. The defendant does not address this aspect of the government's argument whatsoever.

Similarly, the defendant seeks to call Mr. Snell and Mr. Hill to testify that they used their "expertise" to determine "that a decision to evacuate Congress must have been reached earlier than the actual evacuation itself, therefore approximately 2:20 PM to 2:35 PM." Def. Resp. at 12. The notion that this logical conclusion requires expertise to reach is absurd. Of course a decision to do something occurs before the action occurs. Meanwhile, the timing of the key events in this case cannot be reasonably in dispute; they are captured on video with timestamps. The first breach of the U.S. Capitol building occurred at 2:12 p.m. The Vice President evacuated the Senate chamber within a minute and the Senate gaveled into recess. At approximately 2:15 p.m., Speaker Pelosi evacuated the House chamber. At approximately 2:20 p.m., the House gaveled into a recess of its

own. The Joint Session was thus suspended. The Senate and House resumed meeting at approximately 8:06 p.m. and 9:02 p.m., respectively.[3] Similarly, the defendant's path into and through the U.S. Capitol building, and his conduct while inside, is largely captured on video with timestamps. Neither Mr. Snell nor Mr. Hill has anything to contribute on these points. They are matters of fact, not opinion, and no expertise is required for the jury to understand them.

It's true that the timing of these events and the conditions for resuming the Joint Session are relevant—the defendant is free to call one or more fact witnesses who can speak to them—but Mr. Snell and Mr. Hill have no relevant, admissible testimony to provide.

### C. The defendant repeatedly conflates expert testimony with summary and fact witness testimony.

The defendant asserts that Mr. Snell and Mr. Hill have spent "countless hours . . . scouring" footage from U.S. Capitol surveillance cameras, footage from police body worn cameras, and recordings of police radio transmissions, and that they should be allowed to "testify to their conclusions about the mountain of evidence and summarize all of this information quickly." According to the defendant, the proffered "expert" testimony of Mr. Snell and Mr. Hill is therefore "simply the mirror image, flip side of the Government's case in chief." Def. Resp. at 7. This is incorrect.

The United States intends to call U.S. Capitol Police Captain Carneysha Mendoza as a fact witness. Captain Mendoza was on the grounds of the U.S. Capitol on January 6, 2021, and was personally involved in law enforcement's efforts to hold back, subdue, contain, and remove rioters throughout the U.S. Capitol complex. She will testify from personal knowledge about the U.S. Capitol grounds in general, the restrictions and security systems in place, the events of the riot,

---

[3] Indeed, the United States proposed a stipulation to these facts (and others that cannot be reasonably disputed), but the defendant has yet to sign or reject this stipulation or any of the others.

and the contours of the law enforcement response, among other related topics. In the course of Captain Mendoza's testimony, the United States will admit videos from different sources capturing the anatomy and evolution of the riot, both inside and outside the U.S. Capitol building. Captain Mendoza is an experienced, accomplished professional, but the United States is calling her as a summary and fact witness, not an expert. The United States will not ask Captain Mendoza to provide the jury with her *opinion* on any topic, and thus her testimony does not fall under the ambit of Rules 702-705.

If the defense solely wanted to call Mr. Snell and/or Mr. Hill as fact witnesses to "summarize all of [the video and audio evidence they reviewed] quickly," *id.*, their testimony likely would be proper and admissible under FRE 1006, providing that the defendant makes "available for examination" the underlying evidence being summarized "at a reasonable time and place." In contrast, however, the defendant also seeks to admit Mr. Snell and Mr. Hill's "*conclusions* about the mountain of evidence" they reviewed. Def. Resp. at 7. That is pure expert testimony for which Mr. Snell and Mr. Hill must satisfy Rule 702. It is not the "mirror image" of Captain Mendoza's expected fact testimony at all. The defendant's response conflates expert and summary fact witnesses and seeks to admit expert testimony without satisfying its qualification and reliability requirements.

### D. The defendant may not use Mr. Snell and Mr. Hill as mouthpieces for his legal arguments or to frame his legal arguments as expertise.

In his response, the defendant states that he intends to call Mr. Snell to testify that "because the official proceeding had already been recessed and the U.S. Congress had already been evacuated" at the time of the defendant's entry into and conduct inside the U.S. Capitol building, the defendant "factually did not contribute to obstructing or impeding an official proceeding because the facts do not support the charge." Def. Resp. at 10. He expects Mr. Snell to tell the jury

7

that "[i]t is scientifically impossible for Barnett to act at 2:43 PM and have a consequence at 2:18 PM." Def. Resp. at 18-19, *see also* Def. Resp. at 21 ("There are those who were physically present as early as 1:00 PM who could have obstructed the Joint Session of Congress. But not Barnett."). It is obvious that no technical expertise is required to make these statements: they are just based on the clock. The defendant is welcome to make the arguments he wishes, but he has provided no legal basis for why he should be allowed to put them in the mouths of people with expertise on some topics, just not these. The defendant simply seeks to put the imprimatur of an "expert" on his legal arguments. This is closing argument dressed up as expertise. And this is precisely what *Daubert* and its progeny prohibit.

## CONCLUSION

The defendant's response is lengthy but not thorough. He does not engage with any of the legal arguments the United States makes, or any of the precedents the United States cites in support, let alone cite binding or even persuasive precedent of his own to counter them.

For the reasons stated above and in the underlying motion, ECF No. 111, the United States respectfully requests that the Court preclude the defendant from presenting his proposed experts' testimony on the topics he noticed. Should the Court find that it lacks sufficient information to rule at this time, however, the United States requests a *Daubert* hearing.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW

8

Atlanta, Georgia 30303
alison.prout@usdoj.gov
(404) 581-6000

MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
michael.gordon3@usdoj.gov
(813) 274-6370

NATHANIEL K. WHITESEL
Assistant United States Attorney
D.C. Bar No. 1601102
601 D Street, NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7035