UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. |
| | : | |
| RICHARD BARNETT, | : | 1:21-cr-0026 (CRC) |
| | : | |
| Defendant | : | |
| | : | |

**DEFENDANT RICHARD BARNETT'S MOTION AND MEMORANDUM OF LAW TO EXCLUDE FALSEHOODS ABOUT POLICE OFFICERS**

Defendant RICHARD BARNETT ("Barnett"), through the undersigned counsel, Bradford L. Geyer, Esq., presents this Motion and Memorandum of Law for an order in limine to exclude from presentation or mention at trial of arguments, evidence, or claims by Government witnesses that are unduly prejudicial about non-existent deaths of police officers supposedly caused by demonstrations on January 6, 2021. In support of his motion Barnett states as follows:

**I. INTRODUCTION AND OVERVIEW**

Normally a motion of this type would be unnecessary. We would assume care and truthfulness from prosecutors. However, the ultimate superior of the prosecutors in this case, Attorney General Merrick Garland, as recently as last week, ahead of January 6, 2023, once again claimed that five (5) police officers died during the events at the U.S. Capitol on January 6, 2021, or *directly* resulted therefrom. The Attorney General and the President of the United States and others have repeated this disinformation countless times over the last two years.

As a result the demonstrations by an estimated 10,000 mostly peaceful protestors around the Capitol is frequently called "deadly."

The Attorney General is the head of the U.S. Department of Justice. The prosecutors are employed by the U.S. Attorney for the District of Columbia, Matthew Graves. The U.S. Attorney is chosen and works for the Attorney General. The U.S. Attorney's Office is part of the U.S. Department of Justice.

Judges in related cases have commented that they cannot order the U.S. Department of Justice or Congress to not do things. But the Court can order within this case and this courtroom measures to remedy influences in this case and outside the courtroom. The Court must strive to provide the Defendant with a fair trial in spite of all circumstances internal to and external to the courtroom.

Unless the AUSA is prepared to prove that any police officers died as a result of events on January 6, 2021, they should not refer to such a claim. The greatest danger is in opening argument when it would be a little disruptive and often impolite for defense counsel to interrupt the prosecution's opening statement with an objection. The opening statement is also likely to have an inordinate impact on the jury's understanding of the case at the outset of the case and with no immediate contradiction of the assertion.

It is not the intent of Defendant's counsel to unfairly limit the opposing side or play games. As usual, Defendant's counsel is not asking for a blanket or arbitrary exclusion of the topic. However, if the prosecution does not have any proof it can present that any police officer died because of or as a *direct* result of events at or near the U.S. Capitol, it should not mislead, confuse, and inflame the jury.

## II.  GOVERNING LAW

**Federal Rules of Evidence Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**

2

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
>
> **https://www.law.cornell.edu/rules/fre/rule_403**
>
> Notes of Advisory Committee on Proposed Rules
>
> The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. Slough, Relevancy Unraveled, 5 Kan. L. Rev. 1, 12–15 (1956); Trautman, Logical or Legal Relevancy—A Conflict in Theory, 5 Van. L. Rev. 385, 392 (1952); McCormick §152, pp. 319–321. The rules which follow in this Article are concrete applications evolved for particular situations. However, they reflect the policies underlying the present rule, which is designed as a guide for the handling of situations for which no specific rules have been formulated. Exclusion for risk of unfair prejudice, confusion of issues, misleading the jury, or waste of time, all find ample support in the authorities. "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.
>
>        \* \* \*

**III. ARGUMENT**

On April 19, 2021, the U.S. Capitol Police issued a press release:

**https://www.uscp.gov/media-center/press-releases/medical-examiner-finds-uscp-officer-brian-sicknick-died-natural-causes**

## Medical Examiner Finds USCP Officer Brian Sicknick Died of Natural Causes

April 19, 2021  Press Release

The USCP accepts the findings from the District of

3

> Columbia's Office of the Chief Medical Examiner that Officer Brian Sicknick died of natural causes. This does not change the fact Officer Sicknick died in the line of duty, courageously defending Congress and the Capitol.
>
> The Department continues to mourn the loss of our beloved colleague. The attack on our officers, including Brian, was an attack on our democracy.
>
> Working with the U.S. Attorney's Office for the District of Columbia, the F.B.I.'s Washington Field Office and the Metropolitan Police Department, the USCP will continue to ensure those responsible for the assault against officers are held accountable.

* * *

Not only did the D.C. Coroner rule that Officer Sicknick died of natural causes, but the autopsy also found no physical injuries or any irritation by any chemical substance.

> [Chief Medical Examiner Francisco Diaz] told **The Washington Post** that the autopsy *found no evidence that Sicknick experienced an allergic reaction to chemical irritants. He also said there was no evidence of either external or internal injuries.*[1]

Pete Williams, "Capitol Police Officer Brian Sicknick died of natural causes after riot, medical examiner says," NBC News, April 19, 2021, **https://www.nbcnews.com/politics/politics-news/capitol-police-officer-brian-sicknick-died-natural-causes-after-riot-n1264562** *(emphasis added).*

> Diaz's ruling means the chemical irritant assault – which two men, Julian Kahter and George Tanios, have been charged for – is not attributable for Sicknick's death, and may effectively prevent the Justice Department from bringing homicide charges in the case.[2]

"Officer Brian Sicknick died of natural causes, medical examiner says: The D.C. Office of the Chief Medical Examiner says chemical irritant exposure did not play a role in Sicknick's death, WUSA9 TV, April 19, 2021," **https://www.wusa9.com/article/news/national/capitol-riots/officer-brian-sicknick-suffered-two-strokes-and-died-of-natural-cases-medical-examiner-says-capitol-riot-julian-khater-george-tanios/65-059aa393-621d-47a1-b4bc-3b01b204f3db**

---

[1]   Officer Sicknick tragically died of a stroke the day after January 6, 2021, and therefore the state of observable physical injuries would be static as of January 7, 2021.
[2]   Understanding legally that the chemical attack is alleged, the lack of any detectable effects upon Officer Sicknick could also suggest that Officer Sicknick was not in fact exposed to any chemical irritants, even if video evidence indicates an attempt.

Any suggestion that Officer Sicknick's natural-causes stroke resulted from events of January 6, 2021, is a myth. The autopsy explicitly excludes the possibility that there was any physical injury found internally or externally on Officer Sicknick nor was there any evidence of any chemical irritant affecting Officer Sicknick.

> Sicknick's manner of death was reported as natural. The cause was listed as "acute brainstem and cerebellar infarcts due to acute basilar artery thrombosis."
>
> The office, which released the report Monday, classifies a death as natural when "a disease alone causes death. ***If death is hastened by an injury, the manner of death is not considered natural.***"

Jordan Pascale, "D.C. Medical Examiner Rules Capitol Police Officer Brian Sicknick Had Two Strokes, Died Of Natural Causes," DCIST *[program of WAMU 88.5 of American University Radio]*, April 19, 2021, **https://dcist.com/story/21/04/19/d-c-medical-examiner-rules-capitol-police-officer-brian-sicknick-had-two-strokes-died-of-natural-causes/**  (Emphasis added).

The D.C. Medical Examiner took 90 days, to complete this autopsy and report, and presumably reached a painstaking and careful conclusion, in conflict with the strong winds of political assumptions and beliefs.

Yet the Attorney General once again claimed on January 4, 2023, in a press release that five police officers died on or as a *direct* result of events on January 6, 2021.

The Attorney General of course is not a random political appointee speaking politically. The Attorney General is the official ultimately responsible for all prosecutions at the federal level. The Attorney General is in the chain of command, the top of the chain of command, of this case now before the Court. The Attorney General should not be making any statements at all of any nature while hundreds of "cases" – really one giant case subdivided – on the same topic are still pending and awaiting trial.

Furthermore, these comments were not in a political speech. The same U.S. Department

of Justice for whom the U.S. Attorney and the AUSA prosecutor are employed issued a press

release:

**https://www.justice.gov/opa/pr/attorney-general-merrick-b-garland-statement-second-anniversary-january-6-attack-capitol**  *(Emphasis added).*

**Department of Justice**
Office of Public Affairs

FOR IMMEDIATE RELEASE
Wednesday, January 4, 2023

## Attorney General Merrick B. Garland Statement on the Second Anniversary of the January 6 Attack on the Capitol

Friday, Jan. 6, 2023, will mark 24 months since the attack on the U.S. Capitol that disrupted a joint session of the U.S. Congress in the process of affirming the presidential election results.

Under the continued leadership of the Justice Department, the U.S. Attorney's Office for the District of Columbia and the FBI's Washington Field Office, the investigation and prosecution of those responsible for the attack continues to move forward at an unprecedented speed and scale.

Attorney General Merrick B. Garland made the following statement:

"Two years ago, the United States Capitol was attacked as lawmakers met to affirm the results of a presidential election. Perpetrators attacked police officers, targeted and assaulted members of the media, and interfered with a fundamental element of our democracy: the peaceful transfer of power from one administration to the next.

"Since then, countless agents, investigators, prosecutors, analysts, and others across the Justice Department have participated in one of the largest, most complex, and most resource-intensive investigations in our history. I am extremely grateful for the dedication, professionalism, and integrity with which they have done this work. This investigation has resulted in the arrest of more than 950 Defendant for their alleged roles in the attack. We have

> secured convictions for a wide range of criminal conduct on January 6 as well as in the days and weeks leading up to the attack. Our work is far from over.
>
> "We will never forget the sacrifice of the law enforcement officers who defended the members of Congress and others inside the Capitol that day. *And we will never forget the five officers who responded selflessly on January 6 and who have since lost their lives: Officer Brian Sicknick, Officer Howard Liebengood, Officer Jeffrey Smith, Officer Gunther Hashida, and Officer Kyle DeFreytag.*
>
> "The Justice Department remains committed to honoring them. We remain committed to ensuring accountability for those criminally responsible for the January 6 assault on our democracy. And we remain committed to doing everything in our power to prevent this from ever happening again."
>
> \*\*\*

Long before the facts were known, the U.S. Department began this false narrative, apparently for purely political purposes, including in a January 8, 2021, press release:

"**Statement of Acting Attorney General Jeffrey A. Rosen on the Death of U.S. Capitol Police Officer Brian D. Sicknick**," https://www.justice.gov/opa/pr/statement-acting-attorney-general-jeffrey-rosen-death-us-capitol-police-officer-brian-d

One day after Officer Sicknick died on January 7, 2021, the U.S. Department of Justice on the following day January 8, 2021 – 88 days *before* the D.C. Chief Medical Examiner determined Sicknick's cause of death – had already leaped to an unfounded conclusion.

**Department of Justice**
Office of Public Affairs

FOR IMMEDIATE RELEASE
Friday, January 8, 2021

Statement of Acting Attorney General Jeffrey A. Rosen on the Death of U.S. Capitol Police Officer Brian D. Sicknick

> Acting Attorney General Jeffrey A. Rosen issued the following statement:
>
> "Our thoughts and prayers are with the family and fellow officers of U.S. Capitol Police Officer Brian D. Sicknick, who succumbed last night to the injuries he suffered defending the U.S. Capitol, against the violent mob who stormed it on January 6th.  The FBI and Metropolitan Police Department will jointly investigate the case and the Department of Justice will spare no resources in investigating and holding accountable those responsible."

This false narrative polluted the jury pool and has deprived January 6 Defendants of a fair trial for the following two years.  Thus, there is far more than risk-averse concern that this persistent but knowingly-false narrative may affect the trial in this case without the Court acting to ensure a fair trial.  The risk that this trial will be affected by this falsehood is real.

Meanwhile, there were four suicides of law enforcement officers after January 6, 2021 -- Officer Howard Liebengood, Officer Jeffrey Smith, Officer Gunther Hashida, and Officer Kyle DeFreytag.

However, there is no evidence of any connection between these suicides and any event on or related to January 6, 2021.  This is a recognized logical fallacy called **"Post hoc, ergo propter hoc"** or "After this, therefore because of this."  This is also referred to as a **Post hoc logical fallacy**.  Specifically, "assuming that since A happened before B, A must have caused B."

The fact that January 6 2021, occurred and then the suicides occurred does not support any causal relationship between one and the other.

The political world, the U.S. Department of Justice, and Attorney General are engaging in conjecture.  Some think that when law enforcement officers have to enforce the law against their fellow U.S. citizens they are traumatized.  In fact, however, all law enforcement officers all the time or almost all the time are enforcing the law on behalf of and occasionally against fellow

8

citizens.  The conjecture has no basis in common sense.  Since all law enforcement involves officers engaging with U.S. citizens, the imaginative explanations offered – without any evidence – are inadequate.

Sadly, suicides happen far too often.  Trying to understand why one has made that decision is often one of many very difficult issues when it happens.  Yet completely inventing imaginative reasons in order to try to convict someone not responsible is no better.

**CONCLUSION**

The Court should enter the requested order in limine.

| | |
|---|---|
| Dated:  January 8, 2023 | RESPECTFULLY SUBMITTED, By Counsel |
| | /s/ Brad Geyer |
| | Bradford L. Geyer, PHV |
| | PA 62998 |
| | NJ 022751991 |
| | Suite 141 Route 130 S., Suite 303 |
| | Cinnaminson, NJ 08077 |
| | Brad@FormerFedsGroup.Com |
| | (856) 607-5708 |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2023, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

      MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
Ted Turner Drive, SW
Atlanta, Georgia 30303
alison.prout@usdoj.gov
 (404) 581-6000

MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
michael.gordon3@usdoj.gov
(813) 274-6370

NATHANIEL K. WHITESEL
Assistant United States Attorney
D.C. Bar No. 1601102
601 D Street, NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7035


      Respectfully submitted

<u>/s/ Brad Geyer</u>
Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S., Suite 303
Cinnaminson, NJ 08077

Brad@FormerFedsGroup.Com
(856) 607-5708