UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-00038 (CRC) |
| ) | |
| RICHARD BARNETT, ) | |
| ) | |
| Defendant. ) | |

### MOTION IN LIMINE TO PRECLUDE TESTIMONY BY USCP OFFICER

Comes now the Defendant, Richard Barnett, by and through his undersigned attorneys, and respectfully moves this court to preclude irrelevant and highly prejudicial testimony that serves no probative value as to any fact in his case by USCP Captain Carneysha Mendoza, and states in support:

### BACKGROUND

During the January 4, 2023 Pretrial Conference, the government said that Captain Carneysha Mendoza would be a fact witness to provide context for the entirety of the U.S. Capitol grounds on January 6, 2021.[1] The defense objected. The government admitted that Captain Mendoza had no interaction with Mr. Barnett. Mr. Barnett objected since he was not at the entire Capitol grounds and is accused as indicted by the government for entering the building through the Columbus doors (in disregard of the evidence that he was pushed inside), and then for an alleged non-violent verbal engagement with a USCP officer in the Rotunda when he wanted to retrieve his flag. After the objection the government argued to this Court that Mendoza would

---

1. The government proposes an exbibit of an overhead diagram with an invisible boundary in deep MAGA red that commingles areas that were allegedly deemed "off-limits" or restricted. Some of the red boundary line area did have portable bike racks or snow fencing, but not all did. Moreover, much of this fencing was removed early in the day, particularly well before Captain Mendoza arrived at the Capitol Grounds, apparently sometime after 2:26 p.m. which was during the first Columbus Door Opening. The diagram was not published to the public. This exhibit is unnecessary, deceptive, and prejudicial.

testify as to what was on and off limits as to the grounds, and her view of the Rotunda at a time not when Mr. Barnett was present. The Defense stated that she should only be allowed to testify as to relevant facts directly related to Mr. Barnett. She has none. The government estimated two to three hours of testimony which itself indicated that Mendoza would not be limited to testifying to first-hand factual information that could be relevant or of any probative value in this case. Mendoza has in fact been a witness before the January 6th Select committee and in at least one other case where she testified about injury from what was likely chemical "O/C spray" by police, but where she blamed unnamed protestors. No CCTV evidence has been provided to the Defense to support any such claim of injury, and Mr. Barnett was not present. Instead, by her own admission in a document, she admitted she did not know who sprayed her, stating it was police or protestors. The government has not advised this Court or the Defense that it changed its direct examination topics to question her about injury, but case histories show that to be the government modus operandi.

## ARGUMENT

FRE Rules 401 and 403 form the basis for the objections to Captain Mendoza offering anything beyond fact evidence about the U.S. Capitol building and grounds related to this case if she has first-hand evidence from January 6, 2021. This is what the government told this Court she would be offering.

In review of Captain Mendoza's testimony in the Herrera trial (1:21-cr-619), she provided irrelevant and highly prejudicial testimony about an injury she alleges she suffered on January 6, 2021; along with hearsay from her about injuries to others, and the Capitol grounds between 6:30 a.m. - 1:45 p.m. that day when Captain Mendoza was off-duty and cannot have seen the grounds. It appears the prosecution attempted the same during testimony in the Webster trial (1:21-cr-208)

2

but were cut off by objection based on pretrial limitations and the FRE. In another case, the prosecution stated that the injury testimony would be about "her experience" when that had nothing to do with the defendant. In that case, Captain Mendoza failed to mention that her injury was likely from police, where testimony left the jury or any reader the inference that protestors caused the injury.

Captain Mendoza previously gave testimony unrelated to the facts for cases at hand, while having no first-hand view of what she testified about, particularly in the government's montage. Her testimony will be for the mere purpose of prejudicing this jury while presenting nothing of probative value to this case. Her alleged injury should not be mentioned. She is being used to present unexcused hearsay narration for the government because the government cannot prove its case.

She was the nighttime field commander whose responsibilities included SWAT, K9, and use of less than lethal weapons. Yet she did not go to the west side where the very same units were firing relentlessly on unarmed peaceful protestors (over the heads of conspicuous and dangerous provocateurs) that may have caused or contributed to fatalities. She is not an expert witness. The prosecution is calling her to talk about herself and a prejudicial irrelevant montage - and nothing material to this case.

Mr. Barnett was charged with 18 U.S.C. Section 203 Civil Disorder where no person in his vicinity caused violence. The prosecution intends to illegitimately use her testimony to have the jury believe it should convict Mr. Barnett based on the acts of others. Any attempt by her to discuss her alleged injury can only be for the purpose of misleading the jury into falsely believing that Mr. Barnett was responsible or nearby when instead it is most likely her own police injured her.

The Defense has not been afforded time to research all of global discovery to find records where she reported injury, or any was substantiated. The government did not provide discovery on Captain Mendoza for this case. Her injury is not related to Mr. Barnett, and we have been unable to find any evidence to support that her injuries were caused by provocateurs after extensive review of CCTV and body cam footage. Any testimony about an injury she likely received from police can only be meant to raise jury emotion and to prejudice the jury in an illegitimate attempt by the government to confuse the jury into convicting Mr. Barnett for the acts of others. This is a violation of accepted jurisprudence.

## CONCLUSION

Because Captain Mendoza is not an expert witness, she should be precluded from offering opinions; and because the trial is not about "her experience," the government should not be allowed to query her on any injury since it is not related to Mr. Barnett in any way.

Wherefore, Mr. Barnett requests that this Court preclude any testimony by Captain Mendoza about her injury and preclude her hearsay testimony about injuries of others; and that the government be precluded from eliciting hearsay and opinion testimony from her about ground conditions at the US Capitol that she did not personally witness on January 6, 2021, to include the red-line boundary that has no foundation; and pictures and video of barriers and fencing taken after 6:00 a.m., about the time when she went home in an off-duty status.

Dated January 11, 2023

Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
E: Carolstewart_esq@protonmail.com

/s/ *Bradford L. Geyer*
Bradford L. Geyer
FormerFedsGroup.com, LLC
141 I Route 130, Suite 303
Cinnaminson, NY 08077
E: Brad@formerfedsgroup.com

## CERTIFICATE OF SERVICE

I hereby certify on the 11th day of January 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn Stewart Esq.
Carolyn Stewart, Esq.