UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-CR-38 (CRC)** |
| v. | : | |
| | : | |
| **RICHARD BARNETT** | : | |
| also known as "Bigo Barnett," | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE IMPERMISSIBLE ARGUMENT IN THE DEFENDANT'S OPENING STATEMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motion *in limine* to preclude the defendant from impermissibly raising argument during his opening statement.

"An opening statement has a narrow purpose and scope. It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument." *United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, CJ, concur.). It has long been the rule that the opening statement "is not an occasion for argument." *Id.*; *see also id*. at 603 (affirming trial judge's admonishment of defense counsel several times during the opening statement for statements such as "I call this the Case of the Incredible Witness"); *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960) (opening statement "should not be argumentative in character").

During opening statements, parties must "avoid making statements of fact to the jury not supported by proper evidence introduced during trial." *Gaither v. United States*, 413 F.2d 1061, 1079 (D.C. Cir. 1969). Likewise, the opening statement should not attempt to appeal to the passions and prejudices of jurors. *United States v. Bailey*, 123 F.3d 1381, 1400 (11th Cir. 1997)

(addressing closing and holding that parties "may not make an argument directed to passions or prejudices of the jurors instead of an understanding of the facts and law"); *accord United States v. Somers*, 496 F.2d 723, 737-39 (3d Cir. 1974) (addressing closing).

The trial court "can exclude irrelevant facts and stop argument if it occurs." *United States v. Zielie*, 734 F.2d 1447, 1455 (11th Cir. 1984) (abrogated on other grounds as stated in *United States v. Chestang*, 849 F.2d 528 (11th Cir. 1988)); *see also United States v. McCabe*, No. 96-30092, 1997 WL 753348, at *3, 131 F.3d 149 (Table) (9th Cir. 1997) (trial court acted properly in interrupting defense counsel when he compared the proceedings to the Salem witch trials because these remarks were "argumentative, inflammatory, and prejudicial").

Accordingly, the Court should preclude the defendant from improperly arguing and mischaracterizing the facts or the law during his opening statement. In particular, based on the themes raised by the defendant during his cross-examination of government witnesses, the Court should preclude the following:

- *Argument that the defendant was not violent*. This improperly implies to the jury that to convict the defendant of at least one of the charges, the government has to prove that the defendant himself engaged in violent conduct. None of the charged crimes contain such an element. It would be improper for the Court to permit the defendant to alter the government's burden of proof in its opening.

- *Argument that other rioters were more violent than the defendant*. While the presence of a violent civil disorder is relevant to Count One (and has been solidly established by the government and essentially conceded by the defense through its cross-examinations of Emily Berret, Captain Carneysha Mendoza, and Officer Terrence Craig), argument that the defendant's conduct was less physical or less

violent than others present at the Capitol is not exculpatory and misleadingly implies that violence is a required element of the charges against the defendant.[1]

- *Argument that the government is attempting to hold the defendant responsible for the violent conduct of others*. This is related to the above anticipated defense argument asserting that the defendant is not guilty because he was nonviolent. It misleads the jury to suggest that the government must prove that the defendant himself had to be engaged in violent conduct, or that by accusing him of violating 18 U.S.C. § 231(a)(3), the government is seeking to scapegoat the defendant for the underlying civil disorder itself. This argument misstates the government's case and risks confusing the jury as to the government's burden of proof.

- *Argument or implication that the defendant is not guilty because the "West Front" of the Capitol was more violent than the "East Front."* Such an argument improperly implies that the defendant was not on the West Front of the Capitol during the riot, which is inaccurate. As of the filing of this motion, uncontested evidence has already established that the defendant was in fact on the West Front. *See, e.g.,* Daily Tr. at 166-167 (Emily Berret: "In one of the images I saw yesterday, he was near the inaugural platform, so that would be the West Front."); *id*. at 284-94 (Captain Carneysha Mendoza: identifying the location of photos and videos

---

[1] Count One, the violation of 18 U.S.C. § 231(a)(3) (civil disorder), requires the government to prove that three or more people were engaged in violent conduct—a civil disorder—and that the defendant's conduct, violent or not, obstructed, impeded, or interfered with law enforcement efforts to deal with that civil disorder. While the defendant tried to raise the government's burden of proof by arguing that an act of violence *by the defendant* was required under the statute (Dkt. No. 123), this Court has already ruled that "an individual need not commit a violent act to be culpable under the [§ 231] statute." Dkt. No. 138 at 4.

containing the defendant as being on the "west front").[2] The defendant should not be permitted to suggest to the jury that any distinction between the overall level of violence on the West and East Fronts has relevance in this case because the defendant was on both sides of the Capitol grounds.

- *Argument that the defendant was a "protestor" and not a "rioter."* There is no legal distinction between a protestor and a rioter. The defendant attempts to draw such a distinction solely to misleadingly suggest that his conduct at the Capitol did not violate the law. The defendant is not charged with the crime of being a "rioter" and the jury need not make any such determination to decide whether the defendant committed any of the eight crimes he faces in the Superseding Indictment.

For the foregoing reasons, the government requests that the Court "stop argument if it occurs," during the defendant's opening, *Zielie*, 734 F.2d at 1455, and that it reiterate its instruction that opening statements by the attorneys are not evidence.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

---

[2] Among others, Captain Mendoza identified a video of the defendant approaching the Capitol building from the West Front (Daily Tr. at 284-85, Gov't Ex. 741), a video of the defendant speaking to an officer on the West Front at 3:22 PM (Daily Tr. at 292; Gov't Ex. 208), and a video of the defendant speaking to another officer on the West Front at 3:52 PM (Daily Tr. at 294; Gov't Ex. 209).

alison.prout@usdoj.gov
(404) 581-6000

MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
michael.gordon3@usdoj.gov
(813) 274-6370

NATHANIEL K. WHITESEL
Assistant United States Attorney
D.C. Bar No. 1601102
601 D Street, NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7035

5