**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-CR-38 (CRC)** |
| **v.** | : | |
| | : | |
| **RICHARD BARNETT** | : | |
| also known as "Bigo Barnett," | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTER**
**<u>EVIDENCE</u>**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby submits the following motion *in limine* to preclude the defendant

from introducing improper character evidence.  During his deferred opening statement, the

defendant repeatedly told the jury about expected character testimony and evidence, including

extraneous historical acts and behaviors related to the defendant's character.  The Court should

preclude such material because it improperly goes to the defendant's general "good" character and

specific instances of that purported character, in violation of Federal Rule of Evidence 404.

Under the federal rules, "[e]vidence of a person's character or character trait is not

admissible to prove that on a particular occasion the person acted in accordance with the character

or trait."  Fed R. Evid. 404(a)(1).  As the Sixth Circuit has explained, "[f]or the same reason that

prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts'

generally may not be used to show a predisposition not to commit crimes."  *United States v.*

*Dimora*, 750 F.3d 619, 630 (6th Cir. 2014).  In other words, "evidence of good conduct is not

admissible to negate criminal intent."  *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir.

2008) (internal citation omitted).  While there is an exception to this rule for criminal defendants,

it is only available for a character trait that is "pertinent" to the offense charged.  Fed. R. Evid.

404(a)(2)(A); *see United States v. Sutton*, No. 21-cr-598 (PLF), 2022 WL 13940371, at \*17

(D.D.C. Oct. 23, 2022) (citing *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002)).  "A

pertinent trait must be specific[;] it may not be offered as evidence of one's general character."

*Sutton*, 2022 WL 13940371, at \*17.  Otherwise—and in the case where a defendant proffers

broader evidence of a general character trait like law-abidingness, which is pertinent to almost *all*

criminal offenses, *see In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003)—character evidence

is limited to "testimony as to reputation or by testimony in the form of an opinion[,]" Fed. R. Evid.

405(a).

Accordingly, the Court should preclude the defendant from introducing improper character

evidence through the form of specific acts or general "good" character.  In particular, based on the

representations made in the defendant's opening statement, the Court should preclude the

following:

(1) evidence that the defendant has given money to, or raised money for, law enforcement;

(2) evidence that the defendant has given speeches at places other than the U.S. Capitol building on January 6, 2021;

(3) evidence that the defendant is a "family man," "lover of life," or anything else to that effect; and

(4) evidence that the defendant has participated in prior political protests.

Precluding this evidence is appropriate because none of this character evidence is pertinent to any

of the offenses charged in this case.  *See United States v. Webster*, No. 21-cr-208 (APM), Order at

2 (Apr. 13, 2022), ECF No. 75 (concluding that a Capitol riot defendant[1] "shall not be permitted

---

[1] Webster was ultimately convicted of (1) assaulting an officer with a deadly or dangerous weapon, (2) obstructing officers during a civil disorder, (3) entering or remaining in a restricted building or grounds with a deadly and dangerous weapon, (4) disorderly or disruptive conduct in

to offer specific acts of peacefulness or nonviolence, as those character traits are not an element of any offense charged nor any defense"); *see also United States v. Washington*, 106 F.3d 983, 999–1000 (D.C. Cir. 1997) (affirming district court's exclusion of evidence of defendant-police officer's prior commendations in prosecution of bribes-for-drug-security scheme because the officer's "'dedication, aggressiveness and assertiveness' in investigating drug dealing and carjacking is neither 'pertinent' to nor an 'essential element' of his supposed lack of predisposition to engage in the corrupt criminal activity with which he was charged"); *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014) (affirming district court's exclusion of evidence that defendant-public official assisted constituents who had not bribed him because conduct "in situations unrelated to the charges" was not probative of intent, and "prior 'good acts' generally may not be used to show a predisposition not to commit crimes"); *United States v. Ellisor*, 522 F.3d 1255, 1270–71 (11th Cir. 2008) (affirming district court's exclusion of evidence that defendant had actually put on prior events, in prosecution for fraudulently selling tickets to an event that did not occur, because "evidence of good conduct is not admissible to negate criminal intent" (internal quotation marks and citation omitted)); *United States v. Marrero*, 904 F.2d 251, 259–60 (5th Cir. 1990) ("The fact that [the defendant] did not overcharge in every instance in which she had an opportunity to do so is not relevant to whether she, in fact, overcharged as alleged in the indictment.").

Accordingly, the government requests that the Court preclude the defendant from introducing general character or specific acts evidence and limit the defendant to "introduc[ing] evidence as to character only 'by testimony about [his] reputation or by testimony in the form of

---

a restricted building or grounds with a deadly or dangerous weapon, (5) engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, and (6) engaging in an act of physical violence in the Capitol grounds or Capitol buildings.

3

an opinion.'" *Webster,* No. 21-cr-208 (APM), Order at 2 (quoting Fed. R. Evid. 405(a)) (second

alteration in original).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

*/s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
alison.prout@usdoj.gov
(404) 581-6000

MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
michael.gordon3@usdoj.gov
(813) 274-6370

NATHANIEL K. WHITESEL
Assistant United States Attorney
D.C. Bar No. 1601102
601 D Street, NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7035