UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-00038 (CRC) |
| ) | |
| RICHARD BARNETT, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR MISTRIAL BASED ON PROSECUTION FOR OBSTRUCTING A NON-EXISTENT PROCEEDING WITH GOVERNMENT MISREPRESENTATION OF THE LAW**

Comes now the Defendant, Richard Barnett, by and through undersigned attorneys, and respectfully moves this court for a mistrial because the government prosecuted obstruction of a non-existent Congressional proceeding. The government showed no existing law "Certification of the Electoral College Vote" as charged in Count 2 of ECF No. 96, Superseding Indictment, and ran its prosecution where no obstruction of Section 1512(c)(2) can be found for a non-existent "Certification of the Electoral College Vote" proceeding where the law cited in the indictment contains no such proceeding and where the government irreparably confused and misled the jury as to the contents of the U.S. Constitution's Twelfth Amendment and 3 U.S.C. §§ 15-18 during the trial; and states in support:

I.    **BACKGROUND AND FACTS**:

On December 22, 2022, nine business days before trial start, the government entered the superseding indictment at ECF No. 96. This superseding indictment contained the new charge of 18 U.S.C. Section 231(a)(3) and materially changed the Section 1512(c)(2) charge; and where lack of time impaired the defense's preparation and where the motion to continue at ECF No.112 was denied by the Court. With the Court's approval Mr. Barnett also filed a renewed motion at ECF

No. 124 on January 5, 2023 to dismiss the charge of 18 U.S.C. Section 1512(a)(2) for all previous reasons presented and as denied for ECF No. 74, but now included the failure to state a charge given that the superseding indictment charged obstruction of a non-existent Congressional proceeding and was bereft of any supporting law for said proceeding. The superseding indictment deleted the ECF No. 19 (original indictment) language for an act of obstruction for Section 1512(c)(2) that at the time was Count One: "by entering and remaining in the United States Capitol without authority and engaging in disorderly and disruptive conduct." The superseding indictment at ECF No. 96 made the charge of obstructing Congress under Section 1512(c)(2) become Count Two, and newly specified the official proceeding Mr. Barnett allegedly obstructed as "Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18."

The Court denied the motion to dismiss at ECF No. 124 by declaring that a *count of electoral votes* is the same as "Congress's certification of the electoral vote count." However, neither the United States Constitution's Twelfth Amendment nor 3 U.S.C. §§ 15-18 ever use the word "certification" as a function that Congress may conduct regarding the presidential election. The motion at ECF No. 124 highlighted that all Congress does is watch the Vice President open certificates and tally the vote - where states already certified the vote count. There may be an objection and debate where unless both House and Senate agree on the objection, the votes are counted. There is no written or oral certification by Congress as part of the law. The vote count is tallied, and a winner is declared by the Vice President. Obstructing a certification also sounds much worse than just delaying the count of electoral vote certificates already certified by the state legislature, governor, or secretary of state depending on state statutes for "who" certifies. None of the physical certificates from states were ever in jeopardy and everyone already knew the tally.

**II.     LEGAL STANDARD.**

The United States Supreme Court has made clear on multiple occasions that neither courts not the government may change an indictment delivered by a grand jury. "Ever since *Ex parte Bain*, 121 U.S. 1, was decided in 1887 it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215-16 (1960). Additionally,

> If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says 'no person shall be held to answer,' may be frittered away until its value is almost destroyed.

<u>Stirone v. United States</u>, 361 U.S. 212, 216 (1960) citing *Bain*, 121 U.S. 1, 10.

"The *Bain* case, which has never been disapproved, stands for the rule that a court cannot permit a defendant to be tried on charges that are not made in the indictment against him. See also *United States v. Norris*, 281 U.S. 619, 622. Cf. *Clyatt v. United States*, 197 U.S. 207, 219, 220*."* *Stirone v. United States*, 361 U.S. 212, 217 (1960).

When considering a challenge to the indictment, "a district court is limited to reviewing the face of the indictment;" *United States v. Sunia*, 643 F.Supp.2d 51, 60 (D.D.C. 2009) "The operative question is whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Sanford, Ltd.*, 859 F.Supp.2d 102, 107 (D.D.C. 2012).

"Due process bars courts from applying a novel construction of a criminal statute that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 268 (1997). As the Ninth Circuit has carefully considered and recognized,

based on the plain language of the statute, an offense under § 1512(c) does not prohibit the obstruction of every governmental function; it only prohibits the obstruction of proceedings such as a hearing that takes place before a tribunal. See *United States v. Ermoian*, 752 F.3d 1165, 1171 (9th Cir. 2013).

For Section 1512(c)(2) charges, obstruction of justice, must identify the official proceeding that was the object of the obstruction. Even if the indictment mirrors the elements of the offense in the statute, the indictment must specifically identify the particular proceeding that the government will prove was the object of the obstruction. *United States v. Schmitz*, 634 F.3d 1247 (11th Cir. 2011) (Emphasis added).

### III.   ARGUMENT.

The indictment charged and the government prosecuted obstruction of a non-existent proceeding. No crime can have occurred. This is not a case of a "scrivener's error." Scrivener's error refers to a mistake, including the category of a typographical error. The error must be clear and minor; and can be for a date, such as writing January 20, *2320* instead of January 20, *2023* for the date of the crime. In such case, it would be abundantly clear that the grand jury did not intend to charge a future crime, especially if the affidavit and statement of facts for the complaint, search warrant, and arrest warrant referred to January 20, 2023. However, it is not scrivener's error if the government deliberately writes in all documents, including the indictment, that the crime happened on January 20, 2023 and later wants to change the date of the crime to January 6, 2023. By definition, a scrivener's error is an unintentional mistake usually in drafting a contract. "It is widely accepted that courts may correct legislative drafting mistakes, i.e., so-called 'scrivener's errors,' **if and only if such mistakes are 'absolutely clear.'** The rationale is that, if a court were

to recognize a less clear error, it 'might be rewriting the statute rather than correcting a technical mistake.'" 110 Nw. U. L. Rev. 811 (2016).[1] (Emphasis added).

American jurisprudence does not allow prosecution for non-existent crimes. Words have meaning and alleging a non-crime requires the defendant be acquitted or pardoned as applicable. In an example, "Plaintiff in error was convicted of the alleged crime of forgery in the second degree, as a second offense. There is no such crime known to the penal law of the State of New York." *Carlesi v. New York*, 233 U.S. 51, 52 (1914). The convicted felon received a Presidential pardon. In yet another case example: "[T]he arrest here was rested on a charge of 'suspicion of housebreaking.' There is no such crime. Hence the arrest is illegal. And it is illegal even if we read the charge as one for the crime of house-breaking." *Bell v. United States*, 254 F.2d 82, 88 (D.C. Cir. 1958). Words in charging documents have meaning.

> [T]he defendant was indicted for perjury on a preliminary examination before a judge of the District Court of the United States, and it was held by Mr. Justice Story that the indictment could not be maintained, saying: 'The statute does not punish every perjury, but only a perjury done in a court of the United States. Plainly, therefore, it is of the very essence of the offence that it should be charged as committed in such court

*Todd v. United States*, 158 U.S. 278, 284 (1895)

The Court and prosecution cannot invent intent of the Grand Jury that charged a crime that nobody could have committed. The jurisprudence on this is rooted in our founding and history.

> It is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms. 'There can be no constructive offences, and before a man can be punished, his case must be plainly and unmistakably within the statute.' *United States v. Lacher*, 134 U.S. 624; Endlich on the Interpretation of Statutes, sec. 329, 2d ed.; Pomeroy's Sedgwick on Statutory and Constitutional Construction, 280.

*Todd v. United States*, 158 U.S. 278, 279 (1895)

---

[1] Ryan David Doerfler, *The Scrivener's Error*, University of Pennsylvania Carey Law School. https://scholarship.law.upenn.edu/faculty_scholarship/1653/

Courts and the government cannot rewrite or reinterpret a grand jury indictment because of defects to rescue the indictment or ensure it states an offense.

> The general, and, with few exceptions, of which the present is not one, the universal rule, on this subject, is, that all the material facts and circumstances embraced in the definition of the offence must be stated, or the indictment will be defective. No essential element of the crime can be omitted without destroying the whole pleading. The omission cannot be supplied by intendment, or implication, and the charge must be made directly and not inferentially, or by way of recital.

*United States v. Hess*, 124 U.S. 483, 486 (1888).

The superseding indictment lacks a material element of the offense: the obstructed proceeding. Here, the Court in its decision to deny the motion at ECF No. 124 rewrote the U.S. Constitution and 3 U.S.C. §§ 15-18 by saying counting equals certifying when it comes to a Congressional proceeding. The argument that a ceremony equals a proceeding is already deficient, but that provides no excuse to write law from the bench or in the offices of the Department of Justice. There is no dictionary that makes "counting" a synonym with "certifying." Just because the government attorneys and many of government employees brought on as witnesses were ignorant of the laws cited for the alleged crime, where they colloquially interchange the terms "count" and "certification," and where news media also made the public misinformed as to Congress's role, does not mean the Court can allow prosecution for obstruction of a non-existent proceeding that is not in the Twelfth Amendment or 3 U.S.C. §§ 15-18.

Despite the longstanding law in *Bain*, *Norris*, *Stirone*, and others, the government wants all to assume that the grand jury made a minor mistake in charging obstruction of a non-existent proceeding and misrepresenting the Constitution and 3 U.S.C. §§ 15-18. The law does not allow this assertion and demands that if the government upon realizing the indictment charged violation of a non-existent proceeding with non-existent law, it should have returned to the grand jury for another superseding indictment. The Court should not have attempted to rescue the defective

6

indictment and now the jury has been misled. With all witnesses and evidence, the government has not shown any legitimate legal rational where the Electoral Count Act or 3 U.S.C. §§ 15-18 can be violated under § 1512(c)(2) for obstruction of non-existent certification.

The jury cannot unhear the misleading testimony and misrepresentation of the law by the government. Unless the Court dismisses Count 2, there is no limiting jury instruction that can correct the government's prosecution for obstruction of a non-existent proceeding. Respectfully, the Court's pretrial determination that "counting" equals "certifying" is wrong because the Court allowed the government to misrepresent that law and is changing a material allegation of the indictment - which the Court cannot do within the law.

The government refused to provide grand jury minutes and testimony given direct requests by Mr. Barnett and cannot this argue that the wording was a typographical error. Further, the government admitted that the wording is what was meant, and falsely argued that the law gives Congress authority to conduct a certification proceeding - when the law gives that authority only to the states. The government needed to go back to the grand jury for a new indictment. Instead of vehemently arguing against Mr. Barnett's motion for a continuance when given only 9 business days before trial for a superseding indictment, the government could have used the period of a continuance to obtain a new indictment with a legitimate charge. The government prosecuted obstruction of a non-existent proceeding over Mr. Barnett's objections.

There is no typographical error in the indictment. Because the indictment at ECF No. 96 alleges that Mr. Barnett on or about January 6, 2021 in Washington, DC and elsewhere, "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18," and

because Mr. Barnett protested at a state capitol where the government made key points that Mr. Barnett thought there was illegitimacy in the 2020 election, the jurors can decide that he obstructed certification in December 2020 by protests at state and protected First Amendment free speech on social media - should the jury consider where certification is actually conducted. The government planted that seed. The damage of the defective indictment cannot be repaired. The government did not cure the defective indictment during trial, and instead worsened the defects by trying to falsely make Mr. Barnett out as violating law by First Amendment protected speech and wanting an investigation of the election results and protesting anywhere.

While Mr. Barnett was never near the counting, and it was impossible for him to be near a non-existent certification proceeding, the government also intends a conviction by claiming Mr. Barnett's mere presence for a brief period in the building aided others. In contradiction of American jurisprudence, the government has led the jury to convict based on Mr. Barnett's mere presence anywhere at any time on the US Capitol grounds as aiding and abetting other people - unidentified and without any evidence at trial - to obstruct the non-existent certification proceeding. This is mistrial material worthy.

**IV.    CONCLUSION**.

Because the Court may not add a new charge or change the indictment at ECF No. 96, and because the government prosecuted Mr. Barnett for obstruction of a non-existent proceeding while misleading the jury on the Twelfth Amendment to the U.S. Constitution and 3 U.S.C Electoral Count Act law, where no limiting instruction can cure the defective indictment as prosecuted, the Court should declare a mistrial if it will not alternatively dismiss Count 2.

WHEREFORE, for good reasons shown and others as the Court deems fit, Mr. Barnett respectfully requests that this Court declare a mistrial, or alternatively, dismiss Count Two.

Dated January 20, 2023

Respectfully submitted,

/s/ Jonathan S. Gross
Jonathan S. Gross
Bar ID: MD0162
2833 Smith Ave, Suite 331
Baltimore, MD 21209
p: (443) 813-0141
e: jon@clevengerfirm.com

/s/ Joseph D. McBride, Esq
Joseph D. McBride, Esq.
Bar ID: NY0403
THE MCBRIDE LAW FIRM, PLLC
99 Park Avenue, 6th Floor
New York, NY 10016
e: jmcbride@mcbridelawnyc.com

/s/ Bradford L. Geyer
Bradford L. Geyer
FormerFedsGroup.com, LLC
141 I Route 130, Suite 303
Cinnaminson, NY 08077
e: Brad@FormerFedsGroup.com

/s/ Carolyn Stewart
Carolyn Stewart
Stewart Country Law, PA
1204 Swilley Rd
Plant City, FL 33567
e: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 20th day of January 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn Stewart Esq.
Carolyn Stewart, Esq.