# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Case No. 21-CR-38 (CRC) |
| v. : | |
| : | |
| **RICHARD BARNETT,** : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO CONTINUE SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendant's Motion to Continue Sentencing and Deadline for Sentencing Memorandum ("Def.'s Mot."), ECF No. 189. The defendant bases his request on the D.C. Circuit's recent decision in *United States v. Fischer*, No. 22-3038, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023), in which the Circuit court confirmed that the government may charge individuals who allegedly assaulted law enforcement officers while participating in the Capitol riot with corruptly obstructing, influencing, or impeding an official proceeding, specifically Congress's certification of the Electoral College vote, in violation of 18 U.S.C. § 1512(c)(2). The defendant—who was *not* alleged to have assaulted law enforcement officers but who was convicted of violating 18 U.S.C. § 1512(c)(2) on a different theory—asserts that the *Fischer* decision "raises new issues that directly and specifically impact" his case but does not identify the issues or explain the impact. *See* Def.'s Mot. He seeks to continue sentencing for an unspecified length of time to consider whether to supplement his pending Rule 29 and Rule 33 motions based on *Fischer*. *See id.*; *see also* ECF Nos. 174, 175.

No such continuance is justified. *Fischer* does not impact the defendant's Guidelines calculation. Nor does *Fischer* impact any of the 18 U.S.C. § 3553(a) sentencing factors. In other

words, *Fischer* has nothing to do with the Court's determination of an appropriate sentence. To the extent the defendant wishes to make the convoluted argument that the *Fischer* decision *upholding* Section 1512(c)(2) charges in certain Capitol riot cases somehow invalidates this Court's denial of his four motions to dismiss that count, *see* ECF Nos. 74, 80, 90, 113, 124, 138, and the jury's verdict, that is not good cause to delay sentencing.

Moreover, the defendant's requested continuance is unwarranted because the Court cannot grind this case—and all of its cases involving Section 1512(c)(2) charges—to a halt waiting for, among other possibilities, (1) the *Fischer* appellants to determine if they will seek rehearing in the D.C. Circuit *en banc*; (2) if they do, for the D.C. Circuit to determine if it will grant a rehearing *en banc*; (3) if they do, for the D.C. Circuit to rule *en banc*; (4) if the *Fischer* appellants lose again before the full D.C. Circuit, for the appellants to decide whether to appeal to the Supreme Court; (5) if they do, for the Supreme Court to determine whether it will grant *certiorari*; and (6) if they do, for the Supreme Court to rule.

The defendant's Rule 29 and Rule 33-based request for more time is similarly uncompelling. First, sentencing is scheduled for May 3, 2023, and sentencing memoranda are due a week earlier, on April 26, 2023. The defendant already has two weeks to include whatever *Fischer*-related arguments he wishes in his sentencing memorandum and three weeks to craft whatever *Fischer*-related presentation he wants to make to the Court at the sentencing hearing. This is ample time.

Second, the defendant fails to show that *Fischer* impacts his pending Rule 29 and Rule 33 motions. As to Rule 29, *Fischer* does not concern whether a rational juror could have found, based on the evidence presented at trial and considering that evidence both "in the light most favorable to the government," *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021), and "most favorable

to the verdict," *United States v. Campbell*, 702 F.2d 262, 264 (D.C. Cir. 1983), that the defendant was guilty of Count Two, the 18 U.S.C. § 1512(c)(2) charge. Thus, *Fischer* has no bearing on the defendant's Rule 29 motion.

As to Rule 33, *Fischer* does not impact whether a new trial is warranted. The *Fischer* decision has no bearing on the questions the Court must consider in addressing a Rule 33 motion, such as the weight of the evidence, *see United States v. Dale*, 991 F.2d 819, 838 (D.C. Cir. 1993), the credibility of the witnesses, *see id.*, whether "substantial error" occurred, *United States v. Williamson*, 81 F. Supp. 3d 85, 89 (D.D.C. 2015), or whether that substantial "error affected the defendant's substantial rights," *id.* More specifically, none of the Rule 33 arguments specifically advanced by the defendant are impacted by *Fischer*. *Cf.* ECF Nos. 174, 180-1 at 39-56. *Fischer* does not impact the defendant's contentions that (1) various government witnesses perjured themselves, (2) the government's demonstration of the Hike 'n Strike was somehow improper, (3) the government committed a *Brady* violation, (4) the Court wrongly defined "official proceeding," and/or (5) the government's closing was improper. *See id.* Thus, *Fischer* provides no justification to continue sentencing so that the defendant can supplement his Rule 33 motion.

For the reasons stated above, the government opposes the defendant's request for a continuance.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            D.C. Bar Number 481052

By: */s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
michael.gordon3@usdoj.gov
(813) 274-6370

*/s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
alison.prout@usdoj.gov
(404) 581-6000

*/s/ Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
D.C. Bar No. 1601102
601 D Street, NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7035

4