UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| v.                              ) | 1:21-cr-38 |
| ) | |
| **BARNETT** ) | |
| _____ ) | |

## DEFENDANT'S SUPPLEMENT TO MOTION UNDER RULE 33

Defendant Richard Barnett, by and through counsel, hereby submits this supplement to his Rule 33 Motion.

Since Mr. Barnett's trial, the DC Circuit Court of Appeals issued its opinion challenging the "catch all" charge of 18 U.S.C. 1512(c)(2). *United States v. Fischer*, Case No. 22-3038. While the Appellate Court overturned the dismissal, its reasoning is grounds to dismiss the charges against Mr. Barnett. Specifically, the majority opinion noted that the dissenting opinion that upheld the dismissal had valid concerns regarding "peaceful protestors," but the defendant in that case was accused of assaulting police officers.

> Although the dissenting opinion disagrees with this opinion about the scope of the actus reus under § 1512(c), we share much common ground on the issue of mens rea. The dissent declines to settle on a precise meaning of "corruptly" at this time, declines to endorse the concurrence's definition of "corruptly," and recognizes that § 1512(c) is not vague as applied to the "extreme conduct" of the appellees in this case. See Dissenting Op. at 31–38 (discussing possible definitions of "corruptly"), 35–37 (criticizing definition of "corruptly" favored by the concurrence), 37 (stating that it is "true" that § 1512(c) "is not vague as applied to the extreme conduct alleged here"). Notably, there does not appear to be any conflict between the dissent and this opinion regarding the sufficiency of the allegations against the appellees in this case to establish the requisite mens rea. The dissent expresses concern about how to address the mens rea of advocates, lobbyists, and peaceful protesters, who are not before the court, see id. at 32–34, 37; but the dissent never takes the position that appellees did not act "corruptly" when they assaulted police officers to obstruct proceedings before the Congress.

As this Court is well aware, Mr. Barnett is not accused of acting violently and is not charged with assaulting any police officers. The majority implies that the requisite *mens rea* for section 1512(c)(2) must include "extreme conduct" like assaulting a police officer, but would not apply to the examples provided by the dissent, including "a peaceful protestor who, attempting to sway votes, holds up a sign in the Senate gallery before being escorted away." *Id.* at 94. It is undisputed that Mr. Barnett entered the building, peacefully entered an office area, was asked to leave by one police officer, followed directions, and began to leave through the Rotunda as instructed, but circled back to retrieve his flag. Before he could retrieve his flag he was asked to go to the Rotunda by another police officer, followed directions immediately abandoning intentions to retrieve his flag, entered the Rotunda, had a non-violent encounter with officer Craig, and then exited the building. The entire event transpired from approximately 2:43 when he entered to 3:01 when he exited. During that time, Mr. Barnett is not accused of rioting or assaulting police.

The majority opinion expressly stated that conduct like Mr. Barnett's was "not before the court," and implied that if it had been, Section 1512(c)(2) would not have applied and the charge would have been dismissed. The majority and the dissent agree that if Section 1512(c)(2) would include peaceful protestors like Mr. Barnett, the statute would sweep too broadly such that it would "supercharge comparatively minor advocacy, lobbying, and protest offenses into 20-year felonies," and "we might as well convert all of Washington's office buildings into prisons." *Id.* at 99, 94 (citing *United States v. North,* 910 F.2d 843, 882 (D.C. Cir. 1990).

There is further reason to understand the majority opinion in a way that would exempt Mr. Barnett from violation under Section 1512(c)(2). The majority insists that "we share much common ground on the issue of *mens rea*," in that the *actus rea* requirement must be limited by

the *mens rea* "corruptly" requirement. The majority opinion admits that, by itself, the word "corruptly" could include any "wrongful, immoral, depraved, or evil" act, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005), but insists that some definition of "corruptly" could "impose meaningful limits even if its 30-word *actus reus* does not." In other words, the majority admits that the *actus reas* component of the statute by itself is too broad, but because it is qualified by the *mens reas* component "corruptly," the statute is not too broad.

The problem is, the majority failed to offer a precise definition for the word "corruptly," and the definition remains unresolved.[1] The majority left the definition issue unresolved because "the sufficiency of the indictments in this case does not turn on the precise definition of 'corruptly.' Because the task of defining 'corruptly' is not before us and I am satisfied that the government has alleged conduct by appellees sufficient to meet that element, I leave the exact contours of 'corrupt' intent for another day." *Id.* at 18-19.

The issue as it relates to Mr. Barnett is relevant because, as opposed to Fischer, Barnett was a peaceful protestor and therefore the word "corruptly" requires a precise definition. Without clarity as to the definition of "corruptly" the jury was left to conclude that it meant any "wrongful, immoral, depraved, or evil" act. This is especially problematic in Mr. Barnett's case because during *voir dire* several potential jurors admitted to having seen the famous picture of Mr. Barnett with his feet on a desk belonging to a staffer of Nancy Pelosi, and when asked, described their subjective impressions of Mr. Barnett's behavior in a manner that would fit a possible definition of "corruptly." Accordingly, any juror who made such statements had already decided Mr. Barnett's guilt just from seeing the picture and should have been struck for cause.

---

[1] Mr. Barnett raised the issue of the definition of the word "corruptly" in a motion to dismiss the Section 1512(c)(2) charge. ECF 74, at 6, 11.

The concurring opinion suggests the definition endorsed by Justice Scalia that requires a jury instruction specifying that "[a]n act is done corruptly if it's done voluntarily and intentionally to bring about either an unlawful result or a lawful result by some unlawful method, with a hope or expectation of either financial gain or other benefit to oneself or a benefit of another person." The majority suggested two additional possible definitions, but declined to land on a precise definition because "Each appellee in this consolidated appeal is charged with assaulting law enforcement officers while participating in the Capitol riot, and such behavior clearly meets the test of independently unlawful conduct." The Majority refers to the Scalia definition as "an additional element." In other words, the majority seemingly rejects the Scalia definition as being independent and instead considers it to be additional to some other conduct.

Regardless, unlike the consolidated appellees, Mr. Barnett's action was not a slam dunk violation of Section 1512(c)(2) even according to the Scalia definition, and therefore the jury should have been instructed accordingly. Additionally, Mr. Barnett required notice of the proper definition to prepare a proper defense for the corrupt element of the change, but he was not given such notice.

## **CONCLUSION**

For the foregoing reasons and those set forth in Defendant's motion and first supplement, the RUle 33 motion should be granted.

Dated: April 21, 2023                         RESPECTFULLY SUBMITTED
                                              RICHARD BARNETT, By Counsels

/s/ Jonathan Gross
Jonathan Gross
Bar ID: MD0162
2844 Smith Ave, suite 331
Baltimore, MD 21209
(443) 813-0141
jon@clevengerfirm.com

/s/ Brad Geyer
Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 "i" Route 130 S., Suite 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708


## **CERTIFICATE OF SERVICE**

I hereby certify on this 21st day of April 2023, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Jonathan Gross, Esq.
Jonathan Gross, Esq.