UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-38 (CRC) |
| v. : | |
| : | |
| RICHARD BARNETT : | |
| also known as "Bigo Barnett," : | |
| : | |
| Defendant. : | |

GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
SUPPLEMENT TO MOTION UNDER RULE 33

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this response to defendant Richard Barnett's Supplement to Motion Under Rule 33 ("Def.'s Supp."), ECF No. 193, which supplements Barnett's Post Verdict Rule 33 Motion for a New Trial (the "defendant's Rule 33 motion" or "Def.'s R. 33 Mot."), ECF No. 174. Barnett cites the D.C. Circuit's recent decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), in support of his pending Rule 33 motion for a new trial.[1] In *Fischer*, the D.C. Circuit reversed orders dismissing the Section 1512(c)(2) charges in several cases, holding that Section 1512(c)(2) "applies to <u>all forms of corrupt obstruction</u> of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (emphasis added). *Fischer*—a case in which the D.C. Circuit overturned the dismissal of Section 1512(c)(2) charges at the pleading stage—in no way holds or even suggests that vacating the jury's guilty verdict is warranted here.

---

[1] Although Barnett styles his filing as a supplement to his Rule 33 motion for a new trial, his filing nowhere requests a new trial nor explains how *Fischer* would entitle him to such a remedy. Instead, his filing appears to attempt to relitigate his prior motions to dismiss Count Two of the Superseding Indictment, the violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Obstruction of an Official Proceeding and Aiding and Abetting), despite the jury's guilty verdict. Post-trial dismissal of a count of conviction is not an available remedy under Rule 33. *See* Fed. R. Crim. P. 33. On that ground alone, the Court should reject Barnett's argument.

For the reasons discussed below, Barnett's motion—whether under Rule 29 or Rule 33—should be denied.

## TRIAL EVIDENCE, PROCEDURAL BACKGROUND, AND LEGAL STANDARD

To avoid repetition, the United States refers the Court to the Government's Opposition to the Defendant's Post-Verdict Rule 29 and Rule 33 Motions, ECF No. 180, for its summaries of the evidence presented at trial, the procedural history of the case, and the applicable legal standard for both Rule 29 and Rule 33 motions. *See id.* ("Govt.'s Opp."). In short, under Rule 29, a judgment of acquittal may not be granted unless no rational trier of fact could have found the essential elements of the crimes when the evidence is viewed in the light most favorable to the government. *United States v. Shi*, 991 F.3d 198, 205 (D.C. Cir. 2021). Under Rule 33, a new trial is only appropriate where there was a miscarriage of justice so severe that it compromises the jury verdict. *United States v. Borda*, 786 F. Supp. 16, 31–32 (D.D.C. 2013).

## ARGUMENT

**I.** *Fischer* **does not require a defendant to have engaged in assaultive conduct to violate Section 1512(c)(2).**

Barnett asserts that even though *Fischer* <u>overturned</u> dismissals of Section 1512(c)(2) charges, its "implied" reasoning suggests that Section 1512(c)(2) does not apply to "peaceful protestors like Mr. Barnett" and that, if "conduct like Mr. Barnett's" had been before the court, Section 1512(c)(2) would not have applied and the charge would have been dismissed. *See* Def.'s Supp. at 2. According to Barnett, *Fischer* somehow "implies that the requisite *mens rea* for section 1512(c)(2) must include 'extreme conduct' like assaulting a police officer." *Id.* at 2. This is incorrect.

In *Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "'requires that the defendant have taken some action with respect to a document, record, or other object in

2

order to corruptly obstruct, impede or influence an official proceeding.'" 64 F.4th at 334 (quoting *United States v. Miller*, 589 F. Supp. 3d 60, 78 (D.D.C. 2022)). Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' the district court dismissed the § 1512(c)(2) counts." *Id.* The government appealed and the D.C. Circuit reversed, holding Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336. The D.C. Circuit's opinion in *Fischer* thus confirms that Section 1512(c)(2) applies to "all forms of obstructive conduct" and is not limited, as Barnett claims, to more violent conduct. Def.'s Supp. at 2. Contrary to Barnett's argument, *Fischer*'s holding does not limit the applicability of § 1512(c)(2) to assaultive conduct. Although the defendants in *Fischer* were alleged to have engaged in assaults on law enforcement officers, the D.C. Circuit expressly held that Section 1512(c)(2) applies more broadly to "<u>all</u> forms of obstructive acts" 64 F.4th at 337 (emphasis added). The court explained that "the meaning of the statute is unambiguous. . . . Under the most natural reading of the statute, § 1512(c)(2) applies <u>to all forms of corrupt obstruction of an official proceeding</u>, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 335 (emphasis added). The court concluded that "[this] broad interpretation of the statute — encompassing all forms of obstructive acts — is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure." *Id.* at 337 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). It is impossible to read the D.C. Circuit's

repeated references to Section 1512(c)(2)'s prohibition on "all forms" of obstructive acts as somehow limiting the statute's scope to obstructive acts involving assault.

Barnett's bid to overturn his conviction on Count Two based on his lack of an assaultive act should thus be denied.

**II.   *Fischer's* decision to leave open the meaning of "corruptly" as it is used in Section 1512(c)(2) does not exonerate Barnett because he was not a peaceful protestor and the Court properly instructed the jury.**

Separately, Barnett appears to suggest that *Fischer* requires a different definition of corruptly than given by the Court in its jury instructions in this case. *See* Def.'s Supp. at 3-4. Barnett acknowledges that *Fischer* did not resolve the meaning of "corruptly" as it is used in Section 1512(c)(2). *See* Def.'s Supp. at 3; *Fischer*, at 340. Nonetheless, he argues that because he was "a peaceful protestor," unlike the appellees in *Fischer*, his guilt on Count Two turned on the definition of "corruptly." *See* Def.'s Supp. at 3-4. Consequently, Barnett implies that he should receive a new trial because "the jury should have been instructed accordingly" and he "required notice of the proper definition to prepare a proper defense for the corrupt element of the change [*sic*], but he was not given such notice." Def.'s Supp. at 4. Barnett nowhere offers what he believes to be the proper definition of "corruptly," nor does he explain how that differs from the instructions given in this case.

As an initial matter, the foundational premise of Barnett's argument—that he was a "peaceful protestor"—is contradicted by the evidence and by his conviction on each of the counts against him. Barnett argues that "conduct like Mr. Barnett's was 'not before the court'" in *Fischer* and "that if it had been," the *Fischer* court "implied . . .Section 1512(c)(2) would not have applied and the charge would have been dismissed." *Id.* at 2. But while the *Fischer* majority and dissent agreed that Section 1512(c)(2) should not reach "a peaceful protestor who, attempting to sway

4

votes, holds up a sign in the Senate gallery before being escorted away" or a lobbyist working in a Washington, D.C. office building, *see Fischer*, at 341, 378, those scenarios are nothing like Barnett's conduct at the Capitol on January 6, 2021. *See* Govt.'s Opp. at 2-8. Barnett carried a dangerous or deadly weapon—specifically, the Hike 'n Strike stun device—along with a ten-pound steel pole into the Capitol building. Government Trial Exhibit ("GEX") 101, 112, 113, 372, 380, 382, 529, 531A, 703-705. He threatened Metropolitan Police Department ("MPD") Officer Morgan Smiley when she ordered him to leave Speaker of the House Nancy Pelosi's office suite. GEX 202 ("We're in a war so pick a side. Don't be on the wrong side. You'll get hurt"). And Barnett repeatedly interfered with and threatened MPD Officer Terrance Craig when Officer Craig refused to allow Barnett to re-enter Speaker Pelosi's office suite to retrieve his flag. GEX 203, 203A, 204A-D, 205, 207. Consequently, the jury convicted Barnett of, among other charges, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One), and Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count Four). The jury thus necessarily found that Barnett was not a "peaceful protestor." *See* Def.'s Supp. at 1-2; *Fischer* at 341, 378.

Second, Barnett is wrong to assert that the Court failed to properly instruct the jury. In its instructions for Count Two, the Court explained to the jury that:

> To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.
> Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

Final Jury Instructions, ECF No. 158, at 15. Nowhere did *Fischer* hold, or even suggest, that this definition was incorrect. To the contrary, Judge Pan's lead opinion expressly declined to adopt a definition of the word "corruptly." *See Fischer*, 64 F.4th at 339-42 (Pan, J.). She noted, however, that "[u]nder all . . . formulations" of the term "corruptly," "'corrupt' intent exists at least when an obstructive action is independently unlawful," *id.* at 340, which mirrors the jury instruction given here.[2]

Contrary to Barnett's complaint, the Court never instructed the jury that his conduct was "a slam dunk violation of Section 1512(c)(2)." Def.'s Supp. at 4. Moreover, the Court's jury instructions contained the same definition used by this Court during trial in *United States v. Strand*, Case No. 21-CR-85 (D.D.C), ECF No. 112, and by other judges in this district in similar trials involving Section 1512(c)(2) charges committed at the Capitol on January 6, 2021. Barnett thus had adequate notice of the definition of "corruptly" that would be used by the Court (which does not provide a basis to grant a new trial in any event).

Moreover, in his proposed jury instructions, Barnett did not provide the court with any definition of "corruptly." *See* ECF No. 118 at 6-7. Nor did he object to the definition used by the Court. Thus, his after-the-fact dissatisfaction cannot support a new trial absent plain error. *See United States v. Sprouse*, 517 F. App'x 199, 204 (4th Cir. 2013) ("When a defendant fails to object to a jury instruction, even if there were no legal grounds for challenging the instruction at the time

---

[2] As the government recently explained in a supplemental pleading filed on April 18, 2023, in *United States v. Robertson*, No. 22-3062 (D.C. Cir.), "*Fischer* does not supply a binding interpretation of 'corruptly' in Section 1512(c)(2) for two reasons. First, how to interpret 'corruptly' was neither squarely presented nor authoritatively resolved in Fischer. Second, even if this Court were to apply the rule announced in *United States v. Marks*, 430 U.S. 188, 193 (1977), and clarified in *King v. Palmer*, 950 F.2d 771, 781 (D.C. Cir. 1991) (en banc), to the various opinions in *Fischer*, no interpretation of 'corruptly' emerged as a 'common denominator of the Court's reasoning.' *King*, 950 F.2d at 781."

it was given, a district court should deny a motion for a new trial in the absence of plain error."). Because the Court's jury instructions were correct, there is no error here at all, but *Fischer* certainly does not support a finding that any error (if there were one) would be plain. *See United States v. Laureys*, 653 F.3d 27, 32 (D.C. Cir. 2011) ("The district court's instructions contradicted no precedents of this Court or the Supreme Court. Rarely do we find an error to be plain where this court has not ruled on the question.").

## CONCLUSION

Barnett's reliance on *Fischer* is misplaced. His supplemental filing offers no valid grounds to vacate the jury's verdict on Count Two, to dismiss that charge, or to grant a new trial on that count. Accordingly, for the reasons stated above as well as those articulated in the government's original opposition, ECF No. 180, the Court should deny Barnett's post-trial motions, ECF Nos. 174, 175.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar Number 481052

By:   */s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
alison.prout@usdoj.gov
(404) 581-6000

*/s/ Michael M. Gordon*
MICHAEL M. GORDON
Assistant United States Attorney
Florida Bar No. 1026025
400 N. Tampa St., Suite 3200
michael.gordon3@usdoj.gov
(813) 274-6370

*/s/ Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
D.C. Bar No. 1601102
601 D Street, NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7035