```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA


    UNITED STATES OF AMERICA,
                                              Criminal Action
              Plaintiff,                      No. 1: 21-38

         vs.                                  Washington, DC
                                              April 3, 2023
    RICHARD BARNETT,
                                              4:04 p.m.
              Defendant.
    _____/


                      TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE CHRISTOPHER COOPER
                      UNITED STATES DISTRICT JUDGE


    APPEARANCES:

    For the Plaintiff:      ALISON PROUT
                            DOJ-USAO
                            Northern District of Georgia
                            Richard B. Russell Federal Building
                            75 Ted Turner Drive, SW
                            Atlanta, GA 30303

                            Michael Matthew Gordon
                            DOJ-USAO
                            Criminal Division, Violent Crimes
                            and Narcotics Section
                            400 North Tampa Street
                            Suite 3200
                            Tampa, FL 33602

                            Nathaniel Karl Whitesel
                            USAO
                            601 D Street NW
                            Washington, DC 20530


                  APPEARANCES CONTINUED ON NEXT PAGE
```

```
                       APPEARANCES CONTINUED


 For the Defendant:        JOSEPH DANIEL MCBRIDE
                           THE MCBRIDE LAW FIRM, PLLC
                           99 Park Avenue
                           25th Floor
                           New York, NY 10016

                           JONATHAN GROSS
                           THE CLEVENGER FIRM
                           2833 Smith Avenue
                           Suite 331
                           Baltimore, MD 21209

                           BRADFORD L GEYER
                           FORMERFEDSGROUP.COM LCC
                           141 I Route 130 South
                           Suite 303
                           Cinnaminson, NJ 08077

                           CAROLYN STEWART
                           1204 Swilley Road
                           Plant City, FL 33567



 Court Reporter:           SHERRY LINDSAY
                           Official Court Reporter
                           U.S. District & Bankruptcy Courts
                           333 Constitution Avenue, NW
                           Room 6710
                           Washington, DC 20001
```

|    |                                                                                |
|----|--------------------------------------------------------------------------------|
| 1  | P R O C E E D I N G S                                                          |
| 2  | THE COURTROOM DEPUTY:  Your Honor, on the record for                           |
| 3  | criminal case 21-38 United States of America versus Richard                    |
| 4  | Barnett.                                                                       |
| 5  | Counsel, please identify yourselves for the record                             |
| 6  | starting with the government.                                                  |
| 7  | MS. PROUT:  Good afternoon, Your Honor, Alison Prout                           |
| 8  | for the United States, also joined with AUSA Mike Gordon and                   |
| 9  | AUSA Nathaniel Whitesel, who is on the phone line.                             |
| 10 | THE COURT:  Okay.  Good afternoon.                                             |
| 11 | MR. GROSS:  Good afternoon, Your Honor.  Jonathan                              |
| 12 | Gross representing Richard Barnett.                                            |
| 13 | THE COURT:  Okay.  Good afternoon, Mr. Barnett.  I                             |
| 14 | can see you.  Can you see and hear me okay?                                    |
| 15 | THE DEFENDANT:  Yes, Your Honor.  Thank you.                                   |
| 16 | THE COURT:  Can everybody else hear me too?                                    |
| 17 | MR. GORDON:  Yes, Your Honor.                                                  |
| 18 | THE COURT:  So I have reviewed the three motions to                            |
| 19 | withdraw as counsel.  I must say it is -- it is rare in my                     |
| 20 | experience for defense counsel to withdraw between trial and                   |
| 21 | sentencing.  We see it a lot between sentencing and appeal,                    |
| 22 | generally, in criminal cases, as I am sure at least Mr. Geyer                  |
| 23 | knows, you are in for a penny, in for a pound.  I appreciate                   |
| 24 | that Mr. Gross is staying on.  But I have two interrelated                     |
| 25 | concerns that I thought I would raise with you this afternoon.                 |

1     Under the Model Rule of Professional Conduct 1.16, a lawyer may
2     withdraw from a case only if it can be accomplished without
3     material adverse effect on the interests of the client.
4            I know that Mr. Gross is familiar with this case,
5     generally.  But I don't know, frankly, what experience, if any,
6     he has with federal sentencing.  As I am sure Mr. McBride and
7     Mr. Geyer at least know, it is not as simple as simply standing
8     up and advocating for one sentence over another.  There are
9     often fairly technical disputes over whether particular
10    sentencing guideline provisions apply.  There is a whole body
11    of sentencing law out there to guide those determinations.
12    There are often contested facts other than the facts found by
13    the jury, hearings sometimes involving the presentation of
14    evidence and the testimony of witnesses.  When witnesses do
15    testify, including in some cases victims, there is a right to
16    cross-examination related to that.
17           I have been made aware of the order in the Quaglin
18    case issued by Judge McFadden that Mr. Gross has moved to
19    continue that trial after Mr. McBride withdrew from that case
20    as well on the grounds, says Mr. Gross, that he does not
21    practice criminal law, at least not on a regular basis.  And
22    sentencing law certainly is criminal law.
23           Now, you folks may have discussed all of that with
24    Mr. Barnett already.  And Mr. Gross may be well up to the task.
25    And I am certainly not making any findings that he is not.  But

1   the Court has an independent duty, A, to make sure that
2   withdrawal can be accomplished without material adverse
3   consequences on Mr. Barnett and has an independent duty to make
4   sure that Mr. Barnett's consent to the withdrawal is knowing
5   and that he is comfortable putting those responsibilities in
6   Mr. Gross' hands alone.
7           And so you can feel free to respond.  You don't have
8   to respond now.  What I'd recommend is that you folks confer
9   with your client and discuss this over with him in light of the
10  comments that I made today and the Rules of Professional
11  Responsibility.  And then say, by close of business Wednesday,
12  file a notice on the docket telling me that you have consulted
13  with Mr. Barnett and either that he still consents to the
14  withdrawal or that one or more of you will continue in the case
15  to assist Mr. Gross with sentencing.
16          All right.  So feel free to respond if you like.  But
17  you don't have to.  But I thought it was important that I put
18  all of that on the record and give you an opportunity to
19  consider it with your client before deciding the three pending
20  motions.
21          All right.  So by your silence I will infer that you
22  all will --
23          MS. STEWART:  Your Honor, Ms. Stewart.
24          THE COURT:  Yes, Ms. Stewart.  How are you?
25          MS. STEWART:  I am fine and my husband is doing a bit

1  better, so thank you for asking.  I would like to say that I
2  have less experience than Mr. Gross, although I have spent
3  quite a bit of time reviewing other sentencing memos, other
4  sentencing proceedings.  And it is not that I would feel
5  incompetent doing it.  But we also have the issue of, I would
6  just say, too many chefs in the kitchen.  And Mr. Gross is
7  prepared, both myself, Mr. Geyer, and I would also say
8  Mr. McBride have offered to assist him, to review the product
9  to go over things.
10             I think it would be appropriate for Mr. Barnett to
11 say now that he did confer with the withdrawals of the
12 attorneys with no need to prolong this.  I think it has been
13 knowing.  But I would just say that Mr. Gross is not on his
14 own.  And he has also conveyed that he has other expert advice
15 that he has brought into this.  So he is not just working from
16 his own law office alone.
17             THE COURT:  All right.
18             MS. STEWART:  Thank you, Your Honor.
19             THE COURT:  I don't make any findings to the
20 contrary.  We are here on Zoom.  You all are in five different
21 places.  I think I would be more comfortable with your actually
22 talking to one another and then your advising me on how you
23 should proceed.  All right.  I think that is a prudent course,
24 not only for the Court, for Mr. Barnett but frankly for you
25 folks as well.

Case 1:21-cr-00038-CRC   Document 218   Filed 01/02/24   Page 7 of 11

7

```
1                    MR. GROSS:  If I may, Your Honor, just one word.
2                    THE COURT:  Of course.
3                    MR. GROSS:  Yeah.  So first of all, that is very
4        prudent and we will confer with each other.  We have conferred
5        at length.  And as Ms. Stewart said, all three attorneys have
6        been gracious in offering me help and advice.  And as she said,
7        I have experts I can consult with but that will be in filing on
8        Wednesday.  But I filed today, only because I just wanted to
9        get before the Court.  I do apologize for not first reaching
10       out first to opposing counsel, I wanted to bring it to your
11       attention just the idea that the presentencing report was just
12       issued a couple of days ago.  And it is due on the 12th, which
13       is Passover.
14                   It is likely on Wednesday we are going to proceed
15       with what we have just described.  And I just in light of that
16       I wanted to bring that issue to your attention right now that
17       at some point we -- if we on Wednesday we decide we are going
18       to proceed that I am the attorney, I would like to be able to
19       get at least right now an extension to file my response to the
20       pretrial report for after Passover.
21                   THE COURT:  Okay.  So a couple of points, I took a
22       brief look at your motion before I came on the bench.  You
23       know, that is not a Court deadline, it is a deadline set by the
24       probation office, the writer of the presentence report so that
25       he or she can get all of your comments in time enough to
```

```
 1    finalize the presentence report prior to your filing your
 2    sentencing memos which are due a week before sentencing.
 3    Sentencing in this case is May 3rd, which is over a month from
 4    now or a month on the calendar.  I'm not sure how many weeks
 5    that translates to.  The draft PSR was issued last week on
 6    March 28th.  I don't know how many days you take for Passover.
 7    I assume you don't have to stay home the entire period.  But in
 8    any event, I think that should be ample time for you to respond
 9    to the draft.
10              And if it is not, my experience is that those
11    deadlines are not hard and fast.  The idea is to, you know,
12    give the probation office enough time to incorporate your
13    responses.  And so if, you know, maybe a few of the responses
14    come later, but get whatever you can by that deadline and work
15    with the probation officer to come up with a time line for
16    submitting the rest of the responses.  But call -- I am not
17    sure who the probation report writer is, but call that person
18    and try to work it out among yourselves.  Okay?
19              MR. GROSS:  Okay.  Thank you, Your Honor.
20              THE COURT:  Anything else, Counsel.
21              MR. GEYER:  Your Honor, this is -- if I may, this is
22    Brad Geyer.  Good to see you again.
23              THE COURT:  Good to see you again.  How is your back
24    or your knee?
25              MR. GEYER:  Knee, yes, actually both.  It is
```

1  alternating.
2         If I would have known that the Court was
3  uncomfortable, I probably would have been more strident about
4  staying on.  To me, this was just a sentencing proceeding.  And
5  all of the issues had been thoroughly briefed all of the way
6  through.  We were over attorneyed.  I was trying to squeeze in
7  an overseas business trip.  And so that will be among the
8  possible solutions that we discuss.  But I would just want to
9  point out that, you know, having to reallocate resources in
10 this kind of environment is just kind of part of the gig.  It
11 is exhausting and it is grueling.  And my case from last year,
12 which was one of the Oath Keepers representations, other than
13 cost, I really received no compensation.  So that was a year,
14 around the clock days.  I received compensation in this case.
15 But I just want to make it clear no one is more devoted to
16 clients than me and that includes Mr. Barnett.  I continue to
17 believe in his innocence.  And if it facilitates him or the
18 Court feels more comfortable, you know, we'll -- that will --
19         THE COURT:  Counsel, as I said, it is not about my
20 comfort level.  All right.  It is making sure that
21 Mr. Barnett's rights are protected.  And that is your
22 obligation.  All right.  And there are standards for
23 withdrawal.  And it is my job to flag those, but it is your job
24 to comply with them.  All right.  And I have to make sure that
25 Mr. Barnett understands the implications of my granting this

1  motion.  And you all -- if he tells me he consents, that is
2  fine.  But that consent has to be knowing.  And he has to be
3  consulted with.  That is the purpose of this exercise.  Okay.
4  And you say it is just a sentencing proceeding, but to most
5  criminal defendants it is much more than just a proceeding.
6  All right.  It may be the most important proceeding in the
7  case.
8              MR. GEYER:  Understood.
9              THE COURT:  All right.  Anything else, Counsel?  All
10 right.  We are adjourned.  The ball is in your Court and I will
11 wait to hear from you.
12             THE COURTROOM DEPUTY:  This Court is now adjourned.
13      (Proceedings concluded at 4:17 p.m.)

## C E R T I F I C A T E

I, SHERRY LINDSAY, Official Court Reporter, certify that the foregoing constitutes a true and correct transcript of the record of proceedings in the above-entitled matter.

Dated this 23th day of October, 2023.

_____
Sherry Lindsay, RPR
Official Court Reporter