UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case. No. 21-cr-00038 (CRC) |
| ) | |
| RICHARD BARNETT, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant Richard Barnett respectfully moves this Court for release pending appeal. Mr. Barnett satisfies the criteria for release because he poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises a substantial question of law that, if decided in his favor, would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. In particular, a substantial question exists as to whether the statute underlying Mr. Barnett's felony conviction, 18 U.S.C. § 1512(c)(2), applies to his conduct on January 6, 2021, in light of the Supreme Court's recent decision to grant certiorari in *United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

**Background**

On December 21, 2022, following an earlier indictment, Mr. Barnett was charged by superseding indictment with: Civil Disorder under 18 U.S.C. § 231 (Count

One); Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C. § 1512(c)(2) (Count Two); Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon under 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) (Count Three); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon under 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A) (Count Four); Entering and Remaining in Certain Rooms in the Capitol Building, 40 U.S.C. § 5104(e)(2)(A) (Count Five); Disorderly Conduct in a Capitol Building under 18 U.S.C. § 5104(e)(2)(D) (Count Six); Parading, Demonstrating, or Picketing in a Capitol Building under 18 U.S.C. § 5104(e)(2)(G) (Count Seven); and Theft of Government Property under 18 U.S.C. § 641 (Count Eight). *See* Dkt. 96.

Prior to trial, Mr. Barnett filed a motion to dismiss the obstruction charge on the grounds that, among other things, the conduct he was accused of committing did not satisfy § 1512(c)(2)'s actus reus requirement— "altering, tampering, destroying, or otherwise making evidence unavailable." Dkt. 74. The district court denied Mr. Barnett's motion to dismiss. Dkt. 90. He filed a second motion to dismiss raising the same argument, among other things, Dkt. 124, which the district court likewise denied. Dkt. 138.

Mr. Barnett proceeded to trial by jury. He filed a motion for acquittal raising the same argument, Dkt. 175, and the district court again denied that motion. Dkt. 203. On January 23, 2023, Mr. Barnett was convicted on all charges, including violating § 1512(c)(2). Dkt. 154.

On April 7, 2023, the D.C. Circuit decided *United States v. Fischer*, reversing a decision by Judge Nicols, and adopting a "broad interpretation" of § 1512(c)(2) that "encompass[es] all forms of obstructive acts[,]" not just those related to a "record, document, or other object" as mentioned in § 1512(c)(1). *United States v. Fischer*, 64 F.4th 329, 337 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023). The D.C. Circuit's decision in *Fischer* was subject to a vigorous dissent by Judge Katsas. *Id.* at 363-83 (Katsas, J., dissenting).

On May 24, 2023, Mr. Barnett was sentenced to an aggregate term of 54 months (54 months on Counts 1-4; 6 months on Counts 5-7; and 60 days on Count 8.). *See* Dkt. 208; Dkt. 210 at 105.

On December 13, 2023, the Supreme Court granted certiorari in *Fischer*. The question now pending before the Court is as follows: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

**Grounds for Release Pending Appeal**

A court "shall order the release" of an individual pending appeal if it finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
   (i) reversal,
   (ii) an order for a new trial,
   (iii) a sentence that does not include a term of imprisonment, or
   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987).

After determining that a defendant is neither a flight risk nor a danger to the community, courts use a two-step inquiry to determine whether to release that defendant pending appeal under § 3143(b)(1): "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to [one of the options enumerated in § 3143(b)(1)(B)(i)–(iv)]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). "[A] substantial question is a close question or one that very well could be decided the other way." *Id.* (internal quotation marks omitted). In light of the Supreme Court's decision to hear *Fischer*, Mr. Barnett meets all of the statutory criteria for release pending appeal.

A.     **Mr. Barnett poses no flight or safety risk.**

After being detained for a little over three and a half months following his arrest, Mr. Barnett was released on conditions in this case on April 27, 2021.  Mr. Barnett remained on bond in this case during the entirety of his more than two years on pretrial release and complied with his release conditions.  He traveled back and forth from Arkansas where he resided to his court dates.  And, after sentencing, the Court permitted Mr. Barnett to self-surrender after finding "by clear and convincing evidence" that he was "not a risk of flight or dangerousness to the community." Dkt. 210 at 109.  Accordingly, as the Court as already concluded once before, Mr. Barnett presents no flight or safety risk.

B.     **Mr. Barnett's appeal raises a substantial question and therefore is not for the purpose of delay.**

In light of the Supreme Court's grant of certiorari in *Fischer*, whether § 1512(c)(2) applies to Mr. Barnett's conduct is undoubtedly a substantial question of law.

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam) (quoting *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)).  This standard does not require the Court to find that Mr. Barnett's appeal establishes a likelihood of *reversal*.  *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that

"'very well *could* be'" decided in the defendant's favor. *United States v. Shoffner,* 791 F.2d 586, 589 (7th Cir. 1986) (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)).

As the Court is aware, Mr. Barnett challenged the legal propriety of the felony obstruction count, 18 U.S.C. § 1512(c)(2), in this case. In fact, he raised the precise legal argument the Supreme Court is considering in *Fisher*: whether 18 U.S.C. § 1512(c) covers "acts unrelated to investigations and evidence." *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023).

As to that issue, substantiality is neither hypothetical nor debatable: the Supreme Court has granted certiorari. "If the Supreme Court decides as Judge Nichols did in the *Fischer* trial court decision, or as Judge Katsas opined in his dissent in *Fischer*, [Mr. Barnett's] conduct would likely not come within the scope of the statute, and the § 1512(c)(2) conviction would be reversed." *United States v. Sheppard*, 2024 WL 127016, at *3 (D.D.C. Jan. 11, 2024). The Supreme Court's decision to grant cert—especially in the absence of a clear circuit split[1]—means that this issue could "very well" be decided in Mr. Barnett's favor. As Judge Mehta has noted, "it takes four justices to grant certiorari and, although this court will not attempt to read tea leaves, the Supreme Court's decision to review *Fischer* means, at a minimum, that this case poses a 'close question.'" *United States v. Adams*, No. 21-

---

[1] *See* Brief for U.S. in Opp. to Writ of Cert, *Fischer et al. v. United States*, https://t.ly/8Vgds, at 18 (explaining that "the decision below does not conflict with the decision of any other court of appeals.").

6

CR-354 (APM), 2024 WL 111802, at *2 (D.D.C. Jan. 10, 2024); *see also, e.g.*, *United States v. Weyer*, No. CR 22-40 (JEB), 2024 WL 809962, at *2 (D.D.C. Feb. 27, 2024); *United States v. Sheppard*, 2024 WL 127016, at *2 (D.D.C. Jan. 11, 2024).

**C. Resolution of this substantial question in Mr. Barnett's favor would likely result in a reduced imprisonment sentence that would expire before his appeal concludes.**

If decided in Mr. Barnett's favor, his appellate challenge to the applicability of § 1512(c)(2) would likely result in a reduced imprisonment sentence that would expire before his appeal concludes.

As an initial point, under the sentencing-package doctrine, Mr. Barnett's other sentences would be vacated upon the reversal of his felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006); *see also United States v. Ivostraza-Torres*, 717 F. App'x 172, 174 (3d Cir. 2017) (noting that "when the vacation of a count affects the total offense level, Guideline range, or sentence itself," the Court will have to conduct a resentencing).

With the obstruction conviction, Mr. Barnett's offense level was 27 and his Criminal History Category was I, resulting in a Guidelines range of 70-87 months. *See* Dkt. 210 at 8, 91-92. This Court sentenced Mr. Barnett to a below-the-guidelines sentence of 54 months. *Id.* at 105; Dkt. 208.

7

Without the obstruction conviction, Mr. Barnett sentence will almost certainly be lower.  Without the Count Two conviction, Mr. Barnett will stand convicted of only three felonies:  Count One, Count Three, and Count Four.  Section 2A2.4 applies to Count One, resulting in a base offense level of 10.  *See* U.S.S.G. § 2A2.4.  For the purposes of this motion, Mr. Barnett does not dispute that two enhancements apply:  first, an increase of three levels for possessing a dangerous weapon and threatening to cause physical injury, pursuant to § 2A2.4(b)(1)(A); and second, an increase of two levels for obstruction of justice, pursuant to U.S.S.G. §3C1.1.  This results in a total offense level of 15 for Count One.  For Count Three, the offense level will be 10.  *See* USSG § 2B2.3(a) (base offense level of four); *id.* at § 2B2.3(b)(1)(vii) (+2 for restricted building or grounds); *id.* at § 2B2.3(b)(2) (+2 for dangerous weapon); *id.* at § 3C1.1(+2 for obstruction).  The offense level for Count Four will be the same as Count One.  *See United States v. Nassif*, 97 F.4th 968, 983 (D.C. Cir. 2024) (holding that § 2A2.4 applies to a disorderly or disruptive conduct charge pursuant to 18 U.S.C. § 1752).

As they did in his initial sentencing, the offenses will group together.  The felony offenses, in particular, group together pursuant to § 3D1.2(c) because of the shared dangerous weapon offense characteristic.  This means the highest offense level (15) applies.  That, along with his criminal history category of I, results in a guidelines range of 18 to 22 months.  *See* Sentencing Table.[2]

---

[2] For avoidance of doubt, all of Mr. Barnett's statements about the appropriate Guidelines calculation are made only for the purposes of simplicity in this motion.  Mr. Barnett does not waive any argument about the appropriate Guidelines range on appeal or a future remand.

Mr. Barnett began serving his sentence of incarceration on August 1, 2023. *See* Ex. 1. He received 110 days of credit from his trial in pretrial detention. *Id.* He has also earned, as of May 31, 2024, 54 days of good time credit and 90 days of FSA earned time credit. *Id.* This brings his total time served plus credit earned to 576 days or approximately 19 months.

The *Fischer* decision could come down any day now. However, Mr. Barnett's appeal is likely to drag on many months after that. His case went to trial, and there are numerous legal issues he may raise on direct appeal. His appeal is stayed now and, even once it has resumed, it will take time to brief and argue his case.[3]

Thus, a favorable resolution of the substantial question raised by Mr. Barnett is likely to result in a sentence less than the total of the time he has already served plus the expected duration of the appeal process. In fact, as of today, Mr. Barnett has already served the length of time he would likely receive if he were to be sentenced under the Guideline range that would apply if his Count One conviction is vacated. Release pending appeal, accordingly, is appropriate.

---

[3] The median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months. U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), available at https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

## Conclusion

For these reasons, Mr. Barnett respectfully moves for release pending appeal.

                                          Respectfully Submitted,

                                          A. J. KRAMER

                                          Federal Public Defender for the
                                          District of Columbia

                                          by:_____s/_____
                                          Courtney L. Millian
                                          Assistant Federal Public Defenders
                                          625 Indiana Avenue, NW
                                          Washington D.C. 20004
                                          202 208-7500