**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **No. 21-cr-38 (CRC)** |
| | : | |
| **RICHARD BARNETT,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSE**
**TO THE DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

On June 18, 2024, the defendant filed a motion for release pending his appeal, ECF No. 220, based on the question of law raised before the Supreme Court in *United States v. Fischer*, No. 23-5572. Today, the Supreme Court released its decision in *Fischer*. The government respectfully moves for an extension of time that would extend the due date for its response to the defendant's motion for an additional two weeks to July 16, 2024. The government conferred with counsel for the defendant regarding this motion, and counsel indicated the defense opposes the requested extension.

The government is actively evaluating the decision, which affects many defendants in this prosecution. In *Fischer*, the Court held that 18 U.S.C. § 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." However, the Court did not reject the application of § 1512(c)(2) to January 6. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding—such as witness testimony or intangible information—or attempted to do so. The Supreme Court has remanded the case to the D.C. Circuit for further proceedings. Through those further proceedings, the Court of Appeals will interpret the scope of the statute in light of today's decision. Out of respect for judicial

economy, and to ensure a uniform and consistent approach before each judge of the District and Circuit, the government will evaluate its approach to 1512(c)(2) carefully.

As such, the additional time is necessary because the decision in *Fischer* affects not just the instant case, but scores of other cases before the United States District Court for the District of Columbia and multiple cases before the United States Court of Appeals for the District of Columbia Circuit as well. The government believes a coordinated and consistent response for this large volume of cases will take time and necessitates the additional two weeks for an appropriate response to the defendant's motion.

Moreover, as the Court is aware, while 18 U.S.C. § 1512 was a count of conviction in the defendant's case, the defendant was convicted of multiple other felonies. Thus, the government may, regardless of *Fischer*, contend the defendant fails to demonstrate that he is likely to receive a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

For all these reasons, the government requests that the Court extend the due date for the filing of its response to the defendant's motion for release pending appeal until July 16, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759

2