UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case. No. 21-cr-00038 (CRC) |
| ) | |
| RICHARD BARNETT, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENT IN SUPPORT OF DEFENDANT'S MOTION
FOR RELEASE PENDING APPEAL**

Mr. Barnett files this supplement to his motion for release pending appeal to update the Court on developments in his case and in light of probation's recent report.

First, the government has informed Mr. Barnett that it will not be defending his § 1512(c)(2) conviction on appeal. There can no longer be any doubt that his appeal is meritorious.

Second, probation's report supports Mr. Barnett's request for release in several ways. It agrees with Mr. Barnett that his counts of conviction continue to group under the Guidelines without the § 1512(c)(2) conviction. Dkt. 225 ¶¶ 13-15. And, while it found that Mr. Barnett's guidelines are driven by his misdemeanor theft offense, it recognizes that individuals who were sentenced under the theft guideline with the offense level (19) and criminal history category (I) receive an average sentence of 20 months and a median sentence of 23 months. *Id.* ¶ 67. In other words, they consistently receive substantial downward departures or variances.

Mr. Barnett, for the reasons stated in his motion and reply, disagrees with probation's Guidelines calculation. But, even assuming that probation has correctly calculated the Guidelines range, a downward departure or variance to time served is appropriate here. As noted in Mr. Barnett's reply, the Guidelines for the theft offense do not line up with the seriousness of that

1

offense and should not drive this Court's sentencing decision. This Court deliberately imposed only 60 days on the misdemeanor theft offense (which carries a statutory maximum of 12 months)—far short of the 31-37 months probation has calculated.

Instead, the Guidelines for Mr. Barnett's other offenses should be the guide. As set forth in Mr. Barnett's motion and reply, that range is 18-24 months. Mr. Barnett began serving his sentence of incarceration on August 1, 2023. *See* Ex. 1. He received 110 days of credit from his trial in pretrial detention. *Id.* He has also earned, as of August 22, 2024, at least 54 days of good time credit and 135 days of FSA earned time credit. *Id.* This brings his total time served including credit to 686 days or approximately 22 and a half months. At this point, he has already served and has credit for an above guidelines sentence. Therefore, immediate release is appropriate.

Plus, even if the theft offense were to guide this Court's decision, time served is still the appropriate sentence. As noted, defendants sentenced under the theft guideline with the same offense level and criminal history as Mr. Barnett[1] receive an average sentence of 20 months and a median sentence of 23 months. And, since Mr. Barnett has served 22 and a half months (and may well have served 23 months when the Court acts on the motion), he should be released immediately for this separate reason.

---

[1] Again, assuming arguendo that probation has correctly calculated the Guidelines.

## Conclusion

For these reasons, Mr. Barnett reaffirms his request for release pending appeal.

                                      Respectfully Submitted,

                                      A. J. KRAMER

                                      Federal Public Defender for the
District of Columbia

                                      by:_____s/_____
Courtney L. Millian
Assistant Federal Public Defenders
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500