# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

|                                |     |                              |
| ------------------------------ | --- | ---------------------------- |
| **UNITED STATES OF AMERICA** ) |     |                              |
|                              ) |     |                              |
| **v.**                       ) |     | **Case No. 1:21-cr-00038 (CRC)** |
|                              ) |     |                              |
| **RICHARD BARNETT,**         ) |     |                              |
|                              ) |     |                              |
| **Defendant.**               ) |     |                              |

## NOTICE OF ADDITIONAL AUTHORITY

Defendant Richard Barnett, through undersigned counsel, respectfully notifies this Court of Judge James E. Boasberg's recent decision in *United States v. Ballenger*, Case No. 21-719 (JEB) (D.D.C. Dec. 3, 2025). In that opinion, Judge Boasberg held that January 6 defendants whose appeals were pending when President Donald J. Trump issued his pardons were entitled to the return of their assessments and restitution.

As the opinion explained:

> The Government needs a legal basis for taking and continuing to hold its citizens' property. Here, it was entitled to Defendants' assessments and restitution only because a judgment of this Court ordered Defendants to make those payments. . . . When that order was vacated, the legal basis for holding Defendants' money vanished. "[V]acated court orders are void *ab initio*," and so "the law acts as though the vacated order never occurred." *Hewitt v. United States*, 606 U.S. 419, 431 (2025). . . . After vacatur, then, the Government has no legal ground for keeping Defendants' money and must return it.

*Id.* at 4.

Indeed, as the Court went on to explain, the vacatur of a conviction for mootness, as was the case here, most commonly occurs when "a defendant is convicted, appeals, and dies while his appeal is pending." *Id.* Every circuit to have considered whether, under those circumstances, the government must return the penalties the defendant paid "has answered yes." *Id.* "Indeed, those

circuits' rationales for repaying the estates of deceased defendants . . . apply to repaying a defendant whose appeal was mooted by a pardon." *Id.* at 5. "Those circuits explain that when mootness prevents a conviction from being tested on appeal, courts cannot have enough confidence in it to let the Government keep any resulting penalties." *Id.*

In addition, Judge Boasberg rejected the suggestion made by other judges of this Court that the Appropriations Clause prevents the return of assessments and restitution.

> Title 31 U.S.C. § 1304 declares [that] "Necessary amounts are appropriated to pay final judgments" against the United States. That statute is an "act of Congress," *Knote [v. United States]*, 95 U.S. [149,] 154 [(1877)], authorizing money to be "drawn from the Treasury," U.S. Const. art. I, § 9, cl. 7 — so long as a party has an independent means of securing that judgment.

*Id.* at 7.

There is such an independent means here, consistent with longstanding practice "developed by English courts" that "traveled to the Colonies, and matured into a principle of equity repeatedly endorsed by the Supreme Court." *Id.* at 8. That is: "[w]hen a court orders one party to pay another and that judgment is reversed, the party who was deprived of his property 'is entitled . . . to be restored by his adversary to that which he has lost' because of the now-reversed judgment." *Id.* (quoting *Arkadelphia Milling Co. v. St. Louis Sw. Ry. Co.*, 249 U.S. 134, 145 (1919)). "The Supreme Court has found this rule 'so clearly consistent with the principles of equity' that its availability 'goes without saying.'" *Id.* (quoting *Arkadelphia*, 249 U.S. at 145).

In sum, "[b]ecause Defendants' convictions were vacated, they have a substantive right to get their money back." *Id.* at 10. "This Court can enforce that right by directing the United States to return Defendants' payments." *Id.* "When it does, the Court creates a valid judgment in favor of Defendants." *Id.* "And once that judgment exists, § 1304 authorizes the United States to pay it." *Id.* "The Appropriations Clause is therefore satisfied." *Id.*

For these reasons, Mr. Barnett is entitled to a refund of his restitution and special

assessment payments.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
COURTNEY MILLIAN
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500
courtney_millian@fd.org